UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 21  P 4: 46

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |  |
|---|---|---|
| CYCLE-CRAFT CO., INC. d/b/a | * | |
| BOSTON HARLEY-DAVIDSON/BUELL | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  04-11402-NMG |
| | * | |
| HARLEY-DAVIDSON MOTOR CO., INC. | * | |
| AND BUELL DISTRIBUTION CO., LLC | * | |
| Defendants. | * | |

## MOTION FOR PRELIMINARY INJUNCTION

NOW COMES Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft"),

by its undersigned counsel, and requests that this Court preliminarily enjoin defendants Harley-

Davidson Motor Co., Inc. and Buell Distribution Co., LLC (collectively, "Harley-Davidson"),

from terminating their respective motorcycle franchise Dealer Contracts ("Dealer Contracts")

with Cycle-Craft, pending adjudication of this matter on the merits.  In support of this motion,

Cycle-Craft says as follows:

1.      Cycle-Craft is a motorcycle dealer located in Everett, Massachusetts.  It has been a

franchisee of Harley-Davidson, authorized  to sell and service Harley-Davidson motorcycles

pursuant to a series of Dealer Contracts, since 1959.

2.      Cycle-Craft has been a franchisee of Buell Distribution Co., LLC or its predecessor

("Buell"), authorized to sell and service Buell motorcycles pursuant to a series of Buell Dealer

Contracts, since approximately 1994.

3.      Cycle-Craft entered into its most recent Dealer Contracts with Harley-Davidson and

Buell on September 19, 2000.

4.      By letter dated April 20, 2004, Harley-Davidson purported to terminate Cycle-Craft's

franchises with Harley-Davidson and Buell, effective June 22, 2004.   The sole purported reason

for the termination is that Harley-Davidson claims that 45 sales, out of approximately 2800 sales

for which Harley-Davidson reviewed records, do not comply with certain sales and reporting

policies.

5.      The franchise relationship between Harley-Davidson and Cycle-Craft is governed by

Mass. Gen. Laws ch. 93B.  MGL ch. 93B §5(a) prohibits the franchisor from terminating a

franchise contract "without good cause, in bad faith or in an arbitrary or unconscionable

manner."  Subsection 5(m) explicitly puts the burden of proof on the manufacturer to

demonstrate good cause.   Subsection 5(j) requires the Court to consider a number of factors in

determining whether that burden is met, including the dealer's ability to capture business

available to it, the level of service it provides to the public, and the extent and permanency of the

dealer's investment.  Any breaches by Cycle-Craft, if they exist, do not, weighed against all of

the statutory factors, constitute good cause.

6.      M.G.L. ch 93B §5(f) authorizes a dealer to seek an order permanently enjoining the

manufacturer from terminating the franchise relationship in violation of the statute.  A Complaint

seeking such a permanent injunction was filed by Cycle-Craft on June 18, 2004.

7.      M.G.L. ch 93B §5(g) authorizes this Court, pending a determination on the merits, to

"enjoin the effective date of the termination," "applying customary standards governing the

issuance of injunction relief in accordance with ... Federal Rules of Civil Procedure...."

8.      Under the "customary standards governing the issuance of injunctive relief in accordance

with ... Federal Rules of Civil Procedure," Cycle-Craft must demonstrate that it is likely to

2

succeed on the merits, that it will suffer irreparable harm absent an injunction and that the balance of equities and the public interest favor granting the injunction.

9.    As demonstrated in the accompanying Memorandum of Law, Cycle-Craft will suffer irreparable harm, in the form of the total destruction of its business, if the proposed termination is not enjoined pending a hearing on the merits.

10.    As demonstrated in the accompanying Memorandum of Law, Cycle-Craft is likely to succeed in permanently enjoining the attempted termination. As noted above, Harley-Davidson cannot meet its burden of showing good cause under the statute to terminate this franchise. As described in detail in the Memorandum of Law and accompanying declarations, the attempted termination is also arbitrary and in bad faith, since it demonstrates arbitrary and discriminatory enforcement of Harley-Davidson's policies. It is also a pretext to mask Harley-Davidson's agenda to dispense with Cycle-Craft, so as to clear the market for a new dealer that Harley-Davidson intends to appoint in the Danvers area.

11.    As demonstrated in the accompanying Memorandum of Law, the balance of equities overwhelmingly favors Cycle-Craft. If the requested injunction is not granted, a $ 10 million business will be lost and 60 individuals will lose their jobs. A state-of-the-art facility, which sits at the heart of a newly-revitalized commercial district in Everett, will stand idle. On the other hand, Harley-Davidson will not suffer any of damage whatsoever if the *status quo* is maintained, allowing the highly-successful Cycle-Craft dealership to continue operating as usual pending adjudication of this matter on the merits.

12.    As demonstrated in the accompanying Memorandum of Law and attached Declarations, Cycle-Craft is the sole Harley-Davidson dealer and service center in the greater Boston area. It is a frequent and generous contributor to a wide variety of charitable and civic organizations. It

3

regularly hosts community events. It sells and leases motorcycles to dozens of area police departments. Therefore, a preliminary injunction will serve the public interest by preserving the *status quo* and avoiding an unwarranted interruption in each of these highly beneficial aspects of Cycle-Craft's business.

13.     Beginning immediately upon Cycle-Craft's receipt of the termination letter, the principals of the parties have conferred in depth in accordance with M.G.L. ch. 93B §15(b). In addition, counsel have conferred in an attempt to resolve or narrow the issues raised in this motion as required by Local Rule 7.1(A)(2). They have not succeeded.

14.     Since Harley-Davidson has threatened to effect the termination on June 22, 2004, immediate and irreparable injury, loss, or damage will result to the plaintiff, in the form of the complete loss of its status as a going concern, if a preliminary injunction is not granted..

15.     Cycle-Craft submits a memorandum of law, the Declarations of John Atwood, Ronald Buchbaum, Kenneth McPhee and Jaime McGrath, with exhibits, in support of this Motion.

WHEREFORE, Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell requests that this Honorable Court:

A.    Preliminarily enjoin Harley-Davidson Motor Co., Inc. and Buell Distribution Co., LLC from terminating their respective franchise contracts with Cycle-Craft;

B.    Award Cycle-Craft its costs and attorneys' fees incurred in obtaining the injunction pursuant to Mass. Gen. Laws ch. 93B, §15(c); and

C.    Grant such other and further relief as may be just and equitable.

Respectfully submitted,

**CYCLE CRAFT CO., INC.**

By its attorneys,

James C. Rehnquist, BBO# 552602
Daniel P. Haley, BBO# 651172
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: June 21, 2004

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing has been forwarded this day, June 21, 2004, by hand to William N. Berkowitz, Esquire, Bingham McCutchen, LLP, 150 Federal Street, Boston, MA 02110-1726, counsel for the Defendants.

Daniel P. Haley, Esq.

5

LIBA/1387533.2