UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYCLE-CRAFT CO., INC. <br> d/b/a BOSTON HARLEY-DAVIDSON/BUELL, <br><br> Plaintiff, <br><br> v. <br><br> HARLEY-DAVIDSON MOTOR CO., INC. and <br> BUELL DISTRIBUTION CO., LLC, <br><br> Defendants. | CIVIL ACTION <br> NO. 04 11402 NMG |

## ANSWER OF DEFENDANTS HARLEY-DAVIDSON MOTOR CO., INC. AND BUELL DISTRIBUTION CO., LLC

Defendants Harley-Davidson Motor Co., Inc. and Buell Distribution Co., LLC, (collectively "Harley-Davidson") answer the Complaint and Jury Demand ("Complaint") of Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") in numbered paragraphs corresponding to those in the Complaint as follows:

1.  Harley-Davidson states that it gave Cycle-Craft notice of its intent to terminate the subject dealer contracts by letter dated April 20, 2004 and that the bases for termination are summarized therein. Harley-Davidson further states that Cycle-Craft falsified sales records and reports to Harley-Davidson and otherwise violated its dealer contracts, and that such actions constitute material violations of plaintiff's dealer contracts with Harley-Davidson and fully justify their termination. Except as so stated, Harley-Davidson denies the allegations in Paragraph 1 of the Complaint.

2. Harley-Davidson states that Chapter 93B of the Massachusetts General Laws speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 2 of the Complaint.

3. Harley-Davidson admits the allegations in Paragraph 3 of the Complaint.

4. Harley-Davidson admits the allegations in Paragraph 4 of the Complaint.

5. Harley-Davidson admits the allegations in Paragraph 5 of the Complaint.

6. Harley-Davidson admits the allegations in Paragraph 6 of the Complaint.

7. Harley-Davidson admits that the Court has personal jurisdiction over the defendants and that the defendants have transacted substantial business in Massachusetts. Except as so stated, Harley-Davidson denies the allegations in Paragraph 7 of the Complaint.

8. Harley-Davidson admits the allegations in Paragraph 8 of the Complaint.

9. Harley-Davidson admits the allegations in Paragraph 9 of the Complaint.

10. Harley-Davidson admits that Cycle-Craft has been a dealer of Buell Distribution Co., LLC, a sister company of Harley-Davidson, and has sold and serviced Buell motorcycles under separate Dealer Contracts with Buell or its predecessors since approximately 1994. Except as so stated, Harley-Davidson denies the allegations in Paragraph 10 of the Complaint.

11. Harley-Davidson admits that its contract with Cycle-Craft contains a cross-termination provision, which provision speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 11 of the Complaint.

12. Harley-Davidson lacks information or knowledge sufficient to respond to the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Harley-Davidson admits that the most recent Dealer Contracts with Harley-Davidson and with Buell's predecessor were executed on or about September 19, 2000 with

subsequent amendments. Except as so stated, Harley-Davidson denies the allegations in Paragraph 13 of the Complaint.

14. Harley-Davidson admits that Cycle-Craft has been among the top ten percent of Harley-Davidson dealers nationwide in sales. Except as so stated, Harley-Davidson denies the allegations in Paragraph 14 of the Complaint.

15. Harley-Davidson admits Cycle-Craft has been a recipient of the Bronze Bar and Shield award. The Bar and Shield awards are conferred on dealers based on certain performance criteria. The Gold Bar and Shield award is given to the first tier of top dealers, the Silver Bar and Shield award is given to the second tier of top dealers and the Bronze Bar and Shield award is given to the third tier of top dealers. Except as so stated, Harley-Davidson denies the allegations in Paragraph 15 of the Complaint.

16. Harley-Davidson admits that Cycle-Craft has received the Pegasus award. The Pegasus award is conferred on dealers based on certain performance criteria. Except as so stated, Harley-Davidson denies the allegations in Paragraph 16 of the Complaint.

17. Harley-Davidson denies that only the top 30 dealers were invited to participate in the dealer incentive trip. Harley-Davidson admits that the plaintiff's dealer principal was not permitted to participate in the dealer incentive program trip due to the matters set forth in Harley-Davidson's April 20, 2004 letters, which speak for themselves, and the plaintiff's prospective termination as an authorized dealer. Except as so stated, Harley-Davidson denies the allegations in Paragraph 17 of the Complaint.

18. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 18 of the Complaint, and therefore denies the same.

19. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 19 of the Complaint, and therefore denies the same.

20. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 20 of the Complaint, and therefore denies the same.

21. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 21 of the Complaint, and therefore denies the same.

22. Harley-Davidson states that its 1997 Annual Report speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 22 of the Complaint.

23. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 23 of the Complaint, and therefore denies the same.

24. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 24 of the Complaint, and therefore denies the same.

25. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 25 of the Complaint, and therefore denies the same.

26. Harley-Davidson admits that it sent a letter dated April 20, 2004 to Cycle-Craft which letter speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 26 of the Complaint.

27. Harley-Davidson realleges and incorporates the allegations in the preceding paragraphs as if fully stated herein.

28. Harley-Davidson states that the allegations in Paragraph 28 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a response is required, Harley Davidson states that the franchise relationship between Harley-Davidson and Cycle-Craft is governed by the dealer contracts between the parties together with applicable law.

Except as so stated, Harley-Davidson denies the allegations contained in Paragraph 28 of the Complaint.

29. Harley-Davidson states that Mass. Gen. Laws c. 93B, § 5(a) speaks for itself. Except as so stated, Harley-Davidson denies the allegations contained in Paragraph 29 of the Complaint.

30. Harley-Davidson denies the allegations in Paragraph 30 of the Complaint.

31. Harley-Davidson denies the allegations in the first sentence of Paragraph 31 of the Complaint. As to the second sentence of Paragraph 31, Harley-Davidson states that Subsection 5(m) speaks for itself; except as so stated, Harley-Davidson denies the allegations in the second sentence of Paragraph 31 of the Complaint.

32. Harley-Davidson states that Mass. Gen. Laws c.93B, §5(j) speaks for itself. Except as so stated, Harley-Davidson denies the allegations of Paragraph 32 of the Complaint.

33. Harley-Davidson denies that Cycle-Craft's breaches were *de minimus*. Harley-Davidson states that Cycle-Craft falsified sales records and reports to Harley-Davidson and otherwise violated its dealer contracts with Harley-Davidson. Harley-Davidson further states that such actions constitute material violations of plaintiff's dealer contracts with Harley-Davidson, and that there is good cause for termination of such dealer contracts. Harley-Davidson denies that Cycle-Craft is "the exclusive dealer" in the Boston area. Except as so stated, Harley-Davidson states that Paragraph 33 of the Complaint contains legal conclusions to which no responsive pleading is required; to the extent a response is required, Harley-Davidson denies these allegations. As to the remaining allegations of Paragraph 33, Harley-Davidson states that it lacks information or knowledge sufficient to respond, and therefore denies the same.

34. Harley-Davidson denies the allegations in Paragraph 34 of the Complaint.

35. Harley-Davidson denies the allegations in Paragraph 35 of the Complaint.

36. Harley-Davidson denies the allegations in Paragraph 36 of the Complaint.

37. Harley-Davidson admits the allegations in Paragraph 37 of the Complaint.

38. Harley-Davidson states that the allegations in Paragraph 38 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a response is required, Harley-Davidson denies the allegations in Paragraph 38 of the Complaint. Moreover, Paragraph 38 is rendered moot by the Stipulation and Order filed jointly by the parties in this action on or about June 28, 2004.

39. Harley-Davidson denies the allegations in Paragraph 39 of the Complaint.

40. Harley-Davidson denies the allegations in Paragraph 40 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Cycle-Craft's claims are barred by the doctrine of unclean hands.

3. Cycle-Craft's claims are barred by virtue of its own material violations of its dealer contracts with Harley-Davidson.

LITDOCS/559348.2

WHEREFORE, Harley-Davidson respectfully requests that judgment enter in its favor and against Cycle-Craft, that the action be dismissed, that Harley-Davidson be awarded its costs and reasonable attorneys' fees to the extent recoverable under applicable law, together with such other further relief as the Court deems appropriate.

**Harley-Davidson Motor Co., Inc.,**
**and Buell Distribution Co., LLC**

By their attorneys,

_____
William N. Berkowitz, BBO# 544148
Sabita Singh, BBO# 560146
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Fx: (617) 951-8736

Dated: July 12, 2004