UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYCLE-CRAFT CO., INC. d/b/a ) <br> BOSTON HARLEY-DAVIDSON/BUELL, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> HARLEY-DAVIDSON MOTOR COMPANY, INC. ) <br> and BUELL DISTRIBUTION COMPANY, LLC, ) <br>  ) <br> Defendants. ) | CIVIL ACTION <br> NO. 04 11402 NMG |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") submits this motion for leave to amend its Complaint pursuant to Fed. R. Civ. P. 15(a) and the September 30, 2004 Scheduling Order. The Amended Complaint is attached hereto as Exhibit 1. As grounds therefore plaintiff states:

1. In plaintiff's original Complaint, filed on June 18, 2004, plaintiff alleged a violation of M.G.L. Chapter 93B § 5 arising out of defendant's improper intended termination of the franchise agreement alleging the termination was without good cause, in bad faith, and arbitrary and unconscionable. The Amended Complaint, relying on almost the exact same basic set of factual allegations, adds two new claims: breach of contract and breach of the covenant of good faith and fair dealing.

2. The Joint Statement filed by the parties on September 24, 2004 and the scheduling order generated therefrom, approved by the Court and entered as an Order on September 30,

2004, allow for amendments to the pleadings to be made by October 31, 2004. This motion is timely under that schedule.

    3.    There has been no undue delay in the amendment of the original Complaint, and there would be no prejudice to the defendants if the court were to grant this motion because this amendment does not impact any discovery deadlines or any other scheduled dates in this case.

    4.    Federal Rule of Civil Procedure 15(a) "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also, Savoy v. White*, 139 F.R.D. 265, 267 (D. Mass. 1991). "Rule 15(a) outlines a very liberal policy of allowing amendments." *Abrazinski v. Dubois*, 876 F. Supp. 313, 321 (D. Mass. 1995). A request to amend should not be denied unless the court finds bad faith, undue delay or prejudice. *Id.* None of these reasons is present in this case.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that their motion for leave to amend the complaint be allowed.

    Respectfully submitted,

    CYCLE-CRAFT CO., INC. d/b/a
    BOSTON HARLEY-DAVIDSON/BUELL

    By their attorneys,

    /s/ Angela Buchanan Smagula_____
    James C. Rehnquist, BBO#552602
    Angela Buchanan Smagula, BBO#643764
    GOODWIN PROCTER LLP
    Exchange Place
    Boston, MA 02109
    Ph: (617) 570-1000
    Fx: (617) 523-1231

Dated: October 29, 2004

## LOCAL RULE 7.1(A)(2) CERTIFICATE

    The undersigned certifies pursuant to Local Rule 7.1(A)(2), that the moving party has conferred with opposing counsel on the matters set forth in the foregoing motion and therefore report that Harley-Davidson has neither affirmatively assented to or objected to this motion.


                                       /s/  Angela B. Smagula

                                       Angela B. Smagula


LIBA/1425793.2