UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                        )
CYCLE-CRAFT CO., INC.                   )
d/b/a BOSTON HARLEY-DAVIDSON/BUELL,     )
                                        )
                Plaintiff,              )
                                        )
v.                                      )   CIVIL ACTION
                                        )   NO. 04 11402 NMG
HARLEY-DAVIDSON MOTOR COMPANY, INC.)
and BUELL DISTRIBUTION COMPANY, LLC,    )
                                        )
                Defendants.             )
_____ )
```

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE JURY DEMAND**

This case arises out of the notice of termination sent by Defendants Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively "Harley-Davidson") to the motorcycle dealership of Cycle-Craft Co., Inc., d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft"), due to the dealer's falsification of its sales reports to Harley-Davidson. After an audit, Harley-Davidson discovered that Cycle-Craft had reported the sale of 28 motorcycles as retail sales, when in fact, the sales were made to other commercial entities. Additionally, Cycle-Craft had reported the sale of 17 motorcycles to its own employees and their families and friends, when in fact those sales never took place. After Harley-Davidson gave notice of termination, Cycle-Craft brought this action alleging a single count, wrongful termination under G.L. c. 93B, and seeking injunctive relief. In its proposed Amended Complaint, Cycle-Craft added counts for breach of contract and breach of the covenant of good faith and fair dealing, based on the same facts alleged in the G.L. c. 93B count, and sought damages. As there is no right to jury trial in G.L. c. 93B cases, Harley-Davidson moves to strike the jury demand of Cycle-Craft.

## ARGUMENT

**I.     THERE IS NO RIGHT TO TRIAL BY JURY ON CYCLE-CRAFT'S CLAIM UNDER GENERAL LAW CHAPTER 93B.**

Nearly twenty years ago, the First Circuit noted that there was no right to trial by jury in claims brought pursuant to G.L. c. 93B. *See Wallace Motor Sales, Inc. v. American Motors Sales Corp.*, 780 F.2d 1049, 1052 n. 1 (1st Cir. 1985) ("there being no right to a jury trial under chapter 93A and B, it was for him to decide *both* whether the statute had been violated *and* what kind of relief was warranted") (emphasis in original).  This Court has also previously ruled that a jury trial was not available under G.L. c. 93B. *See Gallo Motor Center Corp. v. Mazda Motor of America, Inc.*, 172 F.Supp.2d 292, 295 (D. Mass. 2001) (Gorton, J.) (ruling that dealer was not entitled to jury trial under G.L. c. 93B).  While the statute has been amended since the *Wallace* and *Gallo* decisions, none of the amendments created a jury trial right. S*ee* 2002 Mass. Acts c. 222, § 2.  *See also Manchester School District v. Crisman*, 306 F.3d 1, 12 (1st Cir. 2002) (legislature is presumed to have been cognizant of judicial interpretations of statute and to have adopted those interpretations, absent any change to statute contradicting same).

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions."  *Gallagher v. Wilton Enters.*, 962 F.2d 120, 122 (1st Cir. 1992).  "The touchstone of the inquiry is the Seventh Amendment, which, while it does not apply to state court proceedings, nonetheless controls when a federal court is enlisted to adjudicate a claim brought pursuant to a state's substantive law." *Id.*  "A federal court must look first to state law to determine the elements of the cause of action and the propriety of the remedies sought.  This done, the court should turn to federal law to 'characterize' the action and remedies as either legal or equitable." *Id.*

In *Nei v. Burley*, 388 Mass. 307 (1983), the Massachusetts Supreme Judicial Court held that G.L. c. 93A, a statute similar to G.L. c. 93B, created new substantive rights and that, absent an explicit grant of a right to trial by jury, included no implicit right to a jury trial. Like G.L. c. 93A, G.L. c. 93B contains multiple references to the "court," suggesting that a judge and not a jury was contemplated. *See Nei, supra*, at 677. *See also* G.L. c. 93B, § 5(g) ("[t]he *court* shall have authority . . . . Pending a decision by the *court* . . . .") (emphasis added) and G.L. c. 93B, § 5(j) ("the *court* shall consider all pertinent circumstances . . . .") (emphasis added). Like G.L. c. 93A, G.L. c. 93B grants "full authority to the courts to use their traditional equity power to fashion decrees to remedy the wrong complained of and to make the decree effective." *Nei, supra*, at 678. *See* G.L. c. 93B, § 5(g) ("court shall have authority, applying customary standards governing the issuance of injunctive relief . . . to enjoin the effective date of the termination or nonrenewal or to enjoin the implementation of a renewal franchise agreement . . . ."). Like G.L. c. 93A, G.L. c. 93B creates new substantive rights in which conduct previously lawful under common and statutory law were made unlawful as unfair methods of competition and unfair or deceptive acts or practices. *Nei, supra*, at 314-315. *See* G.L. c. 93B, §§ 3-4 (defining unfair methods of competition and unfair or deceptive acts or practices).

Thus, an action under G.L. c. 93B is an equitable claim with no historical basis for providing a jury trial right. As G.L. c. 93B grants no explicit right to trial by jury, one should not be implied. *See Nei, supra*, at 314 ("The court should therefore be hesitant to imply a right to a jury trial for the sui generis causes of action for unfair or deceptive practices in the absence of legislative direction").

## II.  EVEN IF CYCLE-CRAFT HAS A RIGHT TO TRIAL BY JURY ON ITS REMAINING CLAIMS, ITS 93B CLAIM SHOULD NOT BE TRIED BY JURY.

Cycle-Craft has moved to amend its Complaint to add counts for breach of contract and breach of the covenant of good faith and fair dealing and to request damages.  Whether or not Cycle-Craft is entitled to a jury on these claims, if they survive to trial, it is not entitled to a jury on its G.L. c. 93B claim.  Joining a legal claim with an equitable claim does not give the plaintiff a right to a trial by jury on the equitable claim.  *See Wallace Motor Sales, Inc.*, 780 F.2d at 1067 (holding that joining of 93B claim with jury claims did not convert 93B claim into suit at common law); *In re Evangelist*, 760 F.2d 27, 32 (1st Cir. 1985) (court rejected plaintiff's claim to jury trial on equitable claim based on existence of legal claims in complaint).

At most, it gives the plaintiff a right to have the jury decide common issues of fact.  *Id.*  An issue which goes to the equitable claim only and is not common with any of the legal claims to be tried by the jury should be reserved for the court.  *Id.*  It is not enough to allege that the legal and equitable claims arise from the same set of facts; unless an equitable issue is common to an issue in one of the legal claims, it should not be tried by a jury.  *See Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 62 (1st Cir. 2003) (court rejected plaintiff's argument that legal and equitable claims were so "interwoven" such that she was entitled to a jury on all claims).

In G.L. c. 93B cases that are tried with legal claims, courts typically try the legal claims to a jury and the G.L. c. 93B claim to the court.  *See Wallace Motor Sales, Inc.*, 780 F.2d at 1052 (common law claims tried to jury while G.L. c. 93B claim tried to court); *Gallo Motor Center Corp.*, 172 F.Supp.2d at 295-296 (common law claims assigned to jury while G.L. c. 93A and G.L. c. 93B claims reserved for court); *Lundgren v. American Honda Motor Co.*, 1994 WL 879478 (Mass. Super. 1994) (Fremont Smith, J.) (G.L. c. 93B claim to tried by court and

-4-

-5-

remaining legal claims bifurcated for subsequent possible trial).  Thus, whether or not Cycle-Craft has legal claims joined with its G.L. c. 93B claim at trial, Cycle-Craft has no right to a trial by jury of its  G.L. c. 93B claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's jury demand should be stricken from the Complaint and Plaintiff's G.L. c. 93B claim should be tried by this Court and not by a jury.

**HARLEY-DAVIDSON MOTOR COMPANY, INC., and BUELL DISTRIBUTION COMPANY, LLC**

By their attorneys,


/s/ Sabita Singh
_____
William N. Berkowitz, BBO# 544148
Sabita Singh, BBO# 560146
William F. Benson, BBO# 646808
**BINGHAM McCUTCHEN LLP**
150 Federal Street
Boston, MA  02110
(617) 951-8000