United States District Court
District of Massachusetts

| | |
|---|---|
| CYCLE-CRAFT CO., INC., d/b/a<br>BOSTON HARLEY-DAVIDSON/BUELL,<br><br>    Plaintiff,<br><br>    v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY,<br>INC. and BUELL DISTRIBUTION<br>COMPANY, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)  04-11402-NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM & ORDER**

GORTON, J.

In the instant dispute, plaintiff, Cycle-Craft Co., Inc., d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft"), alleges that its motorcycle dealership was wrongfully terminated by the defendants in violation of M.G.L. c. 93B. Currently pending are the parties' Joint Motion to Amend the Scheduling Order (Docket No. 19), plaintiff's Motion for Leave to Amend the Complaint (Docket No. 21) and defendants' Motion to Strike Plaintiff's Jury Demand (Docket No. 25).[1]

Given the procedural nature of the issues before the Court, a recitation of the facts is unnecessary. Plaintiff's Motion for

---

[1] Defendants' Motion for a Protective Order is also pending but will not be addressed because the parties have informed the Court that they have reached an agreement with respect to it.

Leave to Amend the Complaint is unopposed and will be allowed. Likewise, the parties' Joint Motion to Amend the Scheduling Order will be allowed.

Finally, defendants' Motion to Strike Plaintiff's Jury Demand with respect to the M.G.L. c. 93B claim will be allowed. Notwithstanding plaintiff's creative arguments to the contrary, this Court declines to depart from its holding in <u>Gallo Motor Center Corp.</u> v. <u>Mazda Motor of America, Inc.</u>, 172 F.Supp.2d 292 (D.Mass. 2001) or from <u>Wallace Motor Sales, Inc.</u> v. <u>American Motors Sales Corporation</u>, 780 F.2d 1049 (1st Cir. 1985), which held that there is no right to a jury trial on a Chapter 93B claim.

Plaintiff cites no authority to the contrary, instead advancing the vague argument that the issues raised by its Chapter 93B claim are "unambiguously similar to those in common-law contract cases". As defendants point out, however, a Chapter 93B claim is not a contract claim. The two claims are distinct: it is possible to prevail on one and falter on the other under a common set of facts because the two require different elements and offer different remedies. Plaintiff will have a jury trial on all claims as to which it is so entitled (i.e. common law claims), but not on its Chapter 93B claim. Accordingly, defendants' motion will be allowed.

**ORDER**

In accordance with the foregoing:

1. the parties' Joint Motion to Amend the Scheduling Order (Docket No. 19) is **ALLOWED**;

2. plaintiff's Motion for Leave to Amend the Complaint (Docket No. 21) is **ALLOWED**; and

3. defendants' Motion to Strike Plaintiff's Jury Demand with respect to the Chapter 93B claim (Docket No. 25) is **ALLOWED**.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated June 13, 2005