UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>Defendants. | CIVIL ACTION<br>NO. 04 11402 NMG |

## STIPULATION AND ORDER

The parties to the captioned matter agree, and the Court hereby ORDERS as follows:

1. Defendants shall withdraw, without prejudice or waiver of objections, their pending Motion for Protective Order as to Plaintiff's November 11, 2004 Notice of Deposition pursuant to Rule 30(b)(6) ("the 30(b)(6) Deposition").

2. Subject to the terms hereof, the 30(b)(6) Deposition shall be (a) limited in geographic scope to Harley-Davidson's Northeast Region; and (b) limited to the time period from April 1, 2002 to the present. Harley-Davidson agrees to produce a witness or witnesses prepared to testify about topics 9 through 13 in Plaintiff's 30(b)(6) Notice.

3. Notwithstanding the limitations set forth in Paragraph 2 hereof, Harley-Davidson's Rule 30(b)(6) witness(es) will be prepared to testify regarding the extent to which Harley-Davidson's practices and procedures in the Northeast Region since April 1, 2002 are generally consistent with, and representative of, its practices and procedures in other geographic areas and in the nation as a whole, since at least July, 1998.

LITDOCS/591116.1

4.     Any further discovery by Plaintiff of Harley-Davidson concerning Harley-Davidson dealers other than Plaintiff will be similarly limited to the geographic and temporal boundaries described above. Information concerning other dealers will be subject to the Agreement Governing Discovery and the Protection of Confidential Information between the parties herein.

5.     Depositions of employees of Defendants will take place in the city where they regularly work and reside.

6.     The parties reserve the right to seek judicial modification of this Stipulation and Order based upon newly discovered information, change in circumstances, or other good cause shown. Plaintiff specifically reserves the right to seek judicial modification in the event that the regional and temporal limitations set forth above unduly limit its ability to obtain representative information concerning Harley-Davidson practices. Both parties further reserve all objections previously made in response to discovery requests.

7.     The Scheduling Order herein is amended as follows:

| | |
|---|---|
| May 31, 2005 | Completion of fact discovery |
| June 7, 2005 | Initial expert disclosures exchanged |
| July 5, 2005 | Responsive expert disclosures exchanged |
| July 31, 2005 | Completion of expert discovery |
| August 15, 2005 | Dispositive motions filed |

8.     The Final Pretrial Conference and Trial shall remain as presently scheduled on September 13, 2005 and October 3, 2005, respectively.

3

| Cycle-Craft Co., Inc. d/b/a<br>Boston Harley-Davidson/Buell | Harley-Davidson Motor Company, Inc.,<br>and Buell Distribution Company, LLC |
|---|---|
| By their attorneys, | By their attorneys, |
| /s/ James C. Rehnquist | /s/ Sabita Singh |
| James C. Rehnquist, BBO#552602<br>Angela Buchanan Smagula, BBO#643764<br>Christopher C. Nee, BBO# 651472<br>GOODWIN PROCTER LLP<br>Exchange Place<br>Boston, MA 02109<br>Ph: (617) 570-1000<br>Fx: (617) 523-1231 | William N. Berkowitz, BBO#544148<br>Sabita Singh, BBO#560146<br>William F. Benson, BBO# 646808<br>BINGHAM MCCUTCHEN LLP<br>150 Federal Street<br>Boston, MA 02110<br>Ph: (617) 951-8000<br>Fx: (617) 951-8736 |

**SO ORDERED:**

_/s/ Nathaniel M. Gorton_  6/17/05
Judge Nathaniel M. Gorton