UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>    Plaintiff,<br><br>        v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>    Defendants. | CIVIL ACTION<br>NO. 04 11402 NMG |

### AMENDED ANSWER OF DEFENDANTS HARLEY-DAVIDSON MOTOR COMPANY, INC. AND BUELL DISTRIBUTION COMPANY, LLC

Defendants Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC, (collectively "Harley-Davidson") answer the Amended Complaint and Jury Demand ("Amended Complaint") of Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") in numbered paragraphs corresponding to those in the Amended Complaint as follows:

1.      Harley-Davidson states that it gave Cycle-Craft notice of its intent to terminate the subject Motorcycle Dealer Contracts ("Dealer Contracts") by letters dated April 20, 2004 and that the bases for termination are summarized therein. Harley-Davidson further states that Cycle-Craft falsified sales records and reports to Harley-Davidson and otherwise violated its Dealer Contracts, and that such actions constitute material violations of plaintiff's Dealer Contracts with Harley-Davidson and fully justify their termination. Except as so stated, Harley-Davidson denies the allegations in Paragraph 1 of the Amended Complaint.

2. Harley-Davidson states that Chapter 93B of the Massachusetts General Laws speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 2 of the Amended Complaint.

3. Harley-Davidson states that the contract with Cycle-Craft speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 3 of the Amended Complaint.

4. Harley-Davidson admits the allegations in Paragraph 4 of the Amended Complaint.

5. Harley-Davidson admits the allegations in Paragraph 5 of the Amended Complaint.

6. Harley-Davidson admits the allegations in Paragraph 6 of the Amended Complaint.

7. Harley-Davidson admits the allegations in Paragraph 7 of the Amended Complaint.

8. Harley-Davidson admits that the Court has personal jurisdiction over the defendants and that the defendants have transacted substantial business in Massachusetts. Except as so stated, Harley-Davidson denies the allegations in Paragraph 8 of the Amended Complaint.

9. Harley-Davidson admits the allegations in Paragraph 9 of the Amended Complaint.

10. Harley-Davidson admits the allegations in Paragraph 10 of the Amended Complaint.

11. Harley-Davidson admits that Cycle-Craft has been a dealer of Buell Distribution Co., LLC, a sister company of Harley-Davidson, and has sold and serviced Buell motorcycles under separate dealer contracts with Buell or its predecessors since approximately 1994. Except as so stated, Harley-Davidson denies the allegations in Paragraph 11 of the Amended Complaint.

12. Harley-Davidson admits that its contract with Cycle-Craft contains a cross-termination provision, which provision speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 12 of the Amended Complaint.

13. Harley-Davidson lacks information or knowledge sufficient to respond to the allegations in Paragraph 13 of the Amended Complaint, and therefore denies the same.

14. Harley-Davidson admits that the most recent Dealer Contracts with Harley-Davidson and with Buell's predecessor were executed on or about September 19, 2000 with subsequent amendments. Except as so stated, Harley-Davidson denies the allegations in Paragraph 14 of the Amended Complaint.

15. Harley-Davidson lacks information or knowledge sufficient to respond to the allegations in Paragraph 15 of the Amended Complaint, and therefore denies the same. .

16. Harley-Davidson admits Cycle-Craft has been a recipient of the Bronze Bar and Shield award. Except as so stated, Harley-Davidson denies the allegations in Paragraph 16 of the Amended Complaint.

17. Harley-Davidson admits that Cycle-Craft has received the Pegasus award. Except as so stated, Harley-Davidson denies the allegations in Paragraph 17 of the Amended Complaint.

18. Harley-Davidson states that the plaintiff's dealer principal was invited to come on the referenced trip. Except as so stated, Harley-Davidson denies the allegations in Paragraph 18 of the Amended Complaint.

19. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 19 of the Amended Complaint, and therefore denies the same.

20. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 20 of the Amended Complaint, and therefore denies the same.

21. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 21 of the Amended Complaint, and therefore denies the same.

22. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 22 of the Amended Complaint, and therefore denies the same.

23. Harley-Davidson states that its 1997 Annual Report speaks for itself. Except as so stated, Harley-Davidson denies the allegations in Paragraph 23 of the Amended Complaint.

24. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 24 of the Amended Complaint, and therefore denies the same.

25. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 25 of the Amended Complaint, and therefore denies the same.

26. Harley-Davidson lacks information or knowledge sufficient to respond to Paragraph 26 of the Amended Complaint, and therefore denies the same.

27. Harley-Davidson admits that it sent letters dated April 20, 2004 to Cycle-Craft which letters speak for themselves. Except as so stated, Harley-Davidson denies the allegations in Paragraph 27 of the Amended Complaint.

28. Harley-Davidson realleges and incorporates the allegations in the preceding paragraphs as if fully stated herein.

29. Harley-Davidson states that the business relationship between Harley-Davidson and Cycle-Craft is subject to G.L. c. 93B. Except as so stated, Harley-Davidson denies the allegations contained in Paragraph 29 of the Amended Complaint.

30. Harley-Davidson states that Mass. Gen. Laws c. 93B, § 5(a) speaks for itself. Except as so stated, Harley-Davidson denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Harley-Davidson denies the allegations in Paragraph 31 of the Amended Complaint.

32. Harley-Davidson denies the allegations in the first sentence of Paragraph 32 of the Amended Complaint. As to the second sentence of Paragraph 32, Harley-Davidson states that Subsection 5(m) speaks for itself; except as so stated, Harley-Davidson denies the allegations in the second sentence of Paragraph 32 of the Amended Complaint.

33. Harley-Davidson states that Mass. Gen. Laws c.93B, §5(j) speaks for itself. Except as so stated, Harley-Davidson denies the allegations of Paragraph 33 of the Amended Complaint.

34. Harley-Davidson denies the first sentence of paragraph 34 and further denies that Cycle-Craft's breaches were *de minimus*. Harley-Davidson states that Cycle-Craft falsified sales records and reports to Harley-Davidson and otherwise violated its Dealer Contracts with Harley-Davidson. Harley-Davidson further states that such actions constitute material violations of plaintiff's Dealer Contracts with Harley-Davidson, and that there is good cause for termination of such Dealer Contracts. Harley-Davidson denies that Cycle-Craft is "the exclusive dealer" in the Boston area. Except as so stated, Harley-Davidson states that Paragraph 34 of the Amended Complaint contains legal conclusions to which no responsive pleading is required; to the extent a

response is required, Harley-Davidson denies these allegations. As to the remaining allegations of Paragraph 34, Harley-Davidson states that it lacks information or knowledge sufficient to respond, and therefore denies the same.

35.  Harley-Davidson denies the allegations in Paragraph 35 of the Amended Complaint.

36.  Harley-Davidson denies the allegations in Paragraph 36 of the Amended Complaint.

37.  Harley-Davidson denies the allegations in Paragraph 37 of the Amended Complaint.

38.  Harley-Davidson admits the allegations in Paragraph 38 of the Amended Complaint.

39.  Harley-Davidson states that the allegations in Paragraph 39 of the Amended Complaint are legal conclusions to which no responsive pleading is required. To the extent a response is required, Harley-Davidson denies the allegations in Paragraph 39 of the Amended Complaint. Moreover, Paragraph 39 is rendered moot by the Stipulation and Order filed jointly by the parties in this action on or about June 28, 2004.

40.  Harley-Davidson denies the allegations in Paragraph 40 of the Amended Complaint.

41.  Harley-Davidson denies the allegations in Paragraph 41 of the Amended Complaint.

42.  Harley-Davidson realleges and incorporates the allegations in the preceding paragraphs as if fully stated herein.

43. Harley-Davidson admits that it entered into valid and binding dealer contracts with Cycle-Craft on or about September 19, 2000, which contracts speak for themselves. Except as so stated, Harley-Davidson denies the allegations in Paragraph 43 of the Amended Complaint.

44. Harley-Davidson denies the allegations in Paragraph 44 of the Amended Complaint.

45. Harley-Davidson denies the allegations in Paragraph 45 of the Amended Complaint.

46. Harley-Davidson denies the allegations in Paragraph 46 of the Amended Complaint.

47. Harley-Davidson realleges and incorporates the allegations in the preceding paragraphs as if fully stated herein.

48. Harley-Davidson states that the allegations in Paragraph 48 of the Amended Complaint are legal conclusions to which no responsive pleading is required. Except as so stated, Harley-Davidson denies the allegations contained in Paragraph 48 of the Amended Complaint.

49. Harley-Davidson denies the allegations in Paragraph 49 of the Amended Complaint.

50. Harley-Davidson denies the allegations in Paragraph 50 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

1. The Amended Complaint fails to state a claim upon which relief may be granted.

2. Cycle-Craft's claims are barred by the doctrine of unclean hands.

3. Cycle-Craft's claims are barred by virtue of its own material violations of its Dealer Contracts, including any implied contracts, with Harley-Davidson.

4. Cycle-Craft's claim alleges conduct which is authorized under the terms of the Dealer Contracts with Harley-Davidson.

5. Cycle-Craft has failed to mitigate any claimed harm and/or damages.

6. Any harm suffered by Cycle-Craft resulted from its own acts or omissions or those of third parties for whom Harley-Davidson are not responsible.

WHEREFORE, Harley-Davidson respectfully requests that judgment enter in its favor and against Cycle-Craft, that the action be dismissed, that Harley-Davidson be awarded its costs and reasonable attorneys' fees to the extent recoverable under applicable law, together with such other further relief as the Court deems appropriate.

**Harley-Davidson Motor Company, Inc., and Buell Distribution Company, LLC**

By their attorneys,

/s/ SABITA SINGH
_____
William N. Berkowitz, BBO# 544148
Sabita Singh, BBO# 560146
William F. Benson, BBO# 646808
BINGHAM MCCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Fx: (617) 951-8736

Dated: June 30, 2005

CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first-class mail on June 30, 2005.

                         /s/ Sabita Singh

                         Sabita Singh