# TAB S



**Harley-Davidson Motor Company,** 3700 West Juneau Ave., PO Box 653, Milwaukee, WI 53201   414/342-4680

---

April 20, 2004

<u>BY CERTIFIED MAIL – RETURN RECEIPT REQUIRED</u>

Cycle-Craft Co., Inc.
1760 Revere Beach Parkway
Everett, MA 02149
Attention: John F. Atwood, President and Dealer Operator

Re:   *Notice of Dealer Contract Termination*

Dear Mr. Atwood:

This is to notify you that the September 19, 2000 Dealer Contract between Cycle-Craft Co., Inc. ("Cycle-Craft") and Harley-Davidson Motor Company ("Harley-Davidson") is hereby terminated effective sixty days from the date of your receipt of this letter, pursuant to Sections M.4 and M.6 of the General Conditions of that Contract. You are further notified that Cycle-Craft's Dealer Contract of same date for the sale of Buell Products will also terminate at that time pursuant to Section N.3 of that Contract and for the reasons set forth herein. As summarized herein, termination of the Dealer Contracts is based upon: (1) Cycle-Craft's repeated submission of false sales reports and information to Harley-Davidson; (2) Cycle-Craft's repeated sale of Harley Davidson Products to non-retail purchasers; and (3) Cycle-Craft's failure to complete and maintain pre-delivery inspection reports and sales and warranty registration forms for new motorcycles sold by the dealership, each instance of which constitutes a direct and material violation Cycle-Craft's contractual obligations to Harley-Davidson.

As you know, Harley-Davidson recently completed an inspection of certain Cycle-Craft sales records in accordance with Section J.6 of the General Conditions of the Harley-Davidson Dealer Contract ("Dealer Contract"). The results of this audit are set forth under separate cover to you dated April 19, 2004, a copy of which is enclosed herewith and incorporated by reference. The audit revealed numerous instances in which Cycle-Craft falsely reported the identity of the purchaser, the date of the purchase, and/or other information, including designating the sale as retail. Specifically, retail sales were reported by Cycle-Craft before they actually occurred and under false names. In a number of instances, Cycle-Craft used names of employees and/or their family members, falsely reporting sales to such individuals. Moreover, a substantial number of Cycle-Craft sales were falsely reported as having been made to retail customers, when in fact they were made to wholesalers and/or unauthorized dealers. Finally, our review of Cycle-Craft records during the audit showed that numerous customer files did not contain proper records of pre-delivery inspection and/or sales and warranty registration forms for new motorcycle sales.

Cycle-Craft Co., Inc.
April 19, 2004
Page 2

Cycle-Craft's conduct violates core Harley-Davidson values, and hence, core provisions of the Dealer Contract. Section A of the General Conditions of that Contract identifies its "Purposes and Objectives" – namely, to sell and service Harley-Davidson Products in a manner consistent with the company's Values, Issues, Vision and Mission. The first-listed Harley-Davidson Value is: "Tell the Truth." From Cycle-Craft's conduct, it is clear that it does not share this value, and has repeatedly violated this fundamental covenant of the Dealer Contract.

The Dealer Contract General Conditions further provide (Section J.2) that "Dealer will cooperate with Seller in furnishing inventory, retail sales and other statistical reports as may reasonably be requested by Seller from time to time." By falsifying its sales reports to Harley-Davidson, Cycle-Craft has plainly failed to cooperate in the provision of this information, and has otherwise violated Section F.7 of the General Conditions and related Harley-Davidson policies concerning the proper completion of Sales and Warranty Registration Forms. Additionally, by selling Products to wholesalers and/or unauthorized dealers, Cycle-Craft has directly violated Section B.6 of the General Conditions, which states: "Dealer shall not sell Harley-Davidson Products for resale to non-retail customers other than United States authorized Harley-Davidson dealers." Lastly, by failing to maintain proper records of pre-delivery inspections and sales and warranty registration forms, Cycle-Craft has violated Sections F.1, F.2 and F.7 of the General Conditions of the Dealer Contract and related Harley-Davidson policies.

Under these circumstances, Harley-Davidson has the right to terminate the Dealer Contract according to its terms. Specifically, Section M.4(b) of the General Conditions gives Harley-Davidson the right to terminate the Dealer Contract on thirty-days notice in the event that "Dealer submits to Seller any application, claim, report, record or other information which is fraudulent or contains any material misrepresentation by Dealer." Further, under Section M.6(c), Harley-Davidson has the right of termination on sixty-days notice whenever it "reasonably believes that the Dealer, Dealer Operator or any Owner(s) has failed, refused or neglected to conform his or her conduct (whether personal or business) with Seller's Mission, standards of good citizenship or generally acceptable behavior in contemporary society or the local community, in a way that may adversely affect the Ownership, operation, management, reputation, business, goodwill or interests of Dealer or Seller or may impair the goodwill associated with the Trademarks." In this regard, Harley-Davidson believes that by engaging in non-retail sales and submitting false sales reports, which reports appear designed to obtain an unfair allocation of Products and/or to conceal non-retail transactions from Harley-Davidson, Cycle-Craft has failed to conform its conduct to the standards referenced in Section M.6(c). Finally, Section M.6(f) of the General Conditions allows Harley-Davidson to terminate the Dealer Contract upon any "[b]reach, violation or failure to fulfill any of Dealer's other responsibilities under this Contract." As set forth above, Cycle-Craft's submission of false sales reports and its sales to wholesalers violates both the letter and the spirit of the Dealer Contract.

Cycle-Craft Co., Inc.
April 19, 2004
Page 3


As noted above, termination of the Dealer Contracts shall be effective sixty days following your receipt of this notice. In the meantime, pursuant to the Dealer Contract and applicable policies, the sales referenced in the audit report will be deducted from your new motorcycle allocation. All factory incentives and allowances on these motorcycles will be charged-back against your account, and a summary of these charge-backs is included with this letter. Further, please take note of Cycle-Craft's post-termination obligations under Section M.7 of the General Conditions of each of the Harley-Davidson and Buell Dealer Contracts, which provisions will be strictly enforced.

While Harley-Davidson is committed to exercising its termination rights as referenced above, we nevertheless wish to achieve as smooth and professional a transition as possible. To that end, please contact me at your convenience to discuss how this may be achieved.

Sincerely,

Jon Flickinger
Vice President
North American Sales and Dealer Services

JF04041

| COMMERCIAL INVOICE | | CUSTOMER NO. 1864 | PAGE 1 |
|---|---|---|---|
| | | INVOICE NO. 0336689MB | INVOICE DATE 04/19/04 |

**HARLEY-DAVIDSON MOTOR COMPANY**
P.O. BOX 653, MILWAUKEE, WI 53201,
U.S.A.
Tel: (414) 342 4680

DATE SHIPPED

| CONSIGNED TO ORDER OF SHIPPER/PORT AGENT/BANK/SHIP TO | BUYER/SOLD TO |
|---|---|
| CYCLE-CRAFT CO., INC.<br>1760 REVERE BEACH PARKWAY<br>EVERETT, MA 02149 | CYCLE-CRAFT CO., INC.<br>1760 REVERE BEACH PARKWAY<br>EVERETT, MA 02149 |

| NOTIFY PARTY/INTERMEDIATE CONSIGNEE | TERMS | DUE DATE |
|---|---|---|
| | OPEN ACCOUNT/30 DAYS | 6/07/2004 |

Remit To:
Harley-Davidson Credit Corp
P.O. Box 88936
Chicago, IL  60695-1936

REFER TO STATEMENT OF
TRANSACTION BELOW

| FEDERAL TAX I.D. | SOURCE/CREDIT APPROVAL# | | |
|---|---|---|---|
| 39-1972791 | N/A | | |
| VESSEL | PORT LOADING | SHIP VIA | |
| N/A | N/A | | |
| PORT OF DISCHARGE | PLACE OF DELIVERY BY ON CARRIER | TOTAL PKG | TOTAL WT  lb | TOTAL CUBE  ft3 |
| N/A | N/A | | | |

PARTICULARS FURNISHED BY SHIPPER

| SUMMARY OF PURCHASES BY PRODUCTS CLASS | TOTAL |
|---|---|
| MISCELLANEOUS | 24660.95 |

*CONTINUED ON NEXT SHEET*

**** Statement of Transaction ****
On  6/08/04 interest will begin accruing at
Prime + 5.75% until paid.

| INVOICE TOTAL | |
|---|---|
| USD | 24660.95 |
| PAYMENT STATUS: | PAID    DATE |
| CHECK NO.: | __/__/__ |
| NAME OF SIGNATORY | |
| PLACE AND DATE OF ISSUE | |
| N/A | |
| SIGNATURE | |

CCT: Steve Verduyn         PHONE: 414-343-4712

| COMMERCIAL INVOICE CONTINUATION | | | CUSTOMER NO. 1864 | | | PAGE 2 | |
|---|---|---|---|---|---|---|---|
| | | | INVOICE NO. 0336689MB | | | INVOICE DATE 04/19/04 | |
| PARTNUMBER, SIZE AND DESCRIPTION | PROD CODE | PKG QTY | QUANTITY ORDERED | SHIPPED | BACK ORDERED | UNIT PRICE | EXTENDED PRICE |
| | * | | 1 | 1 | | 24660.95 | 24660.95 |
| Chargeback for Motorcycle Performance Incentives paid on vehicles sold in violation of the | | | | | | | |
| Non-Retail Sales Policy. Details on attachment. | | | | | | | |
| | | | | | | INVOICE TOTAL | 24660.95 |

# Motorcycle Performance Incentive Chargeback Summary

| VIN | Date Incentives Paid | Amount |
|---|---|---|
| 1HD1GHV173K318821 | 5/15/2003 | $ 640.50 |
| 1HD4CAM163K449790 | N/A 883 | $ - |
| 1HD1BSY133Y075190 | 5/15/2003 | $ 862.00 |
| 1HD1GEV403K325618 | 5/15/2003 | $ 860.75 |
| 1HD1CAP103K448116 | 9/15/2003 | $ 421.25 |
| 1HD4CEM183K450253 | N/A 883 | $ - |
| 1HD4CEM113K447680 | N/A 883 | $ - |
| 1HD1CAP163K450548 | 9/15/2003 | $ 433.50 |
| 1HD1PFD1X3Y954586 | N/A CVO | $ - |
| 1HD1CGP193K447808 | 9/15/2003 | $ 471.25 |
| 1HD1CAP1X3K453887 | 11/15/2003 | $ 173.40 |
| 1HD1CAP113K450151 | 9/15/2003 | $ 437.25 |
| 1HD1CAP153K441145 | 9/15/2003 | $ 417.50 |
| 1HD1GEV153K330500 | 9/15/2003 | $ 833.50 |
| 1HD4CAM193K451727 | N/A 883 | $ - |
| 1HD1CGP143K443654 | 5/15/2003 | $ 479.75 |
| 1HD4CEM193K451492 | N/A 883 | $ - |
| 1HD4CEM153K450792 | N/A 883 | $ - |
| 1HD4CAM143K443289 | N/A 883 | $ - |
| 1HD1BRY443Y089070 | 9/15/2003 | $ 930.75 |
| 1HD1BVB143Y106103 | 11/15/2003 | $ 572.80 |
| 1HD1BVB173Y114065 | 11/15/2003 | $ 572.80 |
| 1HD1FSW183Y644686 | 11/15/2003 | $ 710.80 |
| 1HD1BXB433Y115249 | 11/15/2003 | $ 708.00 |
| 1HD1FRW403Y746907 | 11/15/2003 | $ 743.40 |
| 1HD1GHV103K336352 | 11/15/2003 | $ 493.60 |
| 1HD1BMY453Y052113 | 2/15/2003 | $ 695.00 |
| 1HD1FVW103Y610226 | 11/15/2002 | $ 625.20 |
| 1HD1HAZ133K839405 | 2/15/2003 | $ 719.80 |
| 1HD1BXB493Y082225 | 9/15/2003 | $ 885.00 |
| 1HD1BHY143Y099680 | 9/15/2003 | $ 699.75 |
| 1HD1GDV443K314311 | 2/15/2003 | $ 934.75 |
| 1HD1HAZ403K842594 | 5/15/2003 | $ 634.00 |
| 1HD1BYB493Y097183 | 9/15/2003 | $ 974.50 |
| 1HD1BSY123Y105487 | 11/15/2003 | $ 693.00 |
| 1HD1BJY183Y052286 | 2/15/2003 | $ 682.00 |
| 1HD1PAC25YY951664 | N/A CVO | $ - |
| 1HD1FCW463Y630589 | 9/15/2003 | $ 1,053.25 |
| 1HD1FSW143Y638979 | 11/15/2003 | $ 717.00 |
| 1HD1FFW103Y638193 | 11/15/2003 | $ 714.80 |
| 1HD1CGP413K431340 | 5/15/2003 | $ 502.00 |
| 1HD1HAZ133K848962 | 9/15/2003 | $ 899.75 |
| 1HD1BMY473Y085436 | 9/15/2003 | $ 855.00 |
| 1HD1HAZ113K842917 | 5/15/2003 | $ 899.75 |
| 1HD1BWB183Y107390 | 11/15/2003 | $ 713.60 |
| | TOTAL> | $ 24,660.95 |