# EXHIBIT 22

Date: 7/25/03
Time: 4:01 PM

# Motorcycle Bill Of Sale

Page: 1

Customer Number: 46645
Customer Name: CHRISTENSEN, JEFFREY
6 DURGAN LANE

Deal Number: 13107
Purchase Date: 7/24/03
Reference Number: 742065
Salesman: JAMIE MCGRATH

LEE          NH          03824
( ) -        Work: (603)868-8900

SSN: 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
Birth Date: 8/22/57

CoBuyer:

## Motorcycle Information

Key 1:          Key 2:

| VIN | Make | Model | | Year | Color | | CCs | Mileage | Invoice Number |
|-----|------|-------|---|------|-------|---|-----|---------|----------------|
| 1HD1BMY453Y052113 | HD | FLSTF | T | 2003 | SILV/BLK/SEC/#722 | | 1450 | 9 | 0 |

### Trade In:

| | | | | | |
|---|---|---|---|---|---|
| Cash Price Of Motorcycle: | 17,375.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 17,375.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 17,375.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 17,375.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | 0.00 |

### Financing

| | |
|---|---|
| Credit Life: | 0.00 |
| Acc/Health: | 0.00 |
| Total Insurance Premium: | 0.00 |
| Total Financed: | 0.00 |
| Finance Charge: | 0.00 |

APR: 0.000
Months Financed: 0

Total All Payments: 0.00

X  J Christensen
Buyer

* SO Not Delivered

C-C 00457
CONFIDENTIAL



EXHIBIT
CHRISTENSEN
3

Date: 9/19/03
Time:10:57 AM

# Motorcycle Bill Of Sale

Page: 1

Customer Number: 46808
Customer Name:  KARP, DAVID N.
                9 FRAN AVE

                PLAISTOW      NH      03865
                ( ) -         Work:( ) -
CoBuyer:        .

Deal Number:       13096
Purchase Date:     7/24/03
Reference Number:  953709
Salesman:          JAMIE MCGRATH

SSN:         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
Birth Date:   9/ 3/68

## Motorcycle Information

Key 1:        Key 2:

| VIN | Make | Model | Year | Color | CCs | Mileage | Invoice Number |
|---|---|---|---|---|---|---|---|
| 1HD1FRW403Y746907 | HD | FLHRC-I | 2003 | SILV/BLK/#837/#SEC | 1450 | 9 | 0 |

### Trade In:

| | | | | |
|---|---|---|---|---|
| Cash Price Of Motorcycle: | 18,585.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 18,585.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 19,585.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 18,585.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | -1,000.00 |

### Financing

| | |
|---|---|
| Credit Life: | 0.00 |
| Acc/Health: | 0.00 |
| Total Insurance Premium: | 0.00 |
| Total Financed: | 0.00 |
| Finance Charge: | 0.00 |
| APR: 0.000 | |
| Months Financed: 0    Total All Payments: | 0.00 |

x *[signature]* Dat N Karp
Buyer

*need to
refund cust.
credit card for
$1000 deposit*

* SO Not Delivered

C-C 00508
CONFIDENTIAL

Date: 9/19/03
Time: 1:03 AM

## Motorcycle Bill Of Sale

Page: 1

Customer Number:  46647
Customer Name:  KARP, ANNE M.
9 FRAN AVE

PLAISTOW    NH    03865
( )  -            Work: ( )  -

CoBuyer:

Deal Number:  13109
Purchase Date:  7/24/03
Reference Number:  953854
Salesman:  JAMIE MCGRATH

SSN:  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
Birth Date:  7/12/61

### Motorcycle Information

| Key 1: | Key 2: | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| VIN | Make | Model | | Year | Color | | CCs | Mileage | Invoice Number |
| 1HD1BXB433Y115249 | HD | FLSTFI | | 2003 | SILV/BLK/#806 | | 1450 | 9 | 0 |

### Trade In:

| | | | | | |
|---|---|---|---|---|---|
| Cash Price Of Motorcycle: | 17,700.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 17,700.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 18,700.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 17,700.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | -1,000.00 |

### Financing

| | | |
|---|---|---|
| | Credit Life: | 0.00 |
| | Acc/Health: | 0.00 |
| | Total Insurance Premium: | 0.00 |
| | Total Financed: | 0.00 |
| | Finance Charge: | 0.00 |
| APR:  0.000 | | |
| Months Financed:  0 | Total All Payments: | 0.00 |

X *Anne M Karp*
Buyer

*✱ refund cust
card for $1000
deposit*

* SO Not Delivered

C-C 00527
CONFIDENTIAL

Date: 7/24/03
Time: 5:51 PM

# Motorcycle Bill Of Sale

Page: 1

Customer Number: 48610
Customer Name: ISSA, ROBERT S.
105 KELSEY RD

NOTTINGHAM    NH    03290
( ) -        Work: ( ) -

CoBuyer:

Deal Number:    13097
Purchase Date:    7/24/03
Reference Number: 953888
Salesman:    JAMIE MCGRATH

SSN:    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
Birth Date:    6/25/60

## Motorcycle Information

Key 1:        Key 2:

| VIN | Make | Model | Year | Color | CCs | Mileage | Invoice Number |
|---|---|---|---|---|---|---|---|
| 1H016VB143Y106103 | HO | FXSTI | 2003 | BLACK/#782 | 1450 | 1 | 0 |

### Trade In:

| | | | | |
|---|---|---|---|---|
| Cash Price Of Motorcycle: | 14,320.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 14,320.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 14,320.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 14,320.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | 0.00 |

### Financing

| | |
|---|---|
| Credit Life: | 0.00 |
| Acc/Health: | 0.00 |
| Total Insurance Premium: | 0.00 |
| Total Financed: | 0.00 |
| Finance Charge: | 0.00 |

APR:  0.000
Months Financed:  0

Total All Payments:    0.00

X
Buyer

### Other Charges

* SO Not Delivered

C-C 00440
CONFIDENTIAL

Date: 7/25/03
Time: 5:01 PM

# Motorcycle Bill Of Sale

Page: 1

Customer Number: 46848
Customer Name: RIST, DONALD M.
33 COTE DR

Deal Number: 13110
Purchase Date: 7/24/03
Reference Number: 953749
Salesman: JAMIE MCGRATH

DOVER          NH          03820
( ) -          Work:( ) -

SSN: 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
Birth Date: 9/14/56

CoBuyer:          .

## Motorcycle Information

| Key 1: | Key 2: | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| VIN | | Make | Model | | Year | Color | | CCs | Mileage | Invoice Number |
| 1H01GHV103K336352 | HD | | FXD DYNA | Y | 2003 | BLACK/#709/CAST | | 1450 | | 0 |

### Trade In:

| | | | | | |
|---|---|---|---|---|---|
| Cash Price Of Motorcycle: | 12,340.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 12,340.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 12,340.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 12,340.00 | Vehicle Insurance: | 0.00 | Trade in Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | 0.00 |

### Financing

| | | | |
|---|---|---|---|
| | | Credit Life: | 0.00 |
| | | Acc/Health: | 0.00 |
| | | Total Insurance Premium: | 0.00 |
| | | Total Financed: | 0.00 |
| APR: | 0.000 | Finance Charge: | 0.00 |
| Months Financed: | 0 | Total All Payments: | 0.00 |

X [signature]
Buyer

* SO Not Delivered

C-C 00544
CONFIDENTIAL

Date: 7/25/03                      **Motorcycle Bill Of Sale**                          Page: 1
Time: 4:45 PM

Customer Number: 48611                          Deal Number:      13098
Customer Name:  DELLACROCE, MICHAEL A.          Purchase Date:    7/24/03
                505 SHERWOOD GLEN               Reference Number: 898956
                                                Salesman:         JAMIE MCGRATH

                SOMERSWORTH    NH    03878
                ( ) -          Work: ( ) -      SSN:              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
CoBuyer:                                        Birth Date:       5/27/63

### Motorcycle Information

Key 1:          Key 2:

| VIN | Make | Model | Year | Color | CCs | Mileage | Invoice Number |
|-----|------|-------|------|-------|-----|---------|----------------|
| 1HD1BRY443Y089070 | HD | FLSTS | 2003 | SILV/BLK/#769 | 1450 | 9 | 0 |

### Trade In:

| | | | | |
|---|---|---|---|---|
| Cash Price Of Motorcycle: | 17,795.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 17,795.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 17,795.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 17,795.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | 0.00 |

### Financing

Credit Life:                0.00
Acc/Health:                 0.00
Total Insurance Premium:    0.00
Total Financed:             0.00
Finance Charge:             0.00

APR:  0.000

Months Financed:  0          Total All Payments:    0.00

X _____
  Buyer

### Other Charges

* SO Not Delivered

C-C 00557
CONFIDENTIAL

Date: 9/ 9/03
Time: 6:08 PM

## Motorcycle Bill Of Sale

Page: 1

Customer Number:  46606
Customer Name:  GALLEGER, GREGORY  F.
         9-BASSETT RD

KINGSTON    NH    03648
( ) -      Work: ( ) -

CoBuyer:

Deal Number:  13095
Purchase Date:  7/24/03
Reference Number:  953730
Salesman:  JAMIE MCGRATH

SSN:  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
Birth Date:  2/ 9/56

### Motorcycle Information

| Key 1: | Key 2: | | | | | | | |
|--------|--------|-------|------|------------------|-----|---------|--------------|
| VIN | | Make | Model | Year  Color | CCs | Mileage | Invoice Number |
| 1HD1FSW183Y644686 | | HD | FL1R-4 | 2003  BLACK/#633/LACED | 1450 | 9 | 0 |

### Trade In:

| | | | | | |
|---|---|---|---|---|---|
| Cash Price Of Motorcycle: | 17,770.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 17,770.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 18,770.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 17,770.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | -1,000.00 |

### Financing

| | | | |
|---|---|---|---|
| | | Credit Life: | 0.00 |
| | | Acc/Health: | 0.00 |
| | | Total Insurance Premium: | 0.00 |
| | | Total Financed: | 0.00 |
| | | Finance Charge: | 0.00 |
| APR: | 0.000 | | |
| Months Financed: | 0 | Total All Payments: | 0.00 |

x _Gregory P. Gallegher_
Buyer

will credit
card when
the custom
calls w/
card info

* SO Not Delivered

C-C 00490
CONFIDENTIAL

Date: 9/ 9/03
Time: 6:14 PM

**Motorcycle Bill Of Sale**

Page: 1

Customer Number: 46646
Customer Name: GALLAGHER, DENISE A.
12 EVERGREEN RD

HAMPTON          NH          03842
( ) -              Work:( ) -

Deal Number:        13108
Purchase Date:      7/24/03
Reference Number:   953889
Salesman:           JAMIE MCGRATH

SSN:        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
Birth Date:  3/ 6/61

CoBuyer:

## Motorcycle Information

| Key 1: | Key 2: | | | | | | CCs | Mileage | Invoice Number |
|--------|--------|--|--|--|--|--|-----|---------|----------------|
| VIN | | Make | Model | Year | Color | | | | |
| 1HD1BVB173Y114065 | | HD | FXST1 | T | 2003 | BLK/#604 | 1450 | 9 | 0 |

### Trade In:

| | | | | | |
|--|--|--|--|--|--|
| Cash Price Of Motorcycle: | 14,320.00 | Service Contract: | 0.00 | Sales Tax: | 0.00 |
| Accessories and Labor: | 0.00 | Dealer Preparation: | 0.00 | Sub Total: | 14,320.00 |
| GAP Fee: | 0.00 | Freight: | 0.00 | | |
| Other Fees: | 0.00 | License Fee: | 0.00 | Total Deposits: | 15,320.00 |
| | | Documentation Fee: | 0.00 | Cash on Delivery: | 0.00 |
| Total Selling Price: | 14,320.00 | Vehicle Insurance: | 0.00 | Trade In Pay Off: | 0.00 |
| | | Trade In Allowance: | 0.00 | Balance Due: | -1,000.00 |

### Financing

| | | | |
|--|--|--|--|
| | | Credit Life: | 0.00 |
| | | Acc/Health: | 0.00 |
| | | Total Insurance Premium: | 0.00 |
| | | Total Financed: | 0.00 |
| APR: | 0.000 | Finance Charge: | 0.00 |
| Months Financed: | 0 | Total All Payments: | 0.00 |

X *Denise A. Gallagher*
Buyer

*cust will
receive
refund
when they
out
w/
credit
card*

* SO Not Delivered

C-C 00465
CONFIDENTIAL

# EXHIBIT 23



## CERTIFICATE OF ORIGIN FOR A VEHICLE

### HARLEY-DAVIDSON

INVOICE NO.
**0742085VE3**

DATE
**12/16/02**

VEHICLE IDENTIFICATION NO.
**1HD1BMY453Y052113**

YEAR
**2003**

MAKE
**HARLEY-DAVIDSON**

SHIPPING WEIGHT
**669.00**

BODY TYPE
**MOTORCYCLE**

H.P. (S.A.E.) **9.78**     G.V.W.R.

NO. CYLS.
**2**

SERIES OR MODEL
**2003 FLSTF LTD ANV DOM**

**ENGINE NUMBER  *  BMY3052113***

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

**CYCLE-CRAFT CO., INC.**
**DBA BOSTON HARLEY-DAVIDSON**
**1760 REVERE BEACH PARKWAY**
**EVERETT, MA 02149**

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

HARLEY-DAVIDSON MOTOR COMPANY

BY: _James H Brothworth_
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)     (AGENT)

**MILWAUKEE, WISCONSIN**
CITY-STATE

**H01892091**

C-C 00459
CONFIDENTIAL

FORM #HD-00100 (REV. 1/88)

EXHIBIT
CHRISTENSEN
**4**
4/4/05  SCB

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is new and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interest other than those disclosed herein and warrants title to the vehicle.

**FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO**

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S): Jeffrey P. Christensen

ADDRESS: 6 Durgah Lane  Lee  NH  03824    No Tenths

I certify to the best of my knowledge that the odometer reading is _____ 10 _____

DEALER: Cycle Craft Co Inc    DEALER'S LICENSE NUMBER: _____    BY: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this 25 day of July 20 03

State of _____    County of _____    Notary Public

*USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION*

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S): _____

ADDRESS: _____    No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER: _____    DEALER'S LICENSE NUMBER: _____    BY: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this _____ day of _____ 20 _____

State of _____    County of _____    Notary Public

*USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION*

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S): _____

ADDRESS: _____    No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER: _____    DEALER'S LICENSE NUMBER: _____    BY: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this _____ day of _____ 20 _____

State of _____    County of _____    Notary Public

*USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION*

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S): _____

ADDRESS: _____    No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER: _____    DEALER'S LICENSE NUMBER: _____    BY: _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this _____ day of _____ 20 _____

State of _____    County of _____    Notary Public

*USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION*

**ODOMETER DISCLOSURE FOR RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. Odometer Reading _____ No Tenths. ☐ The mileage stated is in excess of its mechanical limits. ☐ The odometer reading is not the actual mileage.  **WARNING ODOMETER DISCREPANCY**

Signature(s) of Seller(s) _____    Date of Statement _____    Date of Sale _____

Printed Name(s) of Seller(s) Cycle Craft Inc    Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this 25 day of July 20 03

Signature(s) of Purchaser(s) X Jeffrey P Christensen

Printed Name(s) of Purchaser(s) Jeffrey P. Christensen    Notary Public

Company Name (if Applicable) _____    State of _____

Address of Purchaser(s) 6 Durgan Lane  Lee NH 03824

*USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION*

**LIENHOLDER**

1st lien in favor of _____

whose address is _____

2nd lien in favor of _____

whose address is _____

REV. 10-99

C-C 00455
CONFIDENTIAL



## CERTIFICATE OF ORIGIN FOR A VEHICLE

### HARLEY-DAVIDSON

DATE
08/31/03

INVOICE NO.
0953709VE3

VEHICLE IDENTIFICATION NO.
1HD1FRW403Y746907

YEAR
2003

MAKE
HARLEY-DAVIDSON

BODY TYPE
MOTORCYCLE

SHIPPING WEIGHT
710.00

H.P. (S.A.E.)
9.78

G.V.W.R.

NO. CYLS.
2

SERIES OR MODEL
2003 FLHRCI LTD ANV DOM

ENGINE NUMBER   *   FRW3746907*

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

HARLEY-DAVIDSON MOTOR COMPANY

BY
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)                (AGENT)

MILWAUKEE, WISCONSIN.
CITY-STATE

H02061752

C-C 00511
CONFIDENTIAL

FORM (HD-01403 (REV. 1/93))

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is free and clear of all liens except those shown, and that the vehicle is not subject to any security interest other than those listed. Federal and state law requires that you state the mileage in connection with the transfer of ownership.

**FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO**

| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1 | |
|---|---|
| NAME OF PURCHASER(S) | David N Karp |
| ADDRESS | 9 Fran Ave  Plaistow NH 03865 |
| I certify to the best of my knowledge that the odometer reading is | 10 ____ No Tenths |
| DEALER ___ NAME OF DEALERSHIP Cudercraft Color | DEALER'S LICENSE NUMBER    BY: |
| | Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me |
| State of | before this __19__ day of __Sept__ 20 __03__ |
| County of | ___ Notary Public |

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2 | |
|---|---|
| NAME OF PURCHASER(S) | |
| ADDRESS | |
| I certify to the best of my knowledge that the odometer reading is | ____ No Tenths |
| DEALER ___ NAME OF DEALERSHIP | DEALER'S LICENSE NUMBER    BY: |
| | Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me |
| State of | before this __ day of __ 20 __ |
| County of | ___ Notary Public |

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3 | |
|---|---|
| NAME OF PURCHASER(S) | |
| ADDRESS | |
| I certify to the best of my knowledge that the odometer reading is | ____ No Tenths |
| DEALER ___ NAME OF DEALERSHIP | DEALER'S LICENSE NUMBER    BY: |
| | Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me |
| State of | before this __ day of __ 20 __ |
| County of | ___ Notary Public |

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

| DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4 | |
|---|---|
| NAME OF PURCHASER(S) | |
| ADDRESS | |
| I certify to the best of my knowledge that the odometer reading is | ____ No Tenths |
| DEALER ___ NAME OF DEALERSHIP | DEALER'S LICENSE NUMBER    BY: |
| | Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me |
| State of | before this __ day of __ 20 __ |
| County of | ___ Notary Public |

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

| ODOMETER DISCLOSURE FOR RETAIL SALE | |
|---|---|
| Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment. I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. Odometer Reading __18__ No Tenths. ☐ The mileage stated is in excess of its mechanical limits. ☐ The odometer reading is not the actual mileage. **WARNING ODOMETER DISCREPANCY** | |
| Signature(s) of Seller(s) | Date of Statement |
| Printed Name(s) of Seller(s) Cudercraft Color | Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me |
| Signature(s) of Purchaser(s) David N Karp | before this __19__ day of __Sept__ 20 __03__ |
| Printed Name(s) of Purchaser(s) David N Karp | ___ Notary Public |
| Company Name (If Applicable) | State of |
| Address of Purchaser(s) 9 Fran Ave  Plaistow NH 03865 | |

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

| LIENHOLDER | |
|---|---|
| 1st lien in favor of | |
| whose address is | |
| 2nd lien in favor of | |
| whose address is | |

REV 10-99

C-C 00506
CONFIDENTIAL



## CERTIFICATE OF ORIGIN FOR A VEHICLE

### HARLEY-DAVIDSON

DATE
08/19/03

INVOICE NO.
0953854VE3

VEHICLE IDENTIFICATION NO.
1HD1BXB433Y115249

YEAR.
2003

MAKE
HARLEY-DAVIDSON

BODY TYPE
MOTORCYCLE

SHIPPING WEIGHT
669.00

H.P. (S.A.E.)
9.78

G.V.W.R.

NO. CYLS
2

SERIES OR MODEL
2003 FLSTFI LTD ANV DON

ENGINE NUMBER    *    8XB3115249*

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

HARLEY-DAVIDSON MOTOR COMPANY

BY: _James M Brostwik_

(SIGNATURE OF AUTHORIZED REPRESENTATIVE)    (AGENT)

MILWAUKEE, WISCONSIN

CITY-STATE

HD2055957

C-C 00520
CONFIDENTIAL

FORM IHD-0015S (REV. 1/85)

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that this vehicle is new and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interests other than those disclosed herein and warrant title to the vehicle.

FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO:

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S) _Anne M Karp_

ADDRESS _9 Fran Ave Plaistow NH 03865_

I certify to the best of my knowledge that the odometer reading is _10_ _____ No Tenths

DEALER _CycleCraft Co Inc_ BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

before this _19_ day of _Sept_ 20 _05_

State of _____ County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

before this _____ day of _____ 20 ___

State of _____ County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

before this _____ day of _____ 20 ___

State of _____ County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

before this _____ day of _____ 20 ___

State of _____ County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**ODOMETER DISCLOSURE FOR RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. ☐ Odometer reading is not the actual mileage. WARNING ODOMETER DISCREPANCY ☐ No Tenths. ☐ The mileage stated is in excess of its mechanical limits.

Signature(s) of Seller(s) _JWA_

Printed Name(s) of Seller(s) _CycleCraft Co Inc I_

Signature(s) of Purchaser(s) _Anne M Karp_

Printed Name(s) of Purchaser(s) _Anne M Karp_

Company Name (if Applicable) _____

Address of Purchaser(s) _9 Fran Ave Plaistow NH 03865_

Date of Sale _____

Date of Statement _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

before this _19_ day of _Sept_ 20 _03_

State of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**LIENHOLDER**

1st lien in favor of _____

lienee address is _____

2nd lien in favor of _____

lienee address is _____

REV. 10-96

C-C 00525
CONFIDENTIAL



## CERTIFICATE OF ORIGIN FOR A VEHICLE

### HARLEY-DAVIDSON

DATE
07/15/03

INVOICE NO.
0953888VE3

VEHICLE IDENTIFICATION NO.
1HD1BVB143Y106103

YEAR
2003

MAKE
HARLEY-DAVIDSON

SHIPPING WEIGHT
632.00

BODY TYPE
MOTORCYCLE

H.P. (S.A.E.)       G.V.W.R.
9.78

NO. CYLS.
2

SERIES OR MODEL
2003 FXSTI DOM

ENGINE NUMBER  *  BVB3106103*

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

HARLEY-DAVIDSON MOTOR COMPANY

BY: _____
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)          (AGENT)

MILWAUKEE, WISCONSIN
CITY-STATE

HD2030726

C-C 00434
CONFIDENTIAL

FORM HD-08108 (REV. 1/99)

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is new and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interests other than those disclosed herein and warrant title to the vehicle.

FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO.

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S) Robert Issa

ADDRESS 105 Kelsey Rd No Hingham NH 03390                    No Tenths

I certify to the best of my knowledge that the odometer reading is 10

DEALER _____ NAME OF DEALER _____ DEALER'S LICENSE NUMBER _____ BY _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

State of _____                    before this _____ day of JULY 20 03

County of _____                    _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S)

ADDRESS _____                    No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ NAME OF DEALER _____ DEALER'S LICENSE NUMBER _____ BY _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

State of _____                    before this _____ day of _____ 20 _____

County of _____                    _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S)

ADDRESS _____                    No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ NAME OF DEALER _____ DEALER'S LICENSE NUMBER _____ BY _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

State of _____                    before this _____ day of _____ 20 _____

County of _____                    _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S)

ADDRESS _____                    No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ NAME OF DEALER _____ DEALER'S LICENSE NUMBER _____ BY _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

State of _____                    before this _____ day of _____ 20 _____

County of _____                    _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**ODOMETER DISCLOSURE FOR RESALE ONLY**

Federal law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. □ The odometer mileage is in excess of its mechanical limits.

□ Flooding □ No Tenths □ The odometer stated is in excess of its mechanical limits.

WARNING ODOMETER DISCREPANCY

Signature(s) of Seller(s) _____ Dealer's No. 1                    Date of Statement _____ Date of Sale _____

Printed Name(s) of Seller(s) _____                    Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

Signature(s) of Purchaser(s) Robert Issa                    before this _____ day of _____ 20 _____

Printed Name(s) of Purchaser(s) Robert Issa                    _____ Notary Public

Company Name (if Applicable) _____                    State of _____

Address of Purchaser(s) 105 Kelsey Rd No Hingham NH 03390

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**LIENHOLDER**

1st lien in favor of _____

whose address is _____

2nd lien in favor of _____

whose address is _____

REV 11/94

C-C 00436
CONFIDENTIAL



## CERTIFICATE OF ORIGIN FOR A VEHICLE

### HARLEY-DAVIDSON

**DATE** 07/15/03

**INVOICE NO.** 0953749VE3

**VEHICLE IDENTIFICATION NO.** 1HD1GHV103K336352

**YEAR** 2003

**MAKE** HARLEY-DAVIDSON

**SHIPPING WEIGHT** 622.00

**BODY TYPE** MOTORCYCLE

**H.P. (S.A.E.)** 9.78   **G.V.W.R.**

**NO. CYLS.** 2

**SERIES OR MODEL** 2003 FXD DOM

**ENGINE NUMBER** * GHV3336352*

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

**NAME OF DISTRIBUTOR, DEALER, ETC.**

CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

**HARLEY-DAVIDSON MOTOR COMPANY**

BY: _James J Barlow_
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)   (AGENT)

MILWAUKEE, WISCONSIN
CITY-STATE

H02030720

C-C 00543
CONFIDENTIAL

FORM IHD-00388 (REV. 1/78)

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is new and has not been registered in that or any state at the time of delivery and this vehicle is not subject to any security interests other than those disclosed herein and warrant title is the vehicle.
FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO:

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S) Dougla U. Rist
ADDRESS Cote Dr. Dover NH 03820 ........ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER Circle Craft cars, Inc. DEALERS LICENSE NUMBER _____ BY: _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____ before this 26 day of July 20 05
County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S) _____
ADDRESS _____ No Tenths
I certify to the best of my knowledge that the odometer reading is _____

DEALER NAME OF DEALERSHIP DEALERS LICENSE NUMBER _____ BY: _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____ before this _____ day of _____
County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S) _____
ADDRESS _____ No Tenths
I certify to the best of my knowledge that the odometer reading is _____

DEALER NAME OF DEALERSHIP DEALERS LICENSE NUMBER _____ BY: _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____ before this _____ day of _____
County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S) _____
ADDRESS _____ No Tenths
I certify to the best of my knowledge that the odometer reading is _____

DEALER NAME OF DEALERSHIP DEALERS LICENSE NUMBER _____ BY: _____ Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____ before this _____ day of _____
County of _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**ODOMETER DECLARATION / FIRST RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
Reading _____ I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. ☐ The odometer reading _____ no Tenths ☐ The mileage stated is in excess of its mechanical limits. ☐ The odometer reading is not the actual mileage.
WARNING ODOMETER DISCREPANCY

Signature(s) of Seller _____ Date of Statement _____ Date of Sale _____
Printed Name(s) of Seller CircleCraft Sales Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
Signature(s) of Purchaser _____ before this 26 day of July 20 05
Printed Name(s) of Purchaser Dougla U. Rist _____ Notary Public
Company Name (if Applicable) _____ State of _____
Address of Purchaser Cote dr. Dover NH 03820

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**LIENHOLDER**

1st lien in favor of _____
whose address is _____
2nd lien in favor of _____
whose address is _____

C-C 00538
CONFIDENTIAL



**CERTIFICATE OF ORIGIN FOR A VEHICLE**

## HARLEY-DAVIDSON

DATE
05/07/03

INVOICE NO.
0896956VE3

VEHICLE IDENTIFICATION NO.
1HD1BRY443Y089070

YEAR
2003

MAKE
HARLEY-DAVIDSON

BODY TYPE
MOTORCYCLE

SHIPPING WEIGHT
721.00

H.P. (S.A.E.)    G.V.W.R.
9.78

NO. CYLS.
2

SERIES OR MODEL
2003 FLSTS LTD ANV DOM

ENGINE NUMBER    *    BRY3089070*

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

HARLEY-DAVIDSON MOTOR COMPANY

BY: _(SIGNATURE OF AUTHORIZED REPRESENTATIVE)_    (AGENT)

MILWAUKEE, WISCONSIN
CITY-STATE

HD1981120

C-C 00555
CONFIDENTIAL

FORM BHD-60100 (REV. 1/99)

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is new and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interests other than those disclosed herein and warrant title to the vehicle
**FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO:**

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S) __Michael Dellacroce__

ADDRESS __505 Sherwood Glen Somersworth NH 03878__ No Tenths

I certify to the best of my knowledge that the odometer reading is __10__

DEALER __Cycle Craft Inc.__ NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER    BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this __22__ day of __July__ __23__

State of _____

County of _____    USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION    Notary Public

---

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _____ NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER    BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this _____ day of _____ 20 __

State of _____

County of _____    USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION    Notary Public

---

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that this odometer reading is _____

DEALER _____ NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER    BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this _____ day of _____ 20 __

State of _____

County of _____    USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION    Notary Public

---

**DISTRIBUTOR-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that this odometer reading is _____

DEALER _____ NAME OF DEALERSHIP    DEALER'S LICENSE NUMBER    BY _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me before this _____ day of _____ 20 __

State of _____

County of _____    USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION    Notary Public

---

**ODOMETER DISCLOSURE FOR RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. □Whenever the reading is not the actual mileage. **WARNING ODOMETER DISCREPANCY.**

Reading _____ No Tenths □ The mileage stated is in excess of its mechanical limits. □ The odometer reading is not the actual mileage. **WARNING ODOMETER DISCREPANCY.**

Signature(s) of Seller(s) _____    Date of Statement _____ day of 8/4

Printed Name(s) of Seller(s) __Cyclecraft co Inc__    Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

Signature(s) of Purchaser(s) __Michael DellaCroce__    before this _____ day of _____ 20 __    Notary Public

Printed Name(s) of Purchaser(s) __Michael DellaCroce__    State of _____

Company Name (if Applicable) __Somersworth NH 03878__

Address of Purchaser(s) __505 Sherwood Glen Somersworth NH 03878__

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

---

**LIENHOLDER**

1st lien in favor of _____

whose address is _____

2nd lien in favor of _____

whose address is _____

REV 1609

C-C 00564
CONFIDENTIAL



## CERTIFICATE OF ORIGIN FOR A VEHICLE

### HARLEY-DAVIDSON

DATE
08/30/03

INVOICE NO.
0953730VE3

VEHICLE IDENTIFICATION NO.
1HD1FSW183Y644686

YEAR
2003

MAKE
HARLEY-DAVIDSON

BODY TYPE
MOTORCYCLE

SHIPPING WEIGHT
731.00

H.P. (S.A.E.)
9.78

G.V.W.R.

NO. CYLS.
2

SERIES OR MODEL
2003 FLTRI DOM

ENGINE NUMBER    *    FSW3644686*

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

HARLEY-DAVIDSON MOTOR COMPANY

BY: _____
(SIGNATURE OF AUTHORIZED REPRESENTATIVE)    (AGENT)

MILWAUKEE, WISCONSIN
CITY-STATE

HD2061756

C-C 00491
CONFIDENTIAL

FORM HD-00108 (REV. V93)

Each undersigned seller certifies to the best of his knowledge, information and belief render vehicle of law and the... and the vehicle is not subject to any security interest...
**FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO:**

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S)  **Gregory F. Gallagher**
ADDRESS  **12 Evergreen Rd  Haupton  NH  03842**
I certify to the best of my knowledge that the odometer reading is  **10141** BY:
DEALER  **Cycle Craft Co, Inc**  DEALER'S LICENSE NUMBER  Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____  before this  **9**  day of  **Sept**  20 **03**
County of _____  USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION  Notary Public

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S)
ADDRESS
I certify to the best of my knowledge that the odometer reading is _____ BY:
DEALER  NAME OF DEALERSHIP  DEALER'S LICENSE NUMBER  Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____  before this _____ day of _____ 20 ___
County of _____  USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION  Notary Public

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S)
ADDRESS
I certify to the best of my knowledge that the odometer reading is _____ BY:
DEALER  NAME OF DEALERSHIP  DEALER'S LICENSE NUMBER  Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____  before this _____ day of _____ 20 ___
County of _____  USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION  Notary Public

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S)
ADDRESS
I certify to the best of my knowledge that the odometer reading is _____ BY:
DEALER  NAME OF DEALERSHIP  DEALER'S LICENSE NUMBER  Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me
State of _____  before this _____ day of _____ 20 ___
County of _____  USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION  Notary Public

**ODOMETER DISCLOSURE FOR RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked.  ☐ The odometer reading is the amount of mileage in excess of its mechanical limits.  ☐ The odometer reading is not the actual mileage. WARNING ODOMETER DISCREPANCY
Reading _____  Date of Disclosure _____
Signature(s) of Seller(s)  **Cycle Craft Co, Inc**  Date of Sale _____
Printed Name(s) of Seller(s)  **Cycle Craft Co, Inc**  Being duly sworn upon oath says that the statements are true and correct. Subscribed and sworn to me
Signature(s) of Purchaser(s)  **Gregory F. Gallagher**  before this  **9**  day of  **Sept**  20 **03**
Printed Name(s) of Purchaser(s)  **Gregory F. Gallagher**  Notary Public
Company Name (if Applicable)  State of _____
Address of Purchaser(s)  **12 Evergreen Rd  Haupton NH  03842**  USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**LIENHOLDER**

1st lien in favor of _____
whose address is _____
2nd lien in favor of _____
whose address is _____

C-C 00486
CONFIDENTIAL



**CERTIFICATE OF ORIGIN FOR A VEHICLE**

## HARLEY-DAVIDSON

DATE **08/18/03**

INVOICE NO. **0953889VE3**

VEHICLE IDENTIFICATION NO. **1HD1BVB173Y114065**   YEAR **2003**   MAKE **HARLEY-DAVIDSON**

SHIPPING WEIGHT **632.00**

BODY TYPE **MOTORCYCLE**

H.P. (S.A.E.) **9.78**   G.V.W.R.   NO. CYLS. **2**   SERIES OR MODEL **2003 FXSTI DOM**

ENGINE NUMBER **＊ BVB3114065＊**

I, the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC.

**CYCLE-CRAFT CO., INC.
DBA BOSTON HARLEY-DAVIDSON
1760 REVERE BEACH PARKWAY
EVERETT, MA 02149**

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

**HARLEY-DAVIDSON MOTOR COMPANY**

BY: _(SIGNATURE OF AUTHORIZED REPRESENTATIVE)_   (AGENT)

**MILWAUKEE, WISCONSIN**
CITY-STATE

**HD2055089**

C-C 00467
CONFIDENTIAL

FORM #HD-03155 (REV. V96)

Each undersigned seller certifies to the best of his knowledge, information and belief under penalty of law that the vehicle is free and has not been registered in this or any state at the time of delivery and the vehicle is not subject to any security interest other than those disclosed herein and warrant title to the vehicle.

**FOR VALUE RECEIVED I TRANSFER THE VEHICLE DESCRIBED ON THE FACE OF THIS CERTIFICATE TO.**

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 1**

NAME OF PURCHASER(S) Denise A Gallagher

ADDRESS 12 Evergreen Rd Hampton NH 03842

I certify to the best of my knowledge that the odometer reading is _____ 10 _____ No Tenths

DEALER _NAME OF DEALER_ CyClaEcon I BY _____

DEALER'S LICENSE NUMBER

Being duly sworn upon oath that the statements set forth are true and correct. Subscribed and sworn to me

State of _____ before this ___1___ day of __Sept__ 20 _03_

County of _____ _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED BY TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _NAME OF DEALER_ BY _____

DEALER'S LICENSE NUMBER

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

State of _____ before this _____ day of _____ 20 ____

County of _____ _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED BY TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S) _____

ADDRESS _____ No Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _NAME OF DEALER_ BY _____

DEALER'S LICENSE NUMBER

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

State of _____ before this _____ day of _____ 20 ____

County of _____ _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED BY TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S) _____

ADDRESS _____ 10 Tenths

I certify to the best of my knowledge that the odometer reading is _____

DEALER _NAME OF DEALER_ BY _____

DEALER'S LICENSE NUMBER

Being duly sworn upon oath that the statements set forth are true and correct. Subscribed and sworn to me

State of _____ before this _____ day of _____ 20 ____

County of _____ _____ Notary Public

USE NOTARIZATION ONLY IF REQUIRED BY TITLING JURISDICTION

**ODOMETER DISCLOSURE FOR RETAIL SALE**

Federal Law requires you to state the odometer mileage in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.

I certify to the best of my knowledge that the odometer reading is the actual mileage of the vehicle unless one of the following statements is checked. Odometer Reading _____ No Tenths. ☐ The mileage stated is not the actual mileage. ☐ The odometer reading is in excess of its mechanical limits. **WARNING ODOMETER DISCREPANCY**

Signature(s) of Seller(s) _____

Printed Name(s) of Seller(s) CyClefcon Colology

Signature(s) of Purchaser(s) Denise Hadley

Printed Name(s) of Purchaser(s) Denise A Gallagher

Date of Statement _____ Date of Sale _____

Being duly sworn upon oath says that the statements set forth are true and correct. Subscribed and sworn to me

before this __9__ day of __Sept__ 20 _03_

_____ Notary Public

Company Name (if Applicable) _____ State of _____

Address of Purchaser(s) 12 Evergreen Rd Hampton NH 03842

USE NOTARIZATION ONLY IF REQUIRED BY TITLING JURISDICTION

**LIENHOLDER**

1st lien in favor of _____

whose address is _____

2nd lien in favor of _____

whose address is _____

REV. 10-94

C-C 00471
CONFIDENTIAL

# EXHIBIT 24



**OFFICIAL CHECK**

CITIZENS BANK

100592425-1

JULY 24, 2005

**\*\*817,375.00\*\***    **DOLLARS**

**PAY**

**BOSTON HARLEY DAVIDSON**

TO THE
ORDER OF

MEMO:

**Jeffrey P. Christensen**

Drawer: Citizens Bank

Issued by Integrated Payment Systems Inc., Englewood, Colorado
Bank One, NA, Denver, Colorado

⑈891038⑈ ⑈102000979⑈ 6800100592425⑈

THE VARIABLE TONE BACKGROUND AREA OF THIS DOCUMENT CHANGES COLOR GRADUALLY AND SMOOTHLY FROM DARKER TONES AT BOTH TOP AND BOTTOM TO THE LIGHTEST TONE IN THE MIDDLE





C-C 00507
CONFIDENTIAL



**OFFICIAL CHECK**

BANK OF NEW HAMPSHIRE
A Division of Banknorth, N.A.
ANN KERR

ISSE7 06

*** BOSTON HARBOR PAVILION ***                    *****$17,700.00

C-C 00524
CONFIDENTIAL

$*********17,700*DOLLARS*AND*00*CENTS*

DRAWER BANKNORTH, N.A.

AUTHORIZED SIGNATURE

Issued By Integrated Payment Systems Inc. | Englewood, Colorado
/Glen One, N.A, Denver, Colorado

⑈221103⑈ ⑆10 2000979⑈ 680059465393301⑈



C-C 00437
CONFIDENTIAL



C-C 00540
CONFIDENTIAL



C-C 00562
CONFIDENTIAL



**OFFICIAL CHECK**

929290474

BANK OF NEW HAMPSHIRE
A BANKNORTH COMPANY, N.A.

PAY
TO THE
ORDER OF:
*** BOSTON HARLEY DAVIDSON ***

DATE  09SEP03

$*********17,770*DOLLARS*AND*00*CENTS*

*****$17,770.00

DRAWER: BANKNORTH, N.A.

AUTHORIZED SIGNATURE

Issued By: Integrated Payment Systems Inc., Englewood, Colorado
Bank One, N.A., Denver, Colorado

⑈221103⑈ ⑆1020009799⑆ 680092929047488⑈

THE VARIABLE TONE BACKGROUND AREA OF THIS DOCUMENT CHANGES COLOR GRADUALLY AND SMOOTHLY FROM DARKER TONES AT BOTH TOP AND BOTTOM TO THE LIGHTEST TONE IN THE MIDDLE.

C-C 00485
CONFIDENTIAL



**OFFICIAL CHECK**

BANK OF NEW HAMPSHIRE

DENISE GALLAGHER

PAY
TO THE
ORDER OF          *** BOSTON HARLEY DAVIDSON ***          DATE    07SEP03

*****$14,320.00*

$*********14,320*DOLLARS*AND*00*CENTS*

C-C 00472
CONFIDENTIAL

DRAWER: SANDFORTH, N.A.

AUTHORIZED SIGNATURE

Issued by Integrated Payment Systems Inc., Englewood, Colorado

⑈221103⑈ ⑆102000979⑆ 68009292904448⑈

THE VARIABLE TONE BACKGROUND AREA OF THIS DOCUMENT CHANGES COLOR GRADUALLY AND SMOOTHLY FROM DARKER TONES AT BOTH TOP AND BOTTOM TO THE LIGHTEST TONE IN THE CENTER

# EXHIBIT 25

4104
1694
0035    (VISA.)
4205
X-9-05

P.01

Jul 19 2003  12:24

Fax:1-978-229-2190

MOYNIHAN LUMBER



C-C 00522
CONFIDENTIAL



EXHIBIT
CHRISTENSEN
6



OFFICIAL CHECK

BANK OF NEW HAMPSHIRE
A division of BankNorth, N.A.

PAY TO ***

REMITTER

DATE     18SEP00

PAY TO THE ORDER OF     *** BOSTON HARLEY DAVIDSON ***     ****$18,585.00

$**********18,585*DOLLARS*AND*00*CENTS*

DRAWER: BANKNORTH, N.A.

AUTHORIZED SIGNATURE

Issued By Integrated Payment Systems Inc., Englewood, Colorado
Bank One, N.A. Denver, Colorado

⑈221103⑈ ⑆102000979⑆ 6800594653 9292⑈

THE VARIABLE TONE BACKGROUND AREA OF THIS DOCUMENT CHANGES COLOR GRADUALLY AND SMOOTHLY FROM DARKER TONES AT BOTH TOP AND BOTTOM TO THE LIGHTEST TONE IN THE MIDDLE



C-C 00507
CONFIDENTIAL



C-C 00442
CONFIDENTIAL



C-C 00545
CONFIDENTIAL



C-C 00558
CONFIDENTIAL



C-C 00492
CONFIDENTIAL



C-C 00466
CONFIDENTIAL

# EXHIBIT 26

 Harley-Davidson Motor Company, 3700 West Juneau Ave., PO Box 653, Milwaukee, WI 53201  414/342-4680

April 20, 2004

BY CERTIFIED MAIL – RETURN RECEIPT REQUIRED

Cycle-Craft Co., Inc.
1760 Revere Beach Parkway
Everett, MA  02149
Attention:  John F. Atwood, President and Dealer Operator

Re:     *Notice of Dealer Contract Termination*

Dear Mr. Atwood:

This is to notify you that the September 19, 2000 Dealer Contract between Cycle-Craft Co., Inc. ("Cycle-Craft") and Harley-Davidson Motor Company ("Harley-Davidson") is hereby terminated effective sixty days from the date of your receipt of this letter, pursuant to Sections M.4 and M.6 of the General Conditions of that Contract.  You are further notified that Cycle-Craft's Dealer Contract of same date for the sale of Buell Products will also terminate at that time pursuant to Section N.3 of that Contract and for the reasons set forth herein.  As summarized herein, termination of the Dealer Contracts is based upon: (1) Cycle-Craft's repeated submission of false sales reports and information to Harley-Davidson; (2) Cycle-Craft's repeated sale of Harley Davidson Products to non-retail purchasers; and (3) Cycle-Craft's failure to complete and maintain pre-delivery inspection reports and sales and warranty registration forms for new motorcycles sold by the dealership, each instance of which constitutes a direct and material violation Cycle-Craft's contractual obligations to Harley-Davidson.

As you know, Harley-Davidson recently completed an inspection of certain Cycle-Craft sales records in accordance with Section J.6 of the General Conditions of the Harley-Davidson Dealer Contract ("Dealer Contract").  The results of this audit are set forth under separate cover to you dated April 19, 2004, a copy of which is enclosed herewith and incorporated by reference.  The audit revealed numerous instances in which Cycle-Craft falsely reported the identity of the purchaser, the date of the purchase, and/or other information, including designating the sale as retail.  Specifically, retail sales were reported by Cycle-Craft before they actually occurred and under false names.  In a number of instances, Cycle-Craft used names of employees and/or their family members, falsely reporting sales to such individuals.  Moreover, a substantial number of Cycle-Craft sales were falsely reported as having been made to retail customers, when in fact they were made to wholesalers and/or unauthorized dealers.  Finally, our review of Cycle-Craft records during the audit showed that numerous customer files did not contain proper records of pre-delivery inspection and/or sales and warranty registration forms for new motorcycle sales.

Cycle-Craft Co., Inc.
April 19, 2004
Page 2

Cycle-Craft's conduct violates core Harley-Davidson values, and hence, core provisions of the Dealer Contract. Section A of the General Conditions of that Contract identifies its "Purposes and Objectives" – namely, to sell and service Harley-Davidson Products in a manner consistent with the company's Values, Issues, Vision and Mission. The first-listed Harley-Davidson Value is: "Tell the Truth." From Cycle-Craft's conduct, it is clear that it does not share this value, and has repeatedly violated this fundamental covenant of the Dealer Contract.

The Dealer Contract General Conditions further provide (Section J.2) that "Dealer will cooperate with Seller in furnishing inventory, retail sales and other statistical reports as may reasonably be requested by Seller from time to time." By falsifying its sales reports to Harley-Davidson, Cycle-Craft has plainly failed to cooperate in the provision of this information, and has otherwise violated Section F.7 of the General Conditions and related Harley-Davidson policies concerning the proper completion of Sales and Warranty Registration Forms. Additionally, by selling Products to wholesalers and/or unauthorized dealers, Cycle-Craft has directly violated Section B.6 of the General Conditions, which states: "Dealer shall not sell Harley-Davidson Products for resale to non-retail customers other than United States authorized Harley-Davidson dealers." Lastly, by failing to maintain proper records of pre-delivery inspections and sales and warranty registration forms, Cycle-Craft has violated Sections F.1, F.2 and F.7 of the General Conditions of the Dealer Contract and related Harley-Davidson policies.

Under these circumstances, Harley-Davidson has the right to terminate the Dealer Contract according to its terms. Specifically, Section M.4(b) of the General Conditions gives Harley-Davidson the right to terminate the Dealer Contract on thirty-days notice in the event that "Dealer submits to Seller any application, claim, report, record or other information which is fraudulent or contains any material misrepresentation by Dealer." Further, under Section M.6(c), Harley-Davidson has the right of termination on sixty-days notice whenever it "reasonably believes that the Dealer, Dealer Operator or any Owner(s) has failed, refused or neglected to conform his or her conduct (whether personal or business) with Seller's Mission, standards of good citizenship or generally acceptable behavior in contemporary society or the local community, in a way that may adversely affect the Ownership, operation, management, reputation, business, goodwill or interests of Dealer or Seller or may impair the goodwill associated with the Trademarks." In this regard, Harley-Davidson believes that by engaging in non-retail sales and submitting false sales reports, which reports appear designed to obtain an unfair allocation of Products and/or to conceal non-retail transactions from Harley-Davidson, Cycle-Craft has failed to conform its conduct to the standards referenced in Section M.6(c). Finally, Section M.6(f) of the General Conditions allows Harley-Davidson to terminate the Dealer Contract upon any "[b]reach, violation or failure to fulfill any of Dealer's other responsibilities under this Contract." As set forth above, Cycle-Craft's submission of false sales reports and its sales to wholesalers violates both the letter and the spirit of the Dealer Contract.

Cycle-Craft Co., Inc.
April 19, 2004
Page 3

As noted above, termination of the Dealer Contracts shall be effective sixty days following your receipt of this notice. In the meantime, pursuant to the Dealer Contract and applicable policies, the sales referenced in the audit report will be deducted from your new motorcycle allocation. All factory incentives and allowances on these motorcycles will be charged-back against your account, and a summary of these charge-backs is included with this letter. Further, please take note of Cycle-Craft's post-termination obligations under Section M.7 of the General Conditions of each of the Harley-Davidson and Buell Dealer Contracts, which provisions will be strictly enforced.

While Harley-Davidson is committed to exercising its termination rights as referenced above, we nevertheless wish to achieve as smooth and professional a transition as possible. To that end, please contact me at your convenience to discuss how this may be achieved.

Sincerely,

Jon Flickinger
Vice President
North American Sales and Dealer Services

JF04041

# EXHIBIT 27

VOLUME:    I
PAGES:     176
EXHIBITS:  See Index


UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


|   |   |
|---|---|
| CYCLE-CRAFT CO., INC., | x |
| d/b/a BOSTON | x |
| HARLEY-DAVIDSON/BUELL, | x |
| Plaintiff | x |
|  | x  CASE NO. |
| vs. | x  04 11402 NMG |
|  | x |
| HARLEY-DAVIDSON MOTOR | x |
| COMPANY, INC., and BUELL | x |
| DISTRIBUTION COMPANY, LLC, | x |
| Defendants | x |


*VIDEOTAPED DEPOSITION of*
*KENNETH MCPHEE,* taken pursuant to the
applicable provisions of the Federal Rules
of Civil Procedure, before Jill Kourafas,
Certified Shorthand Reporter and Notary
Public in and for the Commonwealth of
Massachusetts held at the Law Offices of
Bingham McCutchen, 150 Federal Street,
Boston, Massachusetts, on May 2, 2005,
commencing at 9:17 a.m.

*REPORTERS, INC.*
*GENERAL & TECHNICAL COURT REPORTING*
*23 MERRYMOUNT ROAD, QUINCY, MA 02169*
*617.786.7783/FACSIMILE 617.786.7723*

1         Sundays.

2   Q.   What discussion was there relating to this

3         offer to employees that you recall at the

4         managers meeting?

5   A.   Ron made the offer that if people were

6         interested in buying a new motorcycle that

7         he would -- made the offer to sell them a

8         unit at $500 over dealer cost.

9   Q.   Did you understand that the purpose of this

10        or the goal of this was to unload the

11        inventory by the end of the model year?

12             MR. REHNQUIST:  Objection.

13   A.   I understood that we were trying to sell

14        units, yes.

15   Q.   You were trying to sell units, new units by

16        the end of the model year?

17   A.   Yes.

18   Q.   Did Mr. Buchbaum indicate that that was

19        something that he considered to be important

20        to get those units sold by the end of the

21        model year?

22   A.   Yes.

23   Q.   Did that sale or offer of units at $500 over

24        invoice allow the dealership to sell all of

1              its remaining 2003 inventory by the end of

2              the model year?

3                      MR. REHNQUIST:  Object to the form.

4   A.   No.

5   Q.   And was another offer made at some point?

6   A.   Yes.

7   Q.   Is that the offer you referred to at the top

8              of Page 6 of your declaration in

9              Paragraph 19?

10   A.   Yes.

11   Q.   So, Mr. Buchbaum essentially dropped the

12             price to dealer cost without any markup at

13             some point?

14   A.   Yes.

15   Q.   How long before the end of the model year do

16             you recall that offer was made?

17   A.   Approximately maybe two weeks.

18   Q.   How was that offer conveyed?

19   A.   Same way, morning managers meeting.

20   Q.   And then the managers conveyed it, to your

21             knowledge, to other employees?

22   A.   Yes.

23   Q.   Do you recall anything in writing relating

24             to either of these two offers, either

# EXHIBIT 28

VOLUME:    I
PAGES:     55
EXHIBITS:  See Index


UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS


|  |  |  |
|---|---|---|
| CYCLE-CRAFT CO., INC., | x | |
| d/b/a BOSTON | x | |
| HARLEY-DAVIDSON/BUELL, | x | |
| Plaintiff | x | |
| | x | CASE NO. |
| vs. | x | 04 11402 NMG |
| | x | |
| HARLEY-DAVIDSON MOTOR | x | |
| COMPANY, INC., and BUELL | x | |
| DISTRIBUTION COMPANY, LLC, | x | |
| Defendants | x | |


*VIDEOTAPED DEPOSITION of MICHAEL BLOOM,*
taken pursuant to the applicable provisions
of the Federal Rules of Civil Procedure,
before Jill Kourafas, Certified Shorthand
Reporter and Notary Public in and for the
Commonwealth of Massachusetts held at the
Law Offices of Bingham McCutchen,
150 Federal Street, Boston, Massachusetts,
on May 2, 2005, commencing at 3:10 p.m.


*REPORTERS, INC.*
*GENERAL & TECHNICAL COURT REPORTING*
*23 MERRYMOUNT ROAD, QUINCY, MA 02169*
*617.786.7783/FACSIMILE 617.786.7723*

1    A.    No.

2    Q.    Did you or your wife or your son or your

3          daughter fill out any forms or paperwork for

4          the purchase of a new motorcycle from

5          Cycle-Craft in July of '03?

6    A.    I did not, my wife did not, my son did not

7          and, to the best of my recollection, my

8          daughter did not.

9    Q.    Did any of you put down a deposit for a new

10         motorcycle to be purchased from Cycle-Craft

11         in July of '03?

12   A.    I did not.

13   Q.    To your knowledge, did your wife, daughter

14         or son?

15   A.    Not that I'm aware of.

16   Q.    Now, what was the understanding that you

17         said was reached?  You said there was some

18         understanding regarding a purchase of a

19         motorcycle?

20   A.    Yeah, that we could purchase motorcycles at

21         a discounted rate, and also that there's no

22         guarantee we are going to get those

23         motorcycles 'cuz if they were sold to a

24         retail customer, they were gonna be sold.

1   Q.   So, is this an offer that Mr. Buchbaum made?

2   A.   Yes.

3   Q.   And was it made to you as well as others?

4   A.   Yes, it was.

5   Q.   Was it made in or around July of '03?

6   A.   Yes, it was.

7   Q.   Do you remember what the discounted rate

8        was?

9   A.   We were told it would be above -- a little

10       above cost.  To me, I didn't know what that

11       was at the time, but it sounded like a

12       fantastic deal.

13  Q.   Did you promise anyone that you would

14       purchase a motorcycle in July of '03?

15  A.   What do you mean by that?

16            MR. REHNQUIST:  Object to the

17       form.

18  Q.   Did you promise Mr. Buchbaum that you would

19       buy a motorcycle in July of '03?

20  A.   I would buy the motorcycles if they were

21       available to me.  I never promised him,

22       because the understanding was that they

23       could be sold and we couldn't get them.  But

24       if they were not sold, we were gonna get

1          motorcycle from the dealership?

2   A.   No.

3   Q.   Did your daughter Lissa indicate to anyone

4          at the dealership that she would buy a

5          motorcycle from the dealership?

6               MR. REHNQUIST:  Objection;

7          foundation.

8   Q.   You can answer.

9   A.   My daughter was going to take the course to

10         buy a motorcycle, so --

11   Q.   Take the course?

12   A.   There's a Rider's Ed. course, they call it.

13         She wanted to learn how to ride a motorcycle

14         and she was going to buy a motorcycle and

15         she was talking about several different

16         models and coming to me.

17             But what was your question, did

18         she --

19   Q.   Whether she indicated to anyone at the

20         dealership that she would buy a motorcycle.

21   A.   You'd have to -- I don't know.  I mean, she

22         indicated to me she would, but I don't know

23         anyone else in the dealership that she

24         talked with.

```
 1    Q.   How about your son Matt, did he indicate
 2         that he would buy a motorcycle from the
 3         dealership?
 4    A.   Absolutely.
 5    Q.   Who did he say that to?
 6    A.   To me.
 7    Q.   Did he pick one out?
 8    A.   I picked it out, but again, I don't know
 9         what the model was, because he's 6-foot-7,
10         6-foot-8, so it would have to be a big
11         motorcycle, it wouldn't be a Sportster or a
12         little bike.
13    Q.   Did he fill out any paperwork committing to
14         buy a motorcycle?
15    A.   Not that I know of, no.
16    Q.   Did you?
17    A.   No.
18    Q.   And, to your knowledge, your wife and
19         daughter did not either fill out --
20    A.   I already told you that, no, they did not.
21    Q.   Do you know what an "SWR Form" is?
22    A.   Yes.
23    Q.   What is it?
24    A.   It's a paper that once a motorcycle is sold,
```

# EXHIBIT 29

1                                          Volume: I

                                           Pages: 1-117

2                                          Exhibits: 1-3

3              UNITED STATES DISTRICT COURT

4                DISTRICT OF MASSACHUSETTS

5    CYCLE-CRAFT COMPANY, INC.,              )

6    d/b/a BOSTON                            )

7    HARLEY-DAVIDSON/BUELL,                  ) DOCKET NO.:

8                   Plaintiff               ) 04-11402-NMG

9            vs.                             )

     HARLEY-DAVIDSON MOTOR COMPANY,          )

10   INC., AND BUELL DISTRIBUTION            )

     COMPANY, LLC,                           )

11                   Defendants.             ).

12   _____  )

13       VIDEO DEPOSITION OF JAMIE E. MCGRATH

14              DATE:     MAY 20, 2005

15              TIME:     9:08 A.M.

16              PLACE:    BINGHAM MCCUTCHEN LLP

17                        150 FEDERAL STREET

18                        BOSTON, MA   02110

19

20

21

**MEDEIROS STENO & VIDEO GROUP**
"THE TRAVELING REPORTER FOR THE TRAVELING LITIGATOR SINCE 1988"

22   *Boston:        617.590.9767                      *Depositions
     *New York:/NJ   646.413.4499                      *Arbitrations
23   *Florida        305.321.7414                      *E-transcript
24   *E-mail:        depo@gomedeiros.com               *V ideo

*MA *CT *NY *NJ *FL

109

1    and buy three to five motorcycles at a time with or

2    on behalf of friends or acquaintances and it is not

3    particularly unusual for a single individual to

4    represent a number of buyers."  Do you see that

5    written there?

6         A.    Yes.

7         Q.    And I believe you testified to Miss

8    Singh's questioning that you remembered a couple of

9    instances where that had happened before?

10        A.    Yeah.

11        Q.    And you specifically remember the 19 bikes

12   to Florida?

13        A.    Yeah.

14        Q.    And then a police officer who would come

15   in with friends?

16        A.    Yes.

17        Q.    Do you remember any other instances?

18        A.    I don't remember.  I know that there were

19   other instances, I don't remember specifically what

20   they were, but I do remember that it happened.  I

21   don't remember the names, though.

22        Q.    But you can't identify the names?

23        A.    No, I don't recall.

24        Q.    In July 2003 did you agree to buy a

110

1    motorcycle?

2          A.    I did.

3          Q.    **And why did you do that?**

4          A.    Because I was interested in learning how

5    to ride.  I was going to take a learn-how-to-ride

6    class.

7          Q.    **Offered by Boston Harley-Davidson?**

8          A.    No, they didn't offer it.  Beverly Cycles

9    I think it's called.

10         Q.    **And did you end up taking that class?**

11         A.    No.  I never got out of the office enough

12   to actually go and do it, so...

13         Q.    **And so did you end up purchasing the bike?**

14         A.    I didn't.

15         Q.    **And why was that?**

16         A.    Because I didn't end up learning how to

17   ride, so I never had the time to.

18         Q.    **I think Miss Singh asked you a question**

19   **about some testimony that Sean Walsh said about Ron**

20   **Buchbaum giving you a list of names in a meeting?**

21         A.    Uh-huh.

22         Q.    **She asked you if you remembered that**

23   **meeting and that exchange of dialogue happening.**

24   **And I believe the first time she asked you that, you**

5/20/05 DEPOSITION OF JAMIE MCGRATH

111

1   testified no and the second time she asked you that

2   you testified you don't recall.  What is your memory

3   about that?

4       A.   I don't have a memory.  Didn't happen.

5       Q.   So you don't remember that happening?

6       A.   No.

7              MS. SMAGULA:  Okay.  That's all I

8   have.

9              MS. SINGH:  Just a second.

10             REDIRECT EXAMINATION

11    BY MS. SINGH:

12      Q.   Just a couple of more questions for me.

13      A.   Okay.

14      Q.   You stated just now that in July 2003 you

15   agreed to buy a cycle, right?

16      A.   Right.

17      Q.   Did you make an agreement with somebody?

18      A.   I don't remember who, but I made an

19   agreement to buy one.

20      Q.   Okay.  Somebody within Cycle-Craft?

21      A.   Yes.

22      Q.   Okay.  So did somebody within Cycle-Craft

23   approach you and ask you to buy a cycle?

24      A.   It was known that we were, you know, that

112

1    there was a big sale going on and we were, you know,

2    eligible to buy a bike at a good price.

3         Q.    Okay.  And so you told somebody at

4    Cycle-Craft that you wanted to buy a cycle?

5         A.    Uh-huh.

6         Q.    Okay.  Did you look at a specific bike?

7         A.    Yes.

8         Q.    What was that bike?

9         A.    V Rod.

10        Q.    And what color was it?

11        A.    Silver.

12        Q.    And you said that you were interested in

13   learning how to ride a cycle?

14        A.    Uh-huh.

15        Q.    And you picked out a class that you could

16   take for it?

17        A.    Yes.  I didn't pick it out, but I knew of

18   classes that I could have gone to.  There's a couple

19   of them offered.

20        Q.    Okay.  So you said in July 2003 there's

21   this sale going on and you agreed to buy a cycle.

22   Did you memorialize that agreement in some way?  Did

23   you put it in writing to anyone?

24        A.    No, that that I remember, no.