UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 04 11402 NMG |

## DEFENDANTS' MOTION IN LIMINE REGARDING ORDER OF PROOF

### INTRODUCTION

On April 20, 2004, Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson"), served a notice of termination on Cycle-Craft based on the submission of false sales reports for motorcycles that it had not actually sold at retail to customers and for the sale of motorcycles to persons other than retail customers. On or about June 18, 2004, Cycle-Craft filed this lawsuit, under M.G.L. c. 93B, § 5, challenging Harley-Davidson's decision. On January 31, 2006, the Court issued an order setting a trial date for May 22, 2006 and advising that it will submit plaintiff's claim brought under Chapter 93B to the jury for an advisory verdict. The parties have also been directed to submit an exhibit list, by May 5, 2006, specifying the exhibits they intend to offer into evidence in "order of their introduction to the Court." Accordingly, Harley-Davidson submits this motion for guidance concerning which party will present its case first at trial.

Here, the ultimate issue in this case is whether, under M.G.L. Chapter 93B, the dealer's conduct materially violated the parties' Dealer Agreement and thus constitutes "good cause" for termination. Importantly, while the suit was initiated by Cycle-Craft, M.G.L. c. 93B, § 5(m) provides in relevant part that "[t]he burden to establish that a termination, nonrenewal or renewal . . . was for good cause *shall be upon the manufacturer or distributor.*" (Emphasis added). Thus, Harley-Davidson, as the manufacturer, bears the burden of proof in this matter.[1] Unless Cycle-Craft is willing to carry that burden, notwithstanding the language of the statute, the Court should allow Harley-Davidson to present its case-in-chief first at trial.

## ARGUMENT

### I.   AS A MATTER OF FEDERAL PRACTICE AND IN THE INTEREST OF FAIRNESS AND JUSTICE, THE PARTY WITH THE BURDEN OF PROOF PUTS FORTH ITS CASE FIRST.

There is ample authority recognizing that, under normal circumstances, the party having the burden of proof is required to put in its affirmative case first. *See* Hon. Paul J. Liacos, et al., *Handbook of Massachusetts Evidence*, § 3.1 (7th ed. 1999) ("The party having the burden of proof is required to put in its entire affirmative case first"); 88 C.J.S. *Trial* § 99 (2005) ("The party having the affirmative of the issue or burden of proof, and thus entitled to open and close, is determined by the state of the pleadings"). "The question is usually determined by

---

[1] Cycle-Craft has the burden to establish that Harley-Davidson's decision was made in bad faith, arbitrarily or in an unconscionable manner. Cycle-Craft also asserts that Harley-Davidson breached the Dealer Agreement when it reduced its allocation and charged back its account based on its submission of false sales reports. All of these issues are secondary to the core issue in this case -- whether Harley-Davidson had good cause to issue a Notice of Termination in the first place.

- 2 -

ascertaining who would prevail, or be entitled to verdict or judgment, if no evidence were introduced by either party . . ." *Id.* Harley-Davidson is entitled to present its case first because if no evidence was presented, it would be unable to satisfy its burden to show good cause for termination, and Cycle-Craft would prevail on the merits of its Chapter 93B claim.

It is widely recognized in the federal courts that the party with the burden of proof has the right to open the trial with its case-in-chief. *See, e.g, Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980); *John Hancock Mut. Life Ins. Co. v. Dutton*, 585 F.2d 1289, 1295-96 (5th Cir. 1979); *Silver v. New York Life Ins. Co.*, 116 F.2d 59, 61-62 (7th Cir. 1940); *United States v. Savannah Shipyards*, 139 F.2d 953, 955 (5th Cir. 1944). Importantly, the right to proceed first is afforded to the party bearing the burden of proof, regardless of whether the party is the plaintiff or the defendant. *See, e.g., Dutton*, 585 F.2d at 1295-96 ("district court [properly] allowed Sheley and Dutton to open and close the argument because the court concluded that the burden of proof on the accidental death issue was on them"); *Silver*, 116 F.2d at 61-62 (holding that the district court did not err in permitting the defendant to open and close the argument because defendant had the burden of proof); *Montwood Corp. v. Hot Springs Theme Park Corp.*, 766 F.2d 359, 364 (8th Cir. 1985) (holding that defendant was properly allowed to open closing arguments because it had the burden of proof on the issue in dispute); *Chessman v. Hart*, 42 F. 98, 105 (D.C.C. Co. 1890) (holding that defendants' counsel should open and close the argument because the burden rested on the defendants). No circumstances are present here which would warrant a decision by the Court to depart from the ordinary order of evidence presentation and allow Cycle-Craft to proceed with its case before Harley-Davidson.

- 3 -

Further, traditional notions of fairness and justice "favor giving the privilege of opening and closing to the party who carries the burden of proof." *United States v. 2,353.28 Acres of Land*, 414 F.2d 965, 972 (5th Cir. 1944); *see also Montwood*, 766 F.2d at 364 (characterizing district court's decision to allow defendant with the burden of proof to proceed first as not "inconsistent with substantial justice"); *Chessman*, 42 F. at 105 (D.C.C. Co. 1890) (holding that common fairness demanded that defendants' counsel open and close the argument because the defendants' held "the laboring oar throughout on all vital issues in question"). In this case, fairness necessitates granting Harley-Davidson the privilege of putting forth its case first. It was Harley-Davidson that made the decision to terminate Cycle-Craft based on, among other things, the submission of false sales reports. Accordingly, it should have the right to demonstrate affirmatively, in the first instance, that there is good cause for that decision. Here, it is simply more logical and will make for a smoother presentation of the evidence to the jury to have Harley-Davidson present its evidence first, explaining, among other things, its decision-making process.

## CONCLUSION

Because the trial in this matter is scheduled for May 22, 2006 and the parties have been directed to file an exhibit list by May 5, 2006, Harley-Davidson respectfully requests that the Court order plaintiff to file its opposition within seven (7) calendar days. For all of the foregoing reasons, Harley-Davidson respectfully requests that the Court allow it to present its case first -- unless Cycle-Craft is willing to bear the burden of proof at trial.

- 4 -

**Harley-Davidson Motor Company, Inc.,
and Buell Distribution Company, LLC**

By their attorneys,


_____/s/ William F. Benson_____
William N. Berkowitz, BBO# 544148
William F. Benson, BBO# 646808
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Fx: (617) 951-8736

Dated:  April 19, 2006

## RULE 7.1 CERTIFICATION

I, William N. Berkowitz, hereby certify that counsel for defendants has conferred, by electronic mail, with counsel for plaintiff and attempted in good faith to resolve the issues presented in this motion.

_____/s/William. N. Berkowitz_____
William N. Berkowitz

- 5 -