UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
CYCLE-CRAFT CO., INC. )
d/b/a BOSTON HARLEY-DAVIDSON/BUELL, )
)
                      Plaintiff, )
)    Civil Action
                      v. )    No. 04 11402 NMG
)
HARLEY-DAVIDSON MOTOR COMPANY, INC., )
and BUELL DISTRIBUTION COMPANY, LLC, )
)
                      Defendants. )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
**MOTION IN LIMINE REGARDING ORDER OF PROOF**

Plaintiff Cycle-Craft Co. Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") hereby opposes Defendants' Motion in Limine Regarding Order of Proof, in which defendants Harley-Davidson Motor Company, Inc., and Buell Distribution Company, LLC, (collectively "Harley-Davidson") argue that Harley-Davidson should be able to present its case first because it bears the burden of proof on the "ultimate issue" of whether it had "good cause" to terminate plaintiff's dealership. Defendant Harley-Davidson's argument rests on a mischaracterization of the claims at issue here. It is plaintiff Cycle-Craft, not defendant, that has the burden of proof of three of the four claims to be tried. Harley-Davidson cites not a scrap of authority suggesting that a defendant should be allowed to present first in such circumstances, and its motion should be denied.

## ARGUMENT

Plaintiff Cycle-Craft has asserted claims against defendant Harley-Davidson for violation of Mass. Gen. Laws Chapter 93B (Count I), Breach of Contract (Count II), and Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III). The Chapter 93B Count alleges both that Harley-Davidson's termination was in bad faith, arbitrary, or unconscionable and also that the termination was not justified by good cause. *See* Mass. Gen. Laws Ch. 93B, § 5(a). It is undisputed that Cycle-Craft has the burden on the former issue and Harley-Davidson on the latter, *id*. § 5(m), although the evidence that is relevant to the two issues will largely overlap. Harley-Davidson moved for summary judgment on all three Counts, and its motion was denied in its entirety. Accordingly, this case goes to trial with plaintiff Cycle-Craft having the burden of proof on three of the four issues to be tried.

None of the case law cited by Harley-Davidson addresses the order-of-proof issue in a context where plaintiff has the burden on <u>any</u> disputed issue, much less in the context presented here, where plaintiff has the burden of proof on the majority of issues. Indeed in the cases cited by defendant, the only issue in dispute was one on which the <u>defendant</u> bore the burden of proof. *See Montwood Corp. v. Hot Springs Theme Park Corp.*, 766 F.2d 359, 364 (8th Cir. 1985) (defendant properly permitted to open and close argument where it had burden of proof on only issue in dispute in contract case); *John Hancock Mut. Life Ins. Co. v. Dutton*, 585 F.2d 1289, 1291, 1295-96 (5th Cir. 1978) (defendant policyholder allowed to open and close where she had burden of proof on only issue in case, namely, whether death was accidental); *United States v. Savannah Shipyards, Inc.*, 139 F.2d 953, 954-56 (5th Cir. 1944) (where defendant had burden of proof on "just

compensation" issue in eminent domain case, the only issue in dispute, defendant allowed to open and close the case); *Silver v. New York Life Ins. Co.*, 116 F.2d 59, 61-62 (7th Cir. 1940) (defendant allowed to open and close where it had burden of proof on only issue, namely, whether insurance policy was "conditionally delivered").

Where, as here, both parties bear the burden of proof on issues, the better view is to preserve the "normal" order of proof, with plaintiff presenting and arguing first. *See L-3 Commc'ns Corp. v. OSI Sys., Inc.*, __ F.Supp.2d __, 2005 WL 3108510 at * 2 (S.D.N.Y. Nov. 21, 2005) ("Where both parties bear the burden of proof on distinct counts of their causes of action, as is the case here, the court has good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.'") (quoting *Anheuser-Busch, Inc. v. John Labatt*, 89 F.3d 1339, 1344 (8th Cir. 1996)). No deviation from the standard presentation order is warranted here. Because the "bad faith" and "good cause" claims contain significant factual overlap, moreover, no efficiency or clarity of prosecution will be gained by reversing the standard of proof.

Nor is there anything unfair about having the named plaintiff present first. This is not a situation where plaintiff won a "race to the courthouse." Harley-Davidson had the ability and opportunity to file suit to enforce its termination decision. *See* Mass. Gen. Laws Ch. 93B § 5(f) ("either the motor vehicle dealer or the manufacturer or distributor may file a complaint . . . to enforce or enjoin a termination"). It chose not to. It cannot now complain about being the defendant.

## CONCLUSION

For the foregoing reasons, Defendants' Motion in Limine Regarding Order of Proof should be denied.

Respectfully submitted,

CYCLE-CRAFT CO., INC.

By its attorneys,

\_\_\_/s/ James C. Rehnquist_____
James C. Rehnquist (BBO# 552602)
Christopher C. Nee (BBO# 651472)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

April 28, 2006

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2006.

/s/ Christopher C. Nee

LIBA/1693919.1