UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC. )<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL, )<br> )<br>Plaintiff, )<br>v. )<br> )<br>HARLEY-DAVIDSON MOTOR COMPANY, INC. )<br>and BUELL DISTRIBUTION COMPANY, LLC, )<br> )<br>Defendants. )<br> ) | CIVIL ACTION<br>NO. 04 11402 NMG |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
CONCERNING THE CHARITABLE CONTRIBUTIONS OF BOTH CYCLE-
CRAFT AND THE BOSTON HARLEY OWNERS GROUP**

Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson") move for an order *in limine* to prohibit plaintiff Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") and its counsel from arguing, offering evidence, or questioning any witness concerning (1) the charitable contributions made by Cycle-Craft and (2) the charitable contributions made by the Boston Chapter of Harley Owners Group, Inc. ("BHOG"). As set forth below, evidence of Cycle-Craft's and BHOG's charitable activities are irrelevant to whether Harley-Davidson had good cause to terminate Cycle-Craft, and -- if allowed into evidence -- would be unduly prejudicial.

**Brief Background**

On April 20, 2004, Harley-Davidson served a notice of termination on Cycle-Craft based on the submission of false sales reports for motorcycles that it had not actually sold at retail to customers and for the sale of motorcycles to persons other than retail customers. Pursuant to M.G.L. ch. 93B, §5(h), good cause exists for

termination if Harley-Davidson can show, by a preponderance of the evidence, that Cycle-Craft materially breached its Dealer Agreement. Further, pursuant to M.G.L., ch. 93B, §5(j), good cause can also be established after the court's review of all pertinent circumstances, which do not include Cycle-Craft's charitable contributions and certainly do not include the charitable contributions of BHOG -- a third party and separate corporate entity.

## Argument

### I. Evidence of Cycle-Craft's Charitable Activities Must Be Excluded As They Are Irrelevant and Unduly Prejudicial.

Based on plaintiff's disclosure of its proposed exhibits and witnesses, it appears that Cycle-Craft intends to introduce evidence of its alleged charitable activities. Such activities are irrelevant to whether Cycle-Craft materially violated the Dealer Agreement by submitting false sales reports. To the extent that evidence of the dealership's alleged charitable endeavors is relevant, any alleged minimal relevance is outweighed by its prejudicial effect; such evidence is plainly intended to curry favor with, and induce sympathy from the jury. It would be unfairly prejudicial to the defendants, and Harley-Davidson respectfully requests that such evidence be excluded. *See* Fed.R.Evid. 402 ("Evidence which is not relevant is not admissible."); Fed.R.Evid. 403 ("evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . ."); *United States v. Zenon*, 711 F.2d 476, 478 (1st Cir. 1983) ("court's decision not to hear this evidence, however was well within its power to exclude irrelevant evidence, Fed.R.Evid. 402, and to exclude 'relevant evidence,' the 'probative value' of which 'is substantially outweighed . . . by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.' Fed.R.Evid. 403.").

- 3 -

II. **Because the Boston Harley Owners' Group is Not a Party to this Case and is a Separate Corporate Entity, Evidence of Its Charitable Activities Must Be Excluded.**

Based on the recent disclosures made by Cycle-Craft, Cycle-Craft will presumably attempt to show that it is somehow responsible for the charitable contributions made by the Boston Harley Owners Group to various local organizations. However, it is undisputed that Cycle-Craft and BHOG are not one and the same. Indeed, it was Harley-Davidson that established the Harley Owners Group (*see* Exhibit A attached hereto) of which Boston Harley Owners Group is simply one chapter. While Cycle-Craft may contribute to the BHOG, they are two separate and distinct corporate entities. *See* Exhibit B attached hereto. As indicated on the Secretary of the Commonwealth's website, BHOG is a non-profit organization, which was organized in March 1996. *Id.* Further, the officers of Cycle-Craft are not the officers of the BHOG. *Id.* Harley-Davidson believes that Cycle-Craft will call, among others, Mr. Steve Deossie (BHOG's President) to testify concerning the purported charitable contributions made and awards received by the BHOG. While this information may be true, it has no bearing on whether Harley-Davidson has good cause to terminate Cycle-Craft, and if allowed into evidence, will confuse the jury (concerning the distinction between Cycle-Craft and BHOG), and will unduly prejudice the jury in favor of Cycle-Craft. Here, because the alleged "good deeds" are those of BHOG are not the "good deeds" of Cycle-Craft, any such evidence fairly should be excluded. Fed.R.Evid. 402, 403.

LITDOCS/639010.2

WHEREFORE, Harley-Davidson requests that the Court issue an order *in limine*:

1. Prohibiting Cycle-Craft and its counsel from arguing, offering evidence, or questioning any witness regarding the charitable contributions or activities of Cycle-Craft.

2. Prohibiting Cycle-Craft and its counsel from arguing, offering evidence, or questioning any witness regarding the charitable contributions and/or activities of the Boston Harley Owners Group.

**Harley-Davidson Motor Company, Inc., and Buell Distribution Company, LLC**

By their attorneys,

_____/s/ William F. Benson_____
William N. Berkowitz, BBO# 544148
William F. Benson, BBO# 646808
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Fx: (617) 951-8736

Dated: April 28, 2006

### RULE 7.1 CERTIFICATION

I, William F. Benson, hereby certify that counsel for defendants has conferred with counsel for plaintiff and attempted in good faith to resolve the issues presented in this motion.

_____/s/William. F. Benson_____
William F. Benson