UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
CYCLE-CRAFT CO., INC.                           )
d/b/a BOSTON HARLEY-DAVIDSON/BUELL,             )
                                                )
                              Plaintiff,         )
                                                )            Civil Action
          v.                                     )            No. 04 11402 NMG
                                                )
HARLEY-DAVIDSON MOTOR COMPANY, INC.,             )
and BUELL DISTRIBUTION COMPANY, LLC,            )
                                                )
                              Defendants.         )
_____)

**CYCLE-CRAFT'S MEMORANDUM IN SUPPORT OF MOTION
IN LIMINE NO. 1 TO PRECLUDE ADMISSION OF
PRIOR CONVICTION AND DEFERRED ADJUDICATION**

In a transparent attempt to shift the focus of the upcoming trial from the relevant

inquiry, Harley-Davidson Motor Company, Inc. ("Harley-Davidson") plans to disparage

Cycle-Craft Co., Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") General

Manager Ronald Buchbaum's character with wholly irrelevant evidence of two purported

criminal "convictions" and turn this proceeding into a trial of Mr. Buchbaum's character.

Cycle-Craft submits this memorandum in support of its motion in limine to preclude the

admission of this evidence pursuant to Federal Rules of Evidence 403, 404, 608 and 609.

**ARGUMENT**

By letter dated December 30, 2005, Harley-Davidson notified Cycle-Craft of its

intention to use at trial evidence of Mr. Buchbaum's "criminal convictions for theft of

property and concealment of property from bankruptcy trustee" pursuant to Rule 609(b).

See Exhibit A (Benson Letter of December 30, 2005).   Neither of these purported

LIBA/1688310.4

"convictions" are admissible under Rule 609, which permits the introduction of evidence

that a witness has been "convicted" of a crime involving "dishonesty or false statement,

regardless of the punishment" for impeachment purposes. Fed. R. Evid. 609(a)(2). First,

notwithstanding Harley-Davidson's suggestion to the contrary, Mr. Buchbaum was never

"convicted" of the crime of "theft of property" within the meaning of Rule 609. Indeed,

as evidenced by the documentation provided by Harley-Davidson, Mr. Buchbaum was

placed on deferred probation without an "adjudication of guilt" in accordance with

Article 42.12 of the Code of Criminal Procedure of Texas.[1] Such an adjudication under

Texas law does not constitute a "conviction" within the meaning of Rule 609. See United

States v. Hamilton, 48 F.3d 149, 153 (5th Cir. 1985) (citing case law indicating that a

deferred adjudication in Texas is not a "conviction" in finding no abuse of discretion by

trial court in limiting cross-examination under Rule 609 on witness's deferred

adjudication); see also United States v. Georgalis, 631 F.2d 1199, 1203 (5th Cir. 1980)

(finding violation of Rule 609 when prosecutor attempted to cross-examine defendant

about his deferred adjudication in Florida for felony check fraud); cf. Hernandez v. State,

897 S.W.2d 488, 492 (Tex. App.–Tyler 1995) (holding that evidence of deferred

adjudication was improperly used to impeach witness under equivalent Texas evidentiary

rule); Soliz v. State, 809 S.W.2d 267 (Tex. App.–San Antonio 1991, pet. ref'd) (finding

that trial court properly excluded evidence that witness was on deferred probation under

---

[1]   The Court Order placing Mr. Buchbaum on deferred probation is titled "Order of Probation Without
Adjudication of Guilt" and specifies that "the best interests of society and the defendant [would] be
served by deferring further proceedings without entering an adjudication of guilt." See Attachment to
Exhibit A. The bottom of the first page of the order further states: "This Order is entered pursuant to
the provisions of Section 3d of Article 42.12, Code of Criminal Procedure of Texas, and is not a final
adjudication of guilt." Id. The Conditions of Probation, which are attached to the Order, reflect that
the adjudication was a "Deferred Adjudication." Id.

equivalent Texas evidentiary rule).  Therefore, Harley-Davidson should be precluded from offering any evidence regarding this matter pursuant to Rule 609 for the purpose of impeaching Mr. Buchbaum.

Nor should Harley-Davidson be permitted to cross-examine Mr. Buchbaum with regard to this matter pursuant to Rule 608, which permits cross-examination, in the discretion of the court, into specific instances of the conduct of a witness "if probative of truthfulness or untruthfulness."  Fed. R. Evid. 608(b).  As an initial matter, the probative value of this evidence with regard to Mr. Buchbaum's character for truthfulness or untruthfulness is minimal as the conduct at issue occurred more than 15 years ago.  See United States v. Merida, 765 F.2d 1205, 1216-17 (5th Cir. 1985) (holding that district court properly barred cross-examination regarding arrest that was more than 10 years old and had not resulted in conviction); United States v. Kennedy, 714 F.2d 968, 973 (9th Cir. 1983) (finding that cross-examination about witness's past membership in Hell's Angels was properly excluded under Rule 608(b) because witness's involvement was more than 10 years old and therefore "detracted only minimally from his credibility").  Moreover, even assuming that the evidence has some relevance to Mr. Buchbaum's character for truthfulness or untruthfulness, as discussed more fully below, the evidence should, in any event, be excluded because any probative value is substantially outweighed by the danger of unfair prejudice.  See e.g., United States v. Stoeckler, 215 F.3d 788, 790 (7th Cir. 2000) (cross-examination regarding 15 year-old administrative complaint with "no final assessment of guilt" was properly excluded under Rule 608(b) because the evidence "was unrelated and far too remote to be probative and it would have

been unfairly prejudicial"); <u>see</u> <u>also</u> <u>United States v. Olivo</u>, 80 F.3d 1466, 1470 (10th Cir. 1996) (citation omitted) ("Rule 608(b) is subject to Rule 403.").

Second, the admissibility of Mr. Buchbaum's conviction for bankruptcy fraud, which dates back to March 30, 1995, fares no better under Rule 609 as this conviction is more than ten years old and Harley-Davidson cannot demonstrate "exceptional circumstances" warranting its admission. Subsection (b) of Rule 609 bars the use of a conviction more than ten years old to attack a witness's credibility unless "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b); <u>see</u> <u>also</u> <u>Grenier v. Dow Chemical Co.</u>, 624 F. Supp. 1207, 1209 (D. Maine 1986) (emphasis in original) (citation omitted) ("Rule 609(b) requires the exclusion of evidence of a conviction more than ten years old unless its probative value substantially outweighs its prejudicial effect, and establishes a presumption that such convictions should <u>not</u> be received to impeach.").

Thus, in order for a stale conviction to be admissible, the "district judge must make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." <u>United States v. Mahler</u>, 579 F.2d 730, 734 (2d Cir. 1978); <u>see</u> <u>United States v. Cavender</u>, 578 F.2d 528, 531 (4th Cir. 1978) (finding admission of old convictions was error where district court did not state any "specific facts and circumstances" in support of its ruling). This requirement reflects Congress's intent that convictions over ten years old be admitted "very rarely and only in exceptional circumstances." <u>Mahler</u>, 579 F.2d at 736 (citing S.Rep. No. 1277, 93d Cong., 2d Sess. <u>reprinted in</u> 1974 U.S. Code Cong. &

Admin. News 7051, 7061).  Given the presumption in favor of excluding convictions

more than ten years old, the proponent of the evidence has the burden of establishing its

admissibility. See United States v. Beahm, 664 F.2d 414, 418 (4th Cir. 1981) ("[W]hen

the government seeks to use evidence of a conviction more than ten years old for

purposes of impeachment, it bears the burden of establishing specific, or articulated, facts

and circumstances that support the probative value of the conviction such that it

substantially outweighs its prejudicial impact."); Cavendar, 578 F.2d at 530 ("[T]he

burden of establishing such "specific facts and circumstances" supportive of the District

Court's determination is imposed on the Government.").

Harley-Davidson cannot carry its burden.  Mr. Buchbaum's bankruptcy fraud

conviction has little, if any, probative value and its introduction would be unduly

prejudicial to Cycle-Craft.  To start, there is nothing about the specific facts and

circumstances underlying this conviction that make it particularly probative of Mr.

Buchbaum's credibility as the conduct underlying the conviction essentially amounts to

nothing more than a restitution payment preferentially paid to a particular creditor.  See

Exhibit A.[2]  Additionally, given the age of the conviction – dating back over a decade –

the impeachment value is minimal.  See, e.g., United States v. Orlando-Figueroa, 229

F.3d 33, 46 (1st Cir. 2000) (upholding district court's exclusion of more-than-ten-year-

old conviction for mail fraud, where district court concluded that probative value of

impeachment evidence did not substantially outweigh its prejudicial effect); Wierstak v.

Heffernan, 789 F.2d 968, 972 (1st Cir. 1986) (affirming trial court's finding that prior

---

[2]    According to the Factual Resume submitted to the Court as evidence in that case, after filing for
bankruptcy, Mr. Buchbaum paid off a creditor and, in a subsequent filing with the bankruptcy court,
failed to disclose the asset and the transfer of that asset to a creditor. See Exhibit A.

convictions, which were more than ten years old, were not admissible for impeachment purposes in civil action because "prejudice that would have resulted . . . certainly outweighed any conceivable probative value").

Finally, Harley-Davidson should not be permitted to offer either Mr. Buchbaum's deferred adjudication or conviction for any other purpose. See Exhibit B (Berkowitz January 9, 2006 letter) (suggesting that the 1995 conviction involved a "scheme" that was "similar to [Mr. Buchbaum's] *modus operandi*" on behalf of Cycle-Craft and "reserv[ing] the right to offer such evidence for purposes other than merely attacking witness credibility as per Fed. R. Evid. 609(b)."). There is simply no similarity that can be drawn between Mr. Buchbaum's activities in connection with the deferred adjudication and his bankruptcy fraud conviction in the early 1990s and the actions of Cycle-Craft employees and third-parties in connection with motorcycle purchases over a decade later. These events from the early 1990s have zero probative value in this case as they would shed no light whatsoever on the question of whether Harley-Davidson's termination of Cycle-Craft's franchise agreement was for good cause (or even whether Harley-Davidson has been "defrauded"). Nor does the fact that Cycle-Craft hired "Mr. Buchbaum with actual knowledge of his criminal record," see Exh. B (Berkowitz Letter), transform the evidence into something other than improper character evidence.

Even if some similarity could be drawn, the probative value of the evidence would be substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403. Admission of this evidence would be unduly prejudicial to Cycle-Craft as it could cause the jury to conclude erroneously that Mr. Buchbaum's past transgressions indicate that Cycle-Craft made "fraudulent" sales in violation of the franchise agreement. Further,

admission of this information could muddle the legal issues in the case and cause the jury

to conclude that the ultimate question is whether Cycle-Craft breached its contract with

Harley-Davidson.  Consequently, this evidence in any event should be excluded pursuant

to Rule 403.

## CONCLUSION

Because admission of evidence of either Mr. Buchbaum's deferred adjudication or conviction has no probative value relative to the ultimate questions before the Court in this case and would have a substantial prejudicial effect on Cycle-Craft, the Court should exclude any evidence regarding those convictions pursuant to Rules 403, 404, 608 and 609 of the Federal Rules of Evidence.

Respectfully submitted,

CYCLE-CRAFT CO., INC.

By its attorneys,

   /s/ James C. Rehnquist
James C. Rehnquist (BBO# 552602)
Christopher C. Nee (BBO# 651472)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

April 28, 2006

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2006.

   /s/ Christopher C. Nee