# EXHIBIT A

**BINGHAM McCUTCHEN**

William F. Benson
Direct Phone: (617) 951-8659
william.benson@bingham.com

December 30, 2005

**Via Hand**

James C. Rehnquist, Esq.
Goodwin Procter LLP
Exchange Place
Boston, MA 02109

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**Re:    *Cycle-Craft Co., Inc. v. Harley-Davidson Motor Co., Inc.***
**U.S. District Court, C.A. No. 04-11402-NMG**

Dear Jim:

Pursuant to Fed.R.Evid. 609(b), please be advised that defendants intend to use at trial evidence of Ronald Buchbaum's prior criminal convictions for theft of property and concealment of property from bankruptcy trustee. Copies of these convictions are attached hereto.

Please contact me if you have any questions

Sincerely yours,

*William F. Benson*

William F. Benson

Enclosures

cc:    William N. Berkowitz, Esq. (w/ encl.)

NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

### To all to whom these presents shall come. Greeting:



irtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives and Records Administration, that the attached reproduction(s) is

a true and correct copy of documents in his custody.



| SIGNATURE |  |
|---|---|
| *Trudila Gore* | |
| NAME  DR. KENT C. CARTER | DATE  6-8-05 |
| TITLE  Regional Director | |

NAME AND ADDRESS OF DEPOSITORY

**Office of Regional Records Services**
**Southwest Region**
**501 W. Felix St., Bldg. 1**
**Fort Worth, TX  76115**

# United States District Court

## NORTHERN DISTRICT OF TEXAS
### Dallas Division

FILED

JUL 28 1995

NANCY DOHERTY, CLERK

By _____
Deputy

UNITED STATES OF AMERICA

v.

RONALD STEPHEN BUCHBAUM

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed on or After November 1, 1987)**

Case Number:    3:95-CR-087-D (01)

William M. Ravkind
Defendant's Attorney

THE DEFENDANT:

☒ pleaded guilty to Count  1 of the one-count Information filed on March 30, 1995.
☐ was found guilty on Count _ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC §§ 152 and 2 | Concealment of Property From Bankruptcy Trustee and Creditors, Aiding and Abetting | August 13, 1991 | 1 |

    The defendant is sentenced as provided in pages 1 through  4  of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _ and is discharged as to such count(s).
☐ Count(s) _    dismissed on the motion of the United States.
☒ It is ordered that the defendant shall pay a special assessment of $50 for Count 1, which shall be due
☒ immediately.

    IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:  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
Defendant's Date of Birth:  December 25, 1946

Defendant's Mailing Address:

4425 Knoll View Drive
Plano, Texas  75024

Defendant's Residence Address:

Same as Above

July 28, 1995
Date of Imposition of Sentence

Signature of Judicial Officer

SIDNEY A. FITZWATER, UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

July 28, 1995
Date

nt: RONALD STEPHEN BUCHBAUM                                    Judgment -- Page  2  of  4
Number:  3:95-CR-087-D (01)

## PROBATION

The defendant is hereby placed on probation for a term of  five (5) years.

While on probation, the defendant shall not commit another Federal, state, or local crime, shall not illegally possess a controlled substance, and shall not possess a firearm or destructive device. The defendant also shall comply with the standard conditions that have been adopted by this court (set forth below). If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution. The defendant shall comply with the following additional conditions:

☒    The defendant shall make restitution in the amount of $42,247.72, payable to the U.S. Dept. of Justice for disbursement to:

U.S. Bankruptcy Court
Bankruptcy No. 391-36226-HCA-7
1100 Commerce Street, Suite 12A24
Dallas, Texas 75242

Payment shall begin 30 days from the date of judgment through monthly installments of at least $500.

☒    The defendant shall refrain from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☒    The defendant shall provide to the probation officer any requested financial information.

☒    The defendant shall participate in the Home Confinement Program for a period not to exceed 180 consecutive days. During this time, the defendant will remain at his place of residence except for employment and other activities approved in advance by the defendant's U.S. Probation Officer. The defendant will maintain a telephone at his place of residence without "call forwarding," a modem, "Caller ID," "call waiting," or portable cordless telephones for the above period. At the direction of the defendant's probation officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the defendant's probation officer. The defendant shall pay the cost of the monitoring service as determined by the U.S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1.   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.   the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month;
3.   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.   the defendant shall support his or her dependents and meet other family responsibilities;
5.   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.   the defendant shall notify the probation officer within seventy-two (72) hours of any change in residence or employment;
7.   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8.   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10.  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11.  The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
12.  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13.  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

E: RONALD STEPHEN BUCHBAUM
Number:   3:95-CR-087-D (01)

Judgment -- Page <u>3</u> of <u>4</u>

## RESTITUTION AND FORFEITURE

### RESTITUTION

☒     The defendant shall make restitution for the following persons in the following amount:

| <u>Name of Payee</u> | <u>Amount of Restitution</u> |
|---|---|
| U.S. Bankruptcy Court<br>Bankruptcy No. 391-36226-HCA-7<br>1100 Commerce Street, Suite 12A24, Dallas, Texas 75242 | $42,247.72 |

Payments of restitution are to be made to:
☒     the United States Dept. of Justice for disbursement to the payee(s).
☐     the payee(s).

Restitution shall be paid:
☐     in full immediately.
☐     in full not later than  .
☐     in equal monthly installments over a period of   months.  The first payment is due on the date of this judgment.  Subsequent payments are due monthly thereafter.

☒     in installments according to the following schedule of payments:

Payments shall begin 30 days from the date of this judgment through monthly installments of at least $500.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

| FORFEITURE |
|---|
| ☐     The defendant is ordered to forfeit the following property to the United States: |

ant:   RONALD STEPHEN BUCHBAUM
Number:   3:95-CR-087-D (01)

Judgment -- Page  4  of  4 

## STATEMENT OF REASONS

☒     The court adopts the factual findings and guideline application in the presentence report.

OR

☐     The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level:   9 

Criminal History Category:   II 

Imprisonment Range:  6  to  12  months

Supervised Release Range:  2  to  3  years

Fine Range: $ 1,000  to  $ 10,000 

☒          Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution:  $  42,247.72 

☐     Full restitution is not ordered for the following reason(s):

☒     The sentence is within the guideline range, that range does not exceed twenty-four (24) months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐     The sentence is within the guideline range, that range exceeds twenty-four (24) months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐     upon motion of the government, as a result of defendant's substantial assistance.

☐     for the following reasons:

SIDNEY A. FL. WATER

| | |
|---|---|
| CLERK *Mo Ruprecht* | **PRESIDING** |
| CLERK | **COURT REPORTER/TAPE:** *P. Wilson* |
| INTERPRETER | **USPO** |
| ___ 45 - 10:00 P.M. | **COURT TIME:** |
| | **DATE:** JUL 2 8 1995 |

CR. No. *3-95-CR-087-D* DEFT. No. *1*

UNITED STATES OF AMERICA

§
§
§
§
§

v.

*Ronald Stephen Buchbaum*
Defendant's Name

*Floyd Clardy* AUSA

*Wm. Rankind* ☐
Counsel for Deft. Appt-(A), Retd-(R), FPD-(F)

## SENTENCING

☑ **ksen.** Sentencing held. ☐ Objections to PSI heard. ☐ Plea agreement accepted. ☐ Plea agreement NOT accepted.

☐ **kcphrg.** Change of plea hearing, deft withdraws plea of guilty. (kpstr.)

☐ . . . . . . Pre Sentencing Guidelines

☐ . . . . . . New Sentencing Guidelines (NSG) offense committed on or after (11/1/87). ☐ Departs Upward ☐ Departs Downward

☑ . . . . . . **Deft. placed on: Probation for** _____ *5* _____ months/years.

☐ . . . . . . **Deft. committed to custody of the AG/BOP to be imprisoned for a TOTAL term of** _____ months/years.

☐ . . . . . . **Deft. placed on: Supervised Released for** _____ months/years

☑ . . . . . . **Restitution ordered in the amount of** $ *42,247.72* **and/or Fine imposed in the amount of** $ *None* .

☑ **kdismcntgv.** Counts _____ dismissed on government's motion.

☐ . . . . . . Order dismissing original Indictment/Information to be entered upon government's written motion.

☑ . . . . . . SENTENCE TEXT: _____
*See J+C for specifics*

$ *50* . special assessment on Count(s) *1*
of ☐ Indictment ☑ Information ☐ Superseding Indictment ☐ Superseding Information.

☐ **kjytrl.** Trial set for: _____

☐ **ko.(bnd.)** Defts bond ☐ set ☐ reduced to $ _____ ☐ Cash ☐ Surety ☐ 10% ☐ PR

☐ **kosurr.** Deft ordered to surrender to U.S. Marshal on _____

☐ . . . . . . Deft ordered to surrender to the designated institution on _____

☐ **kowarr.** Deft failed to appear, bench warrant to issue.

☐ . . . . . . Bond ☐ continued ☐ revoked

☐ . . . . . . Deft Advised of his right to appeal.

☐ **kdapp.** Deft requests Clerk to enter notice of Appeal.

☐ . . . . . . Deft Custody/Detention continued.

☐ **kloc.(LC)** Deft REMANDED to custody. ☐ Court recommends incarceration at _____

OTHER PROCEEDINGS: _____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 28 1995
NANCY DOHERTY, CLERK
By_____
Deputy

Copy to: Minute Order Book

Sentfrm.cr 1/27/94

9



ORIGINAL

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUN 16 1995

NANCY DOHERTY, CLERK
By _____
Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 3-95:CR-087-D |
| | § | |
| RONALD STEPHEN BUCHBAUM | § | |

### O R D E R

ON THIS DAY came on to be heard RONALD STEPHEN BUCHBAUM'S Motion for Continuance; and the Court, after having considered the same, is of the opinion that said motion should be and the same is hereby in all respects:

_____ ✓ _____        AND IS
**(Granted)**

_____
**(Denied)**

Sentencing is reset for _Friday, July 28, 1995 at 9:00 a.m._

SIGNED AND ENTERED on this the _16th_ day of _June_, 1995.

_____
UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

■ 4 1995

NANCY DOHER□□ CLERK

By _____
        Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 3-95:CR-087-D |
| | § | |
| RONALD STEPHEN BUCHBAUM | § | |

### MOTION FOR CONTINUANCE

Defendant RONALD STEPHEN BUCHBAUM respectfully requests the Court to grant a continuance of sentencing in this case and, as grounds for this request, avers as follows:

#### I.

Sentencing is currently set for June 23, 1995.

#### II.

Defendant's attorney is scheduled to begin trial on June 15, 1995 in the United States District Court for the District of Rhode Island in a case styled <u>United States v. Charles S. Christopher, et al.</u>, No. 93-041-B.

#### III.

It has been estimated by the Government that the trial will take approximately four weeks and, possibly, longer.

#### IV.

This continuance is not sought for delay but only that justice may be served.

WHEREFORE, Defendant respectfully requests the Court to grant a continuance of sentencing in his case.

Respectfully submitted,

RAVKIND & RAVKIND, P.C.

WILLIAM M. RAVKIND
State Bar No. 16587300
8117 Preston Rd., Suite 520
Dallas, Texas 75225
(214) 265-7151

## CERTIFICATE OF CONFERENCE

The undersigned has conferred with Assistant U.S. Attorney, Floyd Clardy, and he advises he has no objections.

WILLIAM M. RAVKIND

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been delivered by U.S. First Class mail to Floyd Clardy, Assistant U.S. Attorney, 1100 Commerce St., Third Floor, Dallas, Texas 75242-1699 on this 14th day of June, 1995.

WILLIAM M. RAVKIND

2

ORIGINAL

FIL[ED]

APR - 7 1995

NANCY DOHERTY, CLERK

By _____
        Deputy

U.S. DIST[RICT]
NORTHERN DIST[RICT] OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:95-CR-087-D |
| VS. | § | |
| | § | |
| RONALD STEPHEN BUCHBAUM, | § | |
| | § | |
| Defendant. | § | |

## SENTENCING SCHEDULING ORDER

The probation officer shall furnish the presentence report
("PSR") to the court, defendant, defendant's counsel, and the
attorney for the government, before noon, on __May 12, 1995__.
The sentencing hearing shall be conducted on __Friday, June 23,
1995__ at 9:00 a.m.

Within 14 days after receiving the PSR, the parties shall
deliver to the court, the probation officer, and the opposing
party any objections to the PSR, which objections shall be in
writing, or a written statement adopting the PSR.

Not later than 15 days before the sentencing hearing, the
probation officer shall furnish to the court, defendant,
defendant's counsel, and the attorney for the government, any
revisions and addendum to the PSR.

Not later than 7 days before the sentencing hearing, the
parties shall deliver to the court, the probation officer, and
the opposing party any objections to the addendum, which
objections shall be in writing.

All written materials--other than objections to, or statements adopting, the PSR--submitted on behalf of defendant, including character and other supporting letters and any sentencing memoranda, shall be due no later than the deadline for filing written objections to the presentence report.

**SO ORDERED.**

April ___7___, 1995.

                                           SIDNEY A. FITZWATER
                                           UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

# SIDNEY A. FITZWATER

HON. _____, Presiding
DEPUTY CLERK *Mo Rupcich*                           COURT REPORTER/TAPE *P. Wilson*
LAW CLERK _____                           USPO _____
INTERPRETER _____                         COURT TIME: _____
            A.M. *9:30 -*   P.M. _____            DATE: **APR 7 - 1995**
                 *9:50*
            CR. No. *3:95-CR-087-D*      DEFT No. ( )

UNITED STATES OF AMERICA          §      *F. Clark*                    AUSA
                                  §
v.                                §
                                  §
*Ronald Stephen Buchbaum*         §      *Billy Ravkind*          ☐
Defendant's Name                         Counsel for Deft. Apptd-(A), Retd-(R), FPD-(F)

## ARRAIGNMENT / REARRAIGNMENT

| | | |
|---|---|---|
| ☑ | . . . . . | Defendant SWORN. |
| ☑ karr. | | Arraignment  ☐ Krearr.  Rearraignment - Held on count(s) __1__ |
| | | of the __1__ count(s) ☐ Indictment ☑ Information ☐ Superseding Indictment ☐ Superseding Information. |
| ☑ | . . . . . | New Sentencing Guidelines (NSG) offense committed on or after (11/1/87). |
| ☑ kpl. | | Deft enters a plea of  ☐ ngpl. (not guilty) ☑ gpl. (guilty) ☐ nolopl. (nolo) |
| ☐ | . . . . . | Consent to proceed before U.S. Magistrate Judge on misdemeanor case. |
| ☐ | . . . . . | Waiver of Jury Trial |
| ☑ kwvindi. | | Waiver of Indictment, filed, *previously* . |
| ☐ | . . . . . | Plea Agreement accepted.   ☐ Court defers acceptance of Plea Agreement. |
| ☑ kplag. | | Plea Agreement filed *previously on 3-30-95* (see agreement for details). ☐ . . . . . No Plea Agreement. |
| ☐ | . . . . . | Plea Agreement included with Factual Resume. |
| ☑ kfacres. | | Factual Resume filed *previously on 3-30-95* |
| ☑ ksen. | | Sentencing set *Fri 6-23-95* at *9:00* a.m./p.m. |
| ☐ kjytrl. | | Trial set for _____ at _____ a.m./p.m. |
| | | Pretrial motions due: _____ . Discovery motions/Government Responses due: _____ |
| ☐ | . . . . . | Order for PSI, Disclosure Date and Setting Sentencing entered. |
| ☐ kwvpsi. | | PSI waiver filed. ☑ PSI due: *5-12-95* . ☐ Presentence Referral Form to: *Prob. Present* |
| ☐ ko.(bnd.) | | Defts bond ☐ set ☐ reduced to $ _____ ☐ Cash ☐ Surety ☐ 10% ☐ PR |
| ☐ kowarr. | | Deft failed to appear, bench warrant to issue. |
| ☑ | . . . . . | Bond ☑ continued ☐ forfeited |
| ☐ | . . . . . | Deft Custody/Detention continued. |
| ☐ kloc.(LC) | | Deft REMANDED to custody. |

OTHER PROCEEDINGS: *Ct finds deft understands nature of charge. Ct finds deft compt to enter plea. Deft to go to U.S. Marshal's for processing.*

Copy to:     Minute Order Book                    :\data\wpfiles\forms\minutes\event.arr  (Rev. 2/95)

U. S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 7 1995
NANCY DOHERTY, CLERK
By _____ Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS

**F I L E D**

MAR 3 0 1995

NANCY DOHERTY, CLERK

By _____
                    Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. |
| | § | |
| RONALD STEPHEN BUCHBAUM | § | **3 - 95CR - 0 8 7 - D** |

### FACTUAL RESUME

### ELEMENTS OF THE OFFENSE

### 18 U.S.C. §152 AND 18 U.S.C. §2
(Bankruptcy Fraud)

1.  **That there existed a proceeding in bankruptcy;**

2.  **That certain property or assets belonged to the bankruptcy estate;**

3.  **That defendant concealed such property from the bankruptcy trustee, who was charged with control or custody of such property;**

4.  **That the defendant did so knowingly and fraudulently.**

### FACTS SUPPORTING PLEA

On or about August 8, 1991, Defendant RONALD STEPHEN BUCHBAUM filed a petition for voluntary Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, entitled, In re Ronald Stephen Buchbaum, Case No. 391-36226-HCA-7.  The Bankruptcy Case was a case under Title 11 of the United States Code.

On August 8, 1991, RONALD STEPHEN BUCHBAUM filed a petition for voluntary bankruptcy under Chapter 7 of the bankruptcy statute.  On or about August 13, 1991, BUCHBAUM, caused the amount of Forty-Two Thousand Two Hundred Forty-Seven Dollars and Seventy-Two Cents ($42,247.72), to be paid to the Dallas County Adult Probation Department (DCAPD) by cashier's check number 16175.  This $42,247.72 was an asset of BUCHBAUM's bankruptcy estate, in that, BUCHBAUM had both a legal and equitable interest

in the $42,247.72, both before, on, and after the date of August 8, 1991, when BUCHBAUM had filed his petition for a voluntary Chapter 7 bankruptcy.

On or about October 22, 1991, Defendant RONALD STEPHEN BUCHBAUM, filed his Schedules and Statements of Financial Affairs, with the United States Bankruptcy Court, regarding his petition for voluntary Chapter 7 bankruptcy. As a debtor, Defendant BUCHBAUM had a duty under §521 of the Bankruptcy Code to disclose all assets of his estate to the Trustee. However, BUCHBAUM knowingly and fraudulently concealed assets, that being the aforementioned $42,247.72 in cash, from the Trustee and from creditors by, among other things: (1) not disclosing it in any bankruptcy filings; (2) not providing information or documents to the Trustee disclosing his ownership of the cash; and (3) transferring the cash to the Dallas County Adult Probation Department.

The payee of the $42,247.72 was a creditor of Defendant RONALD STEPHEN BUCHBAUM and would have been recognized as such in his bankruptcy proceedings. Because the preferred creditors would have received a substantial payment in bankruptcy, the loss to the other creditors was less than $40,000.00. The offense amounted to bankruptcy fraud in its simplest form i.e., a preferential payment to a particular creditor.

AGREED TO AND SIGNED THIS 28th DAY OF MARCH, 1995

PAUL E. COGGINS
United States Attorney

RONALD STEPHEN BUCHBAUM
DEFENDANT

FLOYD CLARDY
Texas State Bar No. 04268010
Assistant United States Attorney
1100 Commerce Street, 3rd Floor
Dallas, Texas  75242
214/767-0951

WILLIAM M. RAVKIND
LAWYER FOR DEFENDANT

FACTUAL RESUME - PAGE 2



ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN  DISTRICT OF TEXAS

DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAR 3 0 1995

NANCY DOHERTY, CLERK

By _____

Deputy

--------------------------------

UNITED STATES OF AMERICA          *
                                  *
V.                                *    NO.3:94-CR-
                                  *
RONALD STEPHEN BUCHBAUM           *    3-95CR-087-D

## PLEA AGREEMENT

RONALD   STEPHEN   BUCHBAUM,   the   defendant   herein,   the

defendant's attorney, WILLIAM M. RAVKIND, and the United States of

America, agree as follows:

### RIGHTS OF THE DEFENDANT

1. RONALD STEPHEN BUCHBAUM understands his rights:

  a. to be represented by a lawyer;

  b. to plead not guilty;

  c. to have a trial by jury;

  d. to confront and cross-examine witnesses and to call
  witnesses in his defense; and

  e. against compelled self-incrimination.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. RONALD STEPHEN BUCHBAUM <u>waives</u> the right to trial by jury,

the right to confront and cross-examine witnesses, and pleads

<u>guilty</u> to Count one of the information, charging a violation of

Title 18, U.S.C. § 152, that being the concealment of assets from

a bankruptcy trustee.

PLEA AGREEMENT - Page 1

3

<u>SENTENCING</u>

3.   The maximum penalty the Court can impose is:

a. imprisonment for a period not to exceed five (5) years;

b. a fine not to exceed two hundred fifty thousand ($250,000,.00), or twice the pecuniary gain to RONALD STEPHEN BUCHBAUM or loss to the victim;

c. a mandatory term of supervised release of not less than two (2) years nor more than three (3) years must follow any term of imprisonment.  If RONALD STEPHEN BUCHBAUM violates the conditions of supervised release, RONALD STEPHEN BUCHBAUM could be imprisoned for the entire term of supervised release;

d. a mandatory special assessment of fifty dollars ($50.00) in each count; and

e. Defendant understands the Court may order restitution under Title 18 U.S.C. Section 3663.  Defendant agrees to make complete restitution to any damaged party, or their successor in interest, for the actual value of property taken in the criminal activity described in the indictment.

4.   The sentence in this case will be imposed by the court. There is no agreement as to what that sentence will be.  Sentencing is according to the Sentencing Reform Act of 1984, making the sentencing guidelines apply to this case.  RONALD STEPHEN BUCHBAUM has reviewed the guidelines and how they apply to this case with his lawyer, but understands no one can predict with certainty what guideline range will be applicable in this case until after a pre-sentence investigation has been completed and the Court has ruled on the results of that investigation.  RONALD STEPHEN BUCHBAUM will not be allowed to withdraw his plea if the applicable guideline range is higher than expected, or if the Court departs from the

applicable guideline range. RONALD STEPHEN BUCHBAUM fully understands that determination of the sentencing range or Guideline level, as well as the actual sentence imposed, is solely in the discretion of the Court.

### DEFENDANT'S COOPERATION

5.    RONALD STEPHEN BUCHBAUM shall cooperate with the Government, and the United States Attorney's Office, by acting at their direction, and by giving truthful and complete information and testimony in and concerning this case as well as RONALD STEPHEN BUCHBAUM's participation in and knowledge of other criminal activities. RONALD STEPHEN BUCHBAUM will submit to a polygraph examination, if requested. The government will advise the Court, through the Probation Department, of the extent of RONALD STEPHEN BUCHBAUM's cooperation.

6.    Upon demand, RONALD STEPHEN BUCHBAUM will submit a personal financial statement under oath and submit to interviews by the United States Attorney's Office regarding RONALD STEPHEN BUCHBAUM's capacity to satisfy any fines and restitution.

7.    RONALD STEPHEN BUCHBAUM agrees to deliver a check to the U.S. Attorney's office in the amount of fifty dollars ($50.00) payable to the U.S. District Clerk to satisfy the special assessment. The U.S. Attorney agrees to deposit the check with the U.S. District Clerk's office after the court sentences the Defendant.

### GOVERNMENT'S AGREEMENT

8.    The United States agrees that it will not further

PLEA AGREEMENT - Page 3

prosecute RONALD STEPHEN BUCHBAUM for any offense arising out of the investigation which resulted in the filling of this Information.

a.   The government agrees to recommend that RONALD STEPHEN BUCHBAUM receive the reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines, if he fully admits his involvement and role in this offense.   The government and RONALD STEPHEN BUCHBAUM agree that the Court will determine whether to apply this Guideline provisions to his sentence.

b.   RONALD STEPHEN BUCHBAUM reserves the right to argue for any sentence.   The government reserves the right of allocution under Federal Rule of Criminal Procedure 32(a).   The government agrees that it will not recommend a specific sentence to the Court.

c.   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state or local prosecuting authorities.

## REPRESENTATION OF COUNSEL

9.   RONALD STEPHEN BUCHBAUM has thoroughly reviewed all aspects of this case with his attorney and is fully satisfied with his lawyer's legal representation.

## FACTUAL RESUME

10.   The factual resume in this case is true and correct and will be submitted to the Court as evidence.

## VOLUNTARY PLEA

11.   This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those

PLEA AGREEMENT - Page 4

set forth in this plea agreement. There have been no representations or promises from anyone as to what sentence this Court will impose.

## VIOLATION OF PLEA AGREEMENT

12. The Defendant agrees that if he violates any provision of this Plea Agreement, the United States may declare this Plea Agreement void, and RONALD STEPHEN BUCHBAUM will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crimes or offenses contained in or related to the Indictment filed in this case, as well as, perjury or obstruction of justice. If RONALD STEPHEN BUCHBAUM violates the Plea Agreement, he understands that any later prosecution may be premised upon any information, statements or testimony provided by him and that such information, statements, or testimony, and all leads derived therefrom, may be used against him.

## WAIVER OF STATUTE OF LIMITATIONS

13. RONALD STEPHEN BUCHBAUM understands that if he violates his obligations under this Plea Agreement, the government will be free to prosecute him for any offense otherwise barred from being prosecuted because of the expiration of the applicable statute of limitations. Such prosecution must, however, be commenced by indictment or information within 180 days after the government sends RONALD STEPHEN BUCHBAUM written notice that the Plea Agreement has been violated.

## ENTIRETY OF AGREEMENT

14. This document is a complete statement of the agreement in

**PLEA AGREEMENT - Page 5**

this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this *28th* day of *March, 1995* ~~October, 1994.~~

PAUL E. COGGINS
United States Attorney

FLOYD CLARDY
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242
(214) 767-0951
Texas State Bar No. 04268010

RONALD STEPHEN BIRCHBAUM
Defendant

WILLIAM M. RAVKIND
Lawyer for Defendant

STEWART ROBINSON
Assistant United States Attorney
Deputy Chief, Criminal Division

PLEA AGREEMENT - Page 6

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS

FILED

MAR 3 0 1995

NANCY DOHERTY, CLERK

By_____ Deputy

UNITED STATES OF AMERICA    *
      *
V.       *   CRIMINAL NO. **3-95CR-087-D**
      *
RONALD STEPHEN BUCHBAUM    *

## WAIVER OF INDICTMENT

RONALD STEPHEN BUCHBAUM is accused of having knowingly and willfully concealed property or assets that belonged to a bankruptcy estate in case no. 391-36226-HCA-7. This was in violation of Title 18, United States Code, Section 152 and Title 18, United States Code, Section 2.

RONALD STEPHEN BUCHBAUM was advised of the nature of the charges against him and of his rights, and he waived prosecution by indictment and consents that the proceeding may be by information instead of indictment.

_____
RONALD STEPHEN BUCHBAUM
Defendant

_____
WITNESS

**WAIVER - Solo Page**

ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
       FILED

     MAR 3 0 1995

NANCY DOHERTY, CLERK
By _____
        Deputy
```

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| V. | * CRIMINAL NO. 3-95CR-087-D |
| | * |
| RONALD STEPHEN BUCHBAUM | * |

The United States Attorney Charges:

### COUNT 1
(18 USC § 152, 2)

On or about August 13, 1991, in the Northern District of Texas, the defendant RONALD STEPHEN BUCHBAUM, knowingly and fraudulently and with intent to defeat the provisions of Title 11, United States Code, did conceal from the bankruptcy trustee of the estate of RONALD STEPHEN BUCHBAUM, Case No. 391-36226-HCA-7, and from creditors in said bankruptcy proceedings, property belonging to the estate of RONALD STEPHEN BUCHBAUM, that is, the sum of $42,247.72.

In violation of Title 18, United States Code, Section 152, and 2.

PAUL E. COGGINS
United States Attorney

*Floyd Clardy*

FLOYD CLARDY
Assistant United States Attorney
Texas State Bar No. 04268010
1100 Commerce Street, Third Floor
Dallas, Texas  75242
(214) 767-0951

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN  DISTRICT OF TEXAS

DALLAS DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * |
| v. | * CRIMINAL NO. 3:95-CR-087-D |
| | * |
| RONALD STEPHEN BUCHBAUM (1) | * |

TO:  William M. Ravkind
     Attorney at Law
     8117 Preston Road, LB 32
     Dallas, TX  75225

### ARRAIGNMENT

TAKE NOTICE that the above entitled case has been set for **Arraignment** in said Court at 1100 Commerce, Room 15A7, Federal Building and U.S. Courthouse before Judge Sidney A. Fitzwater, on April 7, 1995 at 9:00 A.M.

### COPY OF INFORMATION ENCLOSED

DATE:     March 30, 1995

DARNECIA R. CAMPBELL
Criminal Paralegal Assistant
Office of the U.S. Attorney
1100 Commerce, Third Floor
Dallas, Texas  75242
(214) 767-0951

cc:  Court Room Deputy Clerk
     U.S. District Clerk
     U.S. Pretrial Services
     U.S. Probation
     Criminal Paralegal Assistant
     AUSA FLOYD CLARDY

# CERTIFICATE

THE STATE OF TEXAS

COUNTY OF Dallas County

I, JIM HAMLIN, CLERK OF THE DISTRICT COURT WITHIN AND FOR
THE STATE AND COUNTY AFORESAID, DO HEREBY CERTIFY
THAT AT THIS TIME OUR OFFICE IS UNABLE TO LOCATE FILE
CAUSE NUMBER <u>F90-04925.</u>
ENTITLED THE STATE OF TEXAS VS. <u>RONALD BUCHBAUM</u>.
THE WAREHOUSE WILL CONTINUE TO SEARCH FOR THIS FILE
AND YOU WILL BE NOTIFIED ONCE IT IS LOCATED.
THE FOLLOWING CERTIFIED COPIES ARE THE ONLY DOCUMENTS
IN OUR POSSESSION AT THIS TIME.
GIVEN UNDER MY HAND AND SEAL OF OFFICE IN DALLAS
COUNTY, TEXAS, THIS   <u>14TH</u>   DAY OF   <u>JUNE,   2005.</u>

JIM HAMLIN
DISTRICT CLERK
DALLAS COUNTY, TEXAS

BY: _____
DEPUTY
FELONY RECORDS

12 (Rev. 1/88)

## ORDER OF PROBATION WITHOUT ADJUDICATION OF GUILT

MINUTES OF THE 363rd Judicial _____ DISTRICT COURT _____ OF DALLAS COUNTY, TEXAS

NO. F90-04925-SW                                              24/133/1p

THE STATE OF TEXAS                              January _____ TERM, 19 91

VS.

Ronald Stephen Buchbaum                          May 23 _____, 19 91

### ORDER

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of    theft of property of the value of $20,000 or more, a 2nd degree felony, as charged in the indictment

and this cause being this day called for trial, the State appeared by her assistant Criminal District Attorney _____ Ray Cook
and the Defendant _____ Ronald Stephen Buchbaum
appeared in person and his counsel _____ Mark How
also being present and both parties announced ready for trial, and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendant entered his plea herein, the defendant was duly arraigned and in open Court pleaded _____ guilty _____ to the charge contained in the indictment; thereupon the defendant was admonished by the Court of the said consequences of the said plea and the range of punishment prescribed by law and that the Court was not bound by any recommendation of the prosecutor regarding punishment, and the Defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, and that he entered said plea freely and voluntarily, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing, and filed in the papers of the cause; and, the Court having heard the Defendant's waiver of the reading of the indictment, the defendant's plea thereto, the evidence submitted, and the argument of counsel, is of the opinion that the evidence submitted substantiates the defendant's guilt of the offense of      theft of property of the value of $20,000 or more, a 2nd degree felony, as charged in the indictment

and that said offense occurred on the 19th day of _____ May _____, 19 90 , and the Court being of the opinion that the best interests of society and the defendant will be served by deferring further proceedings without entering an adjudication of guilt;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the above named defendant be and is hereby placed on probation for a period of ___ 5 ___ YEARS AND IS ORDERED TO PAY A FINE IN THE AMOUNT OF $ 2000.00 , such period of probation to begin and be effective as of the 23rd day of _____ May _____, 19 91 , subject to the terms and conditions of probation this date imposed by law and by the Court and served upon the defendant by the Clerk of the Court.

Conditions of Probation are attached hereto and are incorporated for all purposes as a part of this Order.

Fine is to be PAID / PROBATEDxxx
Court Costs assessed $ 82.50

_____
JUDGE

Sitting for Honorable Faith Johnson
363rd Judicial District Court

This Order is entered pursuant to the provisions of Section 3d of Article 42.12, Code of Criminal Procedure of Texas, and is not a final adjudication of guilt.

# CONDITIONS OF PROBATION

THE STATE OF TEXAS

IN THE _363RD JUDICIAL_ DISTRICT COURT

Vs.

DALLAS COUNTY, TEXAS

RONALD STEPHEN BUCHBAUM

_May 23_ 19 _91_

CAUSE NO. _F9004925-SW_

REGULAR PROBATION

DEFERRED ADJUDICATION _XX_

SHOCK PROBATION

In accordance with the authority conferred by the Adult Probation and Parole Law of the State of Texas, you have been placed on probation on this date _May 23, 1991_ for a period of _5_ years. It is the order of this Court that you comply with the following conditions of probation:

(a) Commit no offense against the laws of this or any other State or the United States, and do not possess a firearm during the term of probation;

(b) Avoid injurious or vicious habits, and do not use marijuana, narcotics, dangerous drugs, inhalants or prescription medication without first obtaining a prescription for said substances from a licensed physician;

(c) Avoid persons or places of disreputable or harmful character, and do not associate with individuals who commit offenses against the laws of this or any other State or the United States;

(d) Obey all the rules and regulations of the probation department, and report to the Probation Officer as directed by the Judge or Probation Officer; to-wit:     by the 3rd Thursday of each month

(e) Permit the Probation Officer to visit you at your home or elsewhere, and notify the Probation Officer not less than twenty-four (24) hours prior to any changes in your home or employment address;

(f) Work faithfully at suitable employment as far as possible, and seek the assistance of the probation officer in your efforts to secure employment when unemployed;

(g) Remain within a specified place; to-wit: Dallas County, Texas, and do not travel outside Dallas County, Texas, without first having obtained written permission from the Court;

(h) Pay Court cost and a fine, if one be assessed, in one or several sums to the District Clerk of Dallas County, Texas;     pay through probation office

(i) Support your dependents;

(j) Pay a probation fee of $ _40.00_ per month to the Probation Officer of this Court on or before the first day of each month hereafter during probation;

SEE ATTACHED

You are hereby advised that under the law of this State, the Court shall determine the terms and conditions of your probation; and may at any time during the period of probation, alter or modify the conditions of your probation. The Court also has the authority at any time during the period of probation to revoke your probation, or proceed to adjudication, for violation of any of the conditions of your probation set out above.

Witness our Signatures this _23rd_ day of _May_ 19 _91_

_____
Probationer

_____
Judge

_____
Probation Officer

**CONDITIONS OF PROBATION ATTACHMENT**
**EXHIBIT "A"**

THE STATE OF TEXAS                    IN THE ___363RD JUDICIAL___ COURT

VS. ___RONALD STEPHEN BUCHBAUM___

DALLAS COUNTY, TEXAS

CAUSE NUMBER ___F9004925-SW___

( ) (x) Make restitution in the amount of $ ___4,031.75___ for the loss sustained by the injured party. Payments are to be paid through the probation officer of this court at the rate of $ ___700.00___ per month. First payment is due on or before ___June 15, 1991___ and a like payment is due on or before the first day of each month thereafter until paid in full.

( ) ( ) Reimburse Dallas County, Texas, in the amount of $ _____ for the services of a court-appointed attorney. Payments are to be paid through the probation officer of this court at the rate of $ _____ per month. First payment is due on or before _____ and a like payment is due on or before the first day of each month thereafter until paid in full.

( ) (1) Pay a fine in the amount of $ _____ through the District Clerk of Dallas County, Texas, at the rate of $ ___40.00___ per month. First payment is due on or before ___June 15, 1991___ and a like payment is due on or before the first day of each month thereafter untill paid in full.

( ) ( ) Attend Alcoholics Anonymous meetings at least _____ time(s) per week for a period of _____ days (week) (until further order of this court.) Attendance is to commence _____

( ) ( ) Make restitution in an amount to be determined at a later date of any loss sustained by the injured party(ies) in this case and such restitution is to be paid through the probation officer of this Court for the benefit of the injured party(ies).

( ) ( ) Comply with the directives of the Intensive Supervision Program conducted by the Dallas County Adult Probation Department; said directives are attached hereto as Exhibit B.

( ) ( ) Reimburse the Dallas County Sheriff Department in the amount of $ _____ for (extradition costs) (transportation costs) expended to return the defendant from _____ Payments are to be paid through the probation officer of this court at the rate of $ _____ per month. First payment is due on or before _____ and a like payment is due on or before the _____ of each month thereafter until paid in full.

( ) ( ) Within fifteen (15) or forty-five (45) days, the defendant shall seek _____ through an agency approved by this court, which offers said services, such as _____. If _____ is deemed necessary, the defendant shall abide by any and all treatment directives, comply with the rules and regulations of the approved agency, pay all costs incurred for such services and continue in said treatment until released by this Court.

( ) (x) The defendant will participate in the Community based program, Dallas Area Crime Stoppers Inc., by making a $25.00 monetary contribution payable through the probation officer of this Court on or before ___October 1, 1991___
$30.00

( ) ( ) Attend Alcoholics Anonymous meeting daily for a period of _____ days starting _____; thereafter, attendance is required at least _____ times per week pending further order of this court.

( ) ( ) Submit to a period of detention in _____ for a term of _____ days, starting _____

( ) (x) The defendant will submit to urinalysis at the request of a probation officer to determine illicit drug use.

( ) ( ) The defendant will obtain a General Equivalency Diploma (G.E.D.) or a High School Diploma on or before _____

( ) ( ) The defendant will have no contact with the complainant, _____ during the period of probation.

_____          _____
Probationer                              Judge

APD-A-2

F90-04925-W

29/53 


FILED
AUG 16 1991
BILL LONG
DIST. CLERK, DALLAS CO., TEXAS
_____ DEPUTY

| STATE OF TEXAS | X | IN 363RD CRIMINAL |
| VS. | X | DISTRICT COURT OF |
| RON BUCHBAUM | X | DALLAS COUNTY, TEXAS |

## MOTION TO RELEASE DEFENDANT FROM PROBATION

COMES NOW, RON BUCHBAUM, Defendant in the above entitled and numbered cause and would respectfully show to the Court as follows:

### I.

That he was sentenced to five (5) years deferred probation on the above numbered case, by this Honorable Court on May 23, 1991.

### II.

The Defendant has indicated through his conduct that he intends to remain a peaceful and law abiding citizen of this community.

### III.

The Defendant would show that he has complied with the conditions of his probation in every regard.

F90-04925-W

| | | |
|---|---|---|
| STATE OF TEXAS | X | IN 363RD CRIMINAL |
| VS. | X | DISTRICT COURT OF |
| RON BUCHBAUM | X | DALLAS COUNTY, TEXAS |

## ORDER RELEASING DEFENDANT FROM PROBATION

On this _15_ day of _August_, 19_91_, came on to be heard the Defendant's Motion to Release Defendant from Probation and it appears to the Court that this motion should be granted.

IT IS THEREFORE ORDERED THAT the Defendant's probationary period be modified and that said period be declared to have terminated and the Defendant be discharged from probation.

SIGNED this _15_ day of _August_ 19_91_.

_____
JUDGE PRESIDING

IV.

All restitution in this matter has been paid.

V.

The complainant, Aetna Insurance Co., has indicated that there is no objection to the Defendant's release from probation.

VI.

That because of the confidence the Defendant has that he will never again violate the law, he respectfully requests the Court to release him from probation.

Respectfully submitted,

JIM MOORE
3710 Rawlins, Suite 1310
Dallas, Texas 75219
(214) 521-5322
State Bar #14348575
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant's Motion to Release From Probation has been hand delivered to Larry Pittman, of Dallas County Adult Probation, on this the 15 day of August, 1991.

JIM MOORE