UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>                 Plaintiff,<br><br>        v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.,<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>                 Defendants. | Civil Action<br>No. 04 11402 NMG |

**CYCLE-CRAFT'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
NO. 4 RE: TESTIMONY ON BASIS FOR TERMINATION**

Cycle-Craft Co. Inc. d/b/a Boston Harley-Davidson/Buell ("Cycle-Craft") submits this memorandum in support of its motion in limine for an order precluding employees of the Harley-Davidson Motor Company, Inc. ("Harley-Davidson") from testifying about the basis for the termination of Cycle-Craft's franchise agreement based on their previous assertion of the attorney-client privilege.

The decision regarding what sanction to impose on Cycle-Craft for its alleged infractions was made at a single meeting attended by multiple Harley-Davidson executives, as well as Mr. Steven Verduyn, who coordinated the audit of Cycle-Craft's records, and Ms. Jennifer Kent, in-house counsel at Harley-Davidson. *See Supplemental Exhibit 4* (Malicki Dep.) at 143:13-144:22, 146:15-25; *Supplemental Exhibit 1* (Verduyn Dep. I) at 183:18-184:12, 185:2-8 to Plaintiff Cycle-Craft Co., Inc.'s Reply Memorandum of Law in Support of Its Motion for Summary Judgment. Given that one of Cycle-Craft's claims in this case is that the termination of its Dealer Contract was "in

bad faith or in an arbitrary or unconscionable manner" under §5(a) of Mass. Gen. Laws Ch. 93B, *see* Amended Complaint Count I, the basis for Harley-Davidson's decision to terminate is plainly a critical issue in this case.  However, Harley-Davidson employees uniformly invoked the attorney-client privilege during their depositions when questioned about the discussion regarding sanctions that transpired during the meeting in which the termination decision was reached.  *See, e.g. Exhibit 11* (Contois Dep.) at 99:4-13; *Exhibit 12* (Verduyn Dep. I) at 181:1-10, 183:18-184:12; *Exhibit 39* (Ostrom Dep.) at 77:11-78:5; *Exhibit 40* (Malicki Dep.) at 144:10-22 to Plaintiff Cycle-Craft Co., Inc.'s Memorandum of Law in Opposition to Harley-Davidson's Motion for Summary Judgment.

Because of this uniform assertion of privilege during discovery, no Harley-Davidson employee denied under oath that Cycle-Craft's protest threat was a basis for the termination decision.  This Court should preclude Harley-Davidson employees from now testifying at trial about the reasons for the decision to terminate Cycle-Craft and the substance of the discussions that took place at the meeting during which the termination decision was reached.[1]  Despite having sought the protection of the attorney-client privilege on the subject during discovery, Harley-Davidson offered affidavit testimony by Mr. Verduyn on summary judgment as evidence that its termination decision was "based solely on the contractual breaches by the dealership."  Defendants' Memorandum of Law

---

[1] The Court should allow Cycle-Craft's counsel to argue at trial that the fact finder should draw an adverse inference from the assertion of the privilege, namely, that the protest threat or other undisclosed reasons were the true basis for the termination decision. Under Massachusetts privilege law, applicable here under Fed. R. Evid. 501, it is well-settled that opposing counsel is permitted to comment upon the assertion of the attorney-client privilege by a witness for the other side.  *See* Paul J. Liacos, *Handbook of Massachusetts Evidence* § 13.4.9 (7th ed. 1999) ("Case law permits opposing counsel to comment upon a party's claim of the attorney-client privilege and to argue to the jury that the claim is an implied admission that the privileged matter would be harmful to the party's case.")

LIBA/1691398.2

in Support of Their Motion for Summary Judgment at 21. Such an abuse of the protections of the attorney-client privilege is prohibited under Massachusetts law and should not be countenanced at trial. *G.S. Enterprises, Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 270-71 (1991) ("a party may resist discovery on the basis of privilege, but may not at the same time rely on the privileged communications as evidence at trial"). *Cf. Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553, 576-77 (1st Cir. 1989) (holding that a defendant police officer who had invoked the Fifth Amendment and refused to answer questions about a shooting during a deposition in a civil rights action could not later testify at trial about the shooting).

If Harley-Davidson wished to waive privilege and permit its employees to testify about the reasons behind the decision to terminate Cycle-Craft, it was required to make that decision before raising the privilege as a bar to discovery. *See G.S. Enterprises*, 410 Mass. at 271 ("the party waiving the privilege generally should do so before he raises it as a bar to discovery, so as to allow his adversary sufficient time within which to discover the communications and information"). It is too late now for Harley-Davidson to change its mind. To allow Harley-Davidson employees to testify at trial about the reasons for terminating Cycle-Craft, after those employees' refusal to testify about the discussions related to that decision during discovery, would be patently unjust and would allow Harley-Davidson to misuse the attorney-client privilege as a tactical tool, to Cycle-Craft's prejudice.[2]

---

[2] In its summary judgment papers, Harley-Davidson claimed that "the privilege was properly invoked when Cycle-Craft improperly attempted to question witnesses about communications with Harley-Davidson's in-house counsel," Defendants' Memorandum in Further Support of Motion for Summary Judgment at 18, and that "Cycle-Craft did not and cannot cite a single question where a witness was asked (and was instructed not to answer) whether there were any other reasons" for the termination. *Id.* As explained in Cycle-Craft's Reply Memorandum of Law in Support of Its Motion for Summary Judgment,

3

LIBA/1691398.2

## CONCLUSION

Because of the invocation of the attorney-client privilege by Harley-Davidson employees when questioned during discovery about discussions related to the decision to terminate Cycle-Craft's Dealer Contract, Cycle-Craft requests that the Court prohibit Harley-Davidson employees from testifying about the decision to terminate at trial.

Respectfully submitted,

CYCLE-CRAFT CO., INC.

By its attorneys,

   /s/ James C. Rehnquist
James C. Rehnquist (BBO# 552602)
Christopher C. Nee (BBO# 651472)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

April 28, 2006

### CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 28, 2006.

   /s/ Christopher C. Nee

---

Cycle-Craft is not disputing whether the privilege was properly asserted, but rather the consequences of Harley-Davidson's invocation of the privilege. *See id.* at 9. Given that the decision to terminate was made at a single meeting at which counsel was present, after Harley-Davidson employees uniformly invoked the privilege in response to questions about the substance of the discussion at that meeting any further questioning on the topic would have been futile, as Harley-Davidson could not have selectively waived the privilege in further responses. *See id.* at 9-10.

4