United States District Court
District of Massachusetts

```
                                    )
CYCLE-CRAFT CO., INC., d/b/a        )
BOSTON HARLEY-DAVIDSON/BUELL        )
                                    )
         Plaintiff,                 )
                                    )   Civil Action No.
         v.                         )   04-11402-NMG
                                    )
HARLEY-DAVIDSON MOTOR COMPANY,      )
INC. and BUELL DISTRIBUTION         )
COMPANY, LLC                        )
                                    )
         Defendants.                )
                                    )
```

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is a motion by defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson"), in which they request the privilege of presenting their case first at a trial that is to begin on Monday, May 22, 2006.

Harley-Davidson contends that defendants should be permitted to proceed first because they carry the burden of proof on the core issue in dispute, namely, whether Harley-Davidson had "good cause" under Mass. Gen. Laws ch. 93B (hereinafter, "Chapter 93B") to terminate its franchise agreement with the plaintiff, Cycle-Craft Company, Inc. ("Cycle-Craft"). Defendants' motion is opposed by Cycle-Craft which asserts that it is entitled to

-1-

present its case first because it bears the burden of proof on three other issues in dispute, namely, whether Harley-Davidson 1) terminated the franchise agreement in bad faith, arbitrarily or in an unconscionable manner, 2) breached its contract with Cycle-Craft and 3) violated the covenant of good faith and fair dealing.

After consideration of the parties' contentions and the cases cited in support thereof, the Court will deny defendants' motion. Harley-Davidson cites no cases in which Chapter 93B was at issue and, in fact, the cases upon which it relies are inapposite because they all involve situations in which the defendant bore the entire burden of proof in the matter. Here, in contrast, Cycle-Craft bears the burden of proof on several issues and has cited a case directly supporting its position. See L-3 Commc'ns Corp. v. OSI Sys., Inc., 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) ("Where both parties bear the burden of proof on distinct counts ... the court has good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.'") (quoting Anheuser-Busch, Inc. v. John Labatt, 89 F.3d 1339, 1344 (8th Cir. 1996)).

**ORDER**

In accordance with the foregoing, Defendants' Motion in Limine Regarding Order of Proof (Docket No. 72) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: May 4, 2006