UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>　　　　　　　　Defendants. | CIVIL ACTION<br>NO. 04 11402 NMG |

**DEFENDANTS' OPPOSITION TO CYCLE-CRAFT'S MOTION IN LIMINE
NO. 2 RE: GROUNDS NOT CITED IN NOTICE OF TERMINATION**

Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson") hereby oppose Cycle-Craft's Motion *in limine* to preclude the submission of seven additional false sales reports that were discovered by Harley-Davidson during the course of discovery. As grounds for its opposition, Harley-Davidson states as follows:

　　1.　　On April 20, 2004, Harley-Davidson served a notice of termination on Cycle-Craft based on the submission of false sales reports for motorcycles that it had not actually sold at retail to customers and for the sale of motorcycles to persons other than retail customers. Specifically, the Notice of Termination ("NOT") stated that "termination of the Dealer Contracts is based upon: (1) Cycle-Craft's repeated submission of false sales reports and information to Harley-Davidson; (2) Cycle-Craft's repeated sale of Harley Davidson Products to non-retail purchasers; and (3) Cycle-Craft's failure to complete and maintain pre-delivery inspection reports and sales and warranty registration forms for new motorcycles sold by the dealership." A copy of the NOT is attached hereto as Exhibit A.

LITDOCS/639087.1

2.     There is no dispute that Harley-Davidson provided Cycle-Craft with the specific grounds for termination of its franchise. Contrary to the title of plaintiff's motion, there is also no dispute that Harley-Davidson is not adding "additional grounds" to the NOT.[1] Rather, it has discovered additional <u>evidence</u> in support of termination that it did not possess at the time of the NOT to support the grounds clearly set forth in the NOT.

3.     Importantly, in the NOT, Harley-Davidson did not limit itself to the submission of false sales reports that it had uncovered during its audit of the Cycle-Craft dealership. Indeed, Harley-Davidson advised Cycle-Craft that, among other things, "engaging in non-retail sales and submitting false sales reports, which reports appear designed to obtain an unfair allocation of Products and/or to conceal non-retail transactions" is a violation of the Dealer Agreement and is grounds for termination. <u>Exhibit A</u>, p. 2.

4.     Because there is no dispute that Harley-Davidson advised Cycle-Craft that it was terminating its franchise based on the submission of false sales reports, it may rely on evidence to support that decision, including evidence that was available as of the date of the NOT and evidence that was discovered during the course of discovery.[2] Although these additional false sales reports were not discovered during

---

[1] For example, Harley-Davidson is not now attempting to terminate Cycle-Craft based on deficient sales performance.

[2] The cases cited by plaintiff are plainly distinguishable. In *Bronx Auto Mall v. American Honda Motor*, 934 F.Supp. 596, 611 (S.D.N.Y. 1996), the Court held that "franchisors may defend terminations and non-renewals only on the grounds set forth in their notices." Similarly, the Court in *Carlo C. Gelardi Corp. v. Miller Brewing Co.*, 421 F. Supp. 237, 246, n.19 (D.N.J. 1976) "prohibit[ed] the assertion of additional reasons subsequent to the notice of termination." Here, because Harley-

(footnote continued to next page)

Harley-Davidson's February 2004 audit, all of the additional false sales reports were made by Cycle-Craft on July 31, 2003, which evidence a course of dealing on behalf of Cycle-Craft and are certainly germane to the issues in this case. It was not until Cycle-Craft produced a document during discovery entitled "July SWR Bikes" (attached hereto as Exhibit B) that Harley-Davidson discovered that Cycle-Craft had submitted seven additional false sales reports in violation of the Dealer Agreement.

5.  It is ironic that Cycle-Craft attempted to hide these seven additional false sales from Harley-Davidson back in July 2003 and now is attempting to prevent Harley-Davidson from offering them into evidence at trial. To prove that it has good cause to terminate Cycle-Craft, Harley-Davidson should be allowed to offer evidence that Cycle-Craft materially breached the Dealer Agreement by submitting such false sales reports.

6.  To prevent Harley-Davidson from offering such evidence would be unduly prejudicial, especially since Cycle-Craft has been aware of these seven additional false sales since July 2003 but elected not to disclose them to Harley-Davidson until they were unearthed during discovery. Under 93B, such evidence is certainly "pertinent" to whether Harley-Davidson has good cause for termination.

7.  In any event, Cycle-Craft seems to forget that it has also filed a breach of contract claim against Harley-Davidson. To defend against this claim, Harley-Davidson has the right to introduce evidence that Cycle-Craft materially breached the Dealer Agreement, which is a complete defense to a breach of contract claim.

---

(footnote continued from previous page)

Davidson is not adding a new reason for termination, it may offer any evidence at its disposal to support the grounds that were set forth in the NOT.

LITDOCS/639087.1

*See Entzminger v. Ford Motor Co.*, 47 Wis.2d 751, 755, 177 N.W.2d 899 (1970) ("a material breach by one party to a contract excuses subsequent performance by the other party"); *Ward v. American Mut. Liab. Ins. Co.*, 15 Mass.App. 98, 100, 443 N.E.2d 1342, 1343 (1983) ("It is well established that a material breach by one party excuses the other party from further performance under the contract."). Thus, evidence of Cycle-Craft's submission of false sales reports (whether those reports were known at the time of the audit or discovered subsequent to the audit) may be offered by Harley-Davidson in defense of Cycle-Craft's claims.

For the foregoing reasons, Harley-Davidson requests that Cycle-Craft's Motion *In Limine* to Preclude the Submission of Additional False Sales Reports be denied.

                              Respectfully submitted by,

                              **Harley-Davidson Motor Company, Inc., and Buell Distribution Company, LLC**

                              By their attorneys,

                              ___/s/ William F. Benson___
                              William N. Berkowitz, BBO# 544148
                              William F. Benson, BBO# 646808
                              BINGHAM McCUTCHEN LLP
                              150 Federal Street
                              Boston, MA 02110
                              Ph: (617) 951-8000
                              Fx: (617) 951-8736

Dated: May 5, 2006

LITDOCS/639087.1