UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>Plaintiff,<br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>Defendants. | CIVIL ACTION<br>NO. 04 11402 NMG |

## DEFENDANTS' OPPOSITION TO CYCLE-CRAFT'S MOTION IN LIMINE NO. 4 RE: TESTIMONY ON BASIS FOR TERMINATION

Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson") hereby oppose Cycle-Craft's Motion *in limine* to exclude testimony concerning Harley-Davidson's Basis for terminating Cycle-Craft's franchise. As grounds for its opposition, Harley-Davidson states as follows:

1. Contrary to plaintiff's contentions, defense counsel did not prevent Cycle-Craft's counsel from inquiring into any witness's understanding of the bases for Harley-Davidson's decision to terminate Cycle-Craft's Dealer Agreement. Rather, Harley-Davidson's counsel did object to disclosing privileged communications between witnesses and counsel during the course of a meeting at which the prospective notice of termination was discussed. That distinction is important. While the plaintiff may not obtain disclosure of privileged communications between Harley-Davidson employees and company counsel, Cycle-Craft's counsel always remained free to ask any witness about why (in the view or

understanding of the witness) Harley-Davidson seeks to sever its business relationship with Cycle-Craft.

2.  Counsel for Cycle-Craft chose not to ask Harley-Davidson witnesses such questions, but instead focused on communications during the referenced meeting attended by company counsel, Jennifer Kent. Given Ms. Kent's participation in the meeting, witnesses were properly instructed not to discuss any exchanges with Ms. Kent that took place during the meeting, but were otherwise permitted to testify as to what was discussed. *See, e.g.,* Deposition of Jon Flickinger ("Flickinger Dep."), pp. 221-222 ("Well, what I'm going to do is instruct you not to disclose any advice of counsel or any request of counsel during this meeting."); p. 227 ("Well, again, excluding any solicitation of advice of counsel or comments of counsel [you are free to testify concerning events that transpired].").[1] Defense counsel's instructions in this regard were proper, and have never been challenged by motion to compel in this case. *See North Pacifica LLC v. City of Pacifica,* 274 F.Supp.2d 1118, 1128 (N.D. Cal. 2003) ("the key question . . . is whether any particular communication made during the closed sessions of the City Council, with legal counsel present, was related primarily to the seeking of legal advice. If so, then that communication is privilege . . ."). Here, there is no also basis to permit Cycle-Craft to argue for an adverse inference based on the valid assertion of the attorney-client privilege.

3.  Consistent with counsel's instruction, witnesses were permitted to testify regarding non-privileged communications during the subject meeting. For example, Jon

---

[1] Excerpts from the deposition of Mr. Flickinger are attached hereto as Exhibit A.

Flickinger, Harley-Davidson's senior-most representative at the meeting testified as follows:

> Q: And what do you recall being discussed about that -- about whether the activity would warrant termination?
>
> A: I think it was a fairly fair conclusion that the level of non-retail sales activity -- we had no choice but to issue termination notice.
>
> Q: Why?
>
> A: Because of the large number involved and the -- large number involved but also the type -- you know, the clear falsification of documents, um, miss reporting of actual customer names and addresses, um, failure to submit, you know, proper SWR registration information.

Flickinger Dep., pp. 234-35. Thereafter, Cycle-Craft's counsel chose not to ask further questions regarding the grounds for termination.

4. Cycle-Craft states that "no Harley-Davidson employee denied under oath that Cycle-Craft's protest threat was a basis for the termination decision." Memorandum, p. 2. However, Cycle-Craft never asked that question at the deposition of any Harley-Davidson representative.

5. As noted above, Cycle-Craft never filed a motion under Fed.R.Civ.P. 37 seeking to compel testimony from Harley-Davidson based on any alleged improper instruction not to answer. Having failed to raise the issue during the discovery period in this case, plaintiff has effectively waived the right to now seek preclusion, a sanction which is reserved under Rule 37(b)(2) for failure "to obey an order to provide or permit discovery," and no such failure has been (or could be) claimed in this case.

For the foregoing reasons, Harley-Davidson requests that Cycle-Craft's Motion *In Limine* to Preclude Testimony Regarding its Bases for Termination be denied.

- 4 -

                              Respectfully submitted by,

**Harley-Davidson Motor Company, Inc., and Buell Distribution Company, LLC**

By their attorneys,

    /s/ William F. Benson
William N. Berkowitz, BBO# 544148
William F. Benson, BBO# 646808
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Fx: (617) 951-8736

Dated: May 5, 2006