UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                    )
CYCLE-CRAFT CO., INC.                               )
d/b/a BOSTON HARLEY-DAVIDSON/BUELL,                 )
                                                    )
                              Plaintiff,            )
v.                                                  )      CIVIL ACTION
                                                    )      NO. 04 11402 NMG
HARLEY-DAVIDSON MOTOR COMPANY, INC.                 )
and BUELL DISTRIBUTION COMPANY, LLC,               )
                                                    )
                              Defendants.            )
_____            )

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51 and the Court's April 6, 2006 Procedural Order, Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson"), hereby request that the Court include the attached instructions in its charge to the jury in this matter. Each proposed instruction is set forth on a separate page for ease of reference. Harley-Davidson reserves the right to submit revised and supplemental instructions as appropriate at the close of the evidence.

**Harley-Davidson Motor Company, Inc.,**
**and Buell Distribution Company, LLC**

By their attorneys,


_____s/ William F. Benson_____
William N. Berkowitz, BBO# 544148
William F. Benson, BBO# 646808
David M. Magee, BBO# 652399
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Dated: May 15, 2006          Fx: (617) 951-8736

**Defendants' Proposed Jury Instruction No. 1**
**(General Introduction to Parties and Claims)**

Cycle-Craft Co. Inc., d/b/a Boston Harley-Davidson ("Cycle-Craft") asserts claims against Defendants Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC ("Harley-Davidson") for violation of Chapter 93B of the Massachusetts General Laws, which I will refer to as "Chapter 93B," and breach of the 2000 Harley-Davidson Dealer Contract.

I will explain to you the law that governs each of these claims in my instructions.

**Defendant's Proposed Jury Instruction No. 2**
**(Role of Jury)**

The evidence and arguments in this case have been completed and I will now instruct you as to the law applicable to this case and as to your role as the finders of fact. It is your duty to follow all of the instructions I give you. Do not single out one instruction as stating the law, but consider the instructions as a whole.

You must not question any rule of law stated by me in these instructions. Regardless of any opinion you may have as to what the law ought to be, you must base your verdict upon the law given by me.

Nothing I say in these instructions indicates that I have any opinion about the facts. It is your duty to determine the facts from the evidence in this case. You are the sole and exclusive judge of the facts. You are to apply the law given to you in these instructions to the facts and, in this way, decide the issues that I present to you.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.[1]

---

[1]    Federal Jury Practice and Instructions, 5th Ed. (2000), § 103.01.

**Defendants' Proposed Jury Instruction No.  3**
**(All Persons Equal Before the Law)**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations, and other organizations stand equal before the law and are to be treated as equals.  All corporations are treated equal, regardless of the size of either corporation.  The different sizes of the corporations involved must not affect your decision, regardless of your views on the size of Harley-Davidson versus Cycle-Craft, as both Harley-Davidson and Cycle-Craft are equal before the law.[2]

---

[2]    Federal Jury Practice and Instructions, 5th Ed. (2000), § 103.11; Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instruction 2.2 (2000).

**Defendants' Proposed Jury Instruction No.  4**
**(Consideration of Evidence)**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, both those called in the case and those reviewed through depositions, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.

During the course of trial, it often becomes the duty of counsel to make objections and for the court to rule on them in accordance with the law.  The fact that counsel made objections should not influence you in any way.  You are to disregard any evidence to which I sustained an objection or which I ordered stricken.[3]

---

[3]     Federal Jury Practice and Instructions, 5th Ed. (2000), § 103.30.

**Defendants' Proposed Jury Instruction No. 5**
**(Consideration of Evidence: Corporate Agents and Employees)**

Under the law, a corporation is a person. A corporation can only act through natural persons such as its agents or employees. Cycle-Craft therefore acts through its various employees, include its managers and sales personnel. Similarly, Harley-Davidson acts through its representatives. A corporation is responsible for the acts of its employees and agents, and their acts and declarations bind the corporation by their acts if they are within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation. Therefore, the actions of Cycle-Craft's managers and sales personnel, and any other employee, are considered the actions of Cycle-Craft. Similarly, the actions of Harley-Davidson's representatives are considered the actions of Harley-Davidson.[4]

---

[4] Federal Jury Practice and Instructions, 5th Ed. (2000), § 103.31; Manual of Model Civil Jury Instructions for the Ninth Circuit, Instruction No. 6.2 (1997).

**Defendants' Proposed Jury Instruction No. 6**
**(Evidence)**

There are two types of evidence: direct and circumstantial. Direct evidence is the testimony of a person who claims to have personal knowledge of the disputed facts, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact. Generally, the law makes no distinction between direct and circumstantial evidence. The law also generally makes no distinction between the weight to be given either direct or circumstantial evidence, and both should be given weight in arriving at your verdict. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

The evidence in this case consists of the sworn testimony of the witnesses, deposition testimony, including video deposition, and the exhibits received in evidence. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits that you feel are justified in light of your observations and common experiences. In other words, you may rely on your common sense to draw such reasonable inferences and conclusions from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.[5]

---

[5]     Federal Jury Practice and Instructions, 5th Ed. (2000), § 104.05, 104.20.

**Defendants' Proposed Jury Instruction No. 7**
**(Evidence admitted for limited purpose)**

You will recall that during the course of the trial, I instructed you that certain evidence was admitted for a limited purpose, and I instructed you that you may consider some testimony or exhibits as evidence against one party but not against another.   You must consider this evidence only for that limited purpose and for no other.[6]

---

[6]     Federal Jury Practice and Instructions, 5th Ed. (2000), § 102.40.

**Defendants' Proposed Jury Instruction No. 8**
**(Types of Evidence: Deposition Testimony)**

During the trial, certain testimony was presented to you through a deposition. The deposition testimony consisted of the sworn, recorded answers to questions asked of witnesses in advance of trial. Some deposition testimony was videotaped; in other cases portions of a witness's testimony were read to you. If a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition either in writing or by videotape. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony, and in some cases a videographer was present and taped the testimony. The testimony of these witnesses is entitled to the same consideration as if the witness had been present and had testified from the witness stand in open court.[7]

---

[7] Federal Jury Practice and Instructions, 5th Ed. (2000), § 105.02; Modern Federal Jury Instructions 74-14 (Matthew Bender 1996); Fifth Circuit Pattern Jury Instruction 2.23 (1996).

**Defendant's Proposed Jury Instruction No. 9**
**(Credibility)**

You are the sole judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or the character of the testimony, or by evidence contrary to the testimony.  You may also take into account the witness's intelligence, ability and opportunity to observe, age, memory, manner while testifying, any interest, bias, or prejudice the witness may have including the manner in which the witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it.  People may forget some things or remember other things inaccurately.  Two or more persons seeing an event may see or hear it differently.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[8]

---

[8]    Federal Jury Practice and Instructions, 5th Ed. (2000), § 105.01.

**Defendants' Proposed Jury Instruction No. 10**
**(Impeachment)**

A witness may be discredited or impeached by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, which is inconsistent with the witness' present testimony.

Evidence that the witness has been convicted of a crime including a felony [ ], or a crime involving dishonesty or false statement regardless of the punishment, is also a factor you may consider in weighing the credibility of the witness.

If you believe that a witness has been impeached and thus discredited, it is your exclusive responsibility to give the testimony of that witness such credibility, if any, as you think it deserves.[9]

---

[9]    Federal Jury Practice and Instructions, 5th Ed. (2000), § 105.05.

**Defendants' Proposed Jury Instruction No. 11**
**(All Available Witnesses or Evidence Need Not be Produced)**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in this case, or who may appear to have some knowledge of the matters at issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.[10]

---

[10]   Federal Jury Practice and Instructions, 5th Ed. (2000), § 105.10.

**Defendants' Proposed Jury Instruction No. 12**
**(Burden of Proof: Preponderance of the Evidence)**

In a civil action, a party with the burden of proof must prove every essential element of its claims by a preponderance of evidence.  In this case, Cycle-Craft has the burden of proof with regard to certain claims and Harley-Davidson has the burden with respect to others.  If Cycle-Craft should fail to establish any element of any claim by a preponderance of the evidence, you must find for Harley-Davidson on that claim.  Similarly, if Harley-Davidson fails to establish any element of one of its claims by a preponderance of the evidence, you must find for Cycle-Craft.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  This standard does not require absolute certainty, since proof to absolute certainty is seldom possible.  If the evidence is so evenly balanced that you cannot tell on which side the weight of the evidence lies, then you must find for the party that does not have the burden of proof.

In determining whether any fact has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of whom may have produced them.[11]

---

[11]    Federal Jury Practice and Instructions, 5th Ed. (2000), § 104.01; Manual of Model Civil Jury Instructions for District Courts of the Ninth Circuit, Instruction No. 5.5 (1997).

**Defendant's Proposed Instruction No. 13**
**(Chapter 93B -- Definition of "Good Cause")**

I will now instruct you on Cycle-Craft's Chapter 93B claim.

Cycle-Craft claims that Harley-Davidson violated Chapter 93B because it did not have good cause to terminate its franchise agreement.  Under Chapter 93B, Harley-Davidson has the burden of proof to demonstrate, by a preponderance of the evidence, that it had good cause to terminate Cycle-Craft's franchise.[12]

Under Chapter 93B, a manufacturer, such as Harley-Davidson, acts with "good cause" if its actions are based on its "honest business judgment."[13]

---

[12]    M.G.L., ch. 93B, §5(m).

[13]    *Amoco Oil Co. v. Dickson,* 378 Mass. 44, 50 (1979) (defining "due cause" under analogous franchise statute as "good faith business judgment"); *Foreign Motors, Inc. v. Audi of America,* 755 F. Supp. 30, 35 (D. Mass. 1991) (following *Amoco,* "Audi had sound business reasons and sufficient 'good cause' to terminate FMI."); *Joyal v. Hasbro, Inc.,* 380 F.3d 14, 21, n.4 (1st Cir. 2004); *General GMC, Inc. v. Volvo White Truck Corp.,* 1987 WL 30965 at *3 (D. Mass. Nov. 19, 1987).

**Defendants' Proposed Instruction No. 14**
**(Chapter 93B -- Good Cause For Termination)**

If you find that Cycle-Craft failed to comply with or observe a provision of the franchise agreement that is material to the business relationship, you must find that Harley-Davidson had good cause to terminate the 2000 Harley-Davidson Dealer Contract.[14]  If you find that Cycle-Craft materially breached the 2000 Harley-Davidson Dealer Contract, you need not analyze any other factors in determining whether Harley-Davidson had good cause to terminate.[15]

---

[14]    M.G.L., ch. 93B, §5(h).

[15]    *Id.*

**Defendants' Proposed Instruction No. 15**
**(Materiality)**

Materiality is defined as whether a reasonable person would attach importance to the fact

or contract provision at issue.[16]

---

[16]   *See Rogen v. Ilikon Corp.,* 361 F.2d 260, 266 (1st Cir. 1966); *Zimmerman v. Kent,* 31
Mass.App.Ct. 72, 78 (1991).

**Defendants' Proposed Instruction No. 16**
**(Chapter 93B -- Good Cause For Termination)**

To determine if good cause exists, you shall consider "all pertinent circumstances."  In determining whether good cause exists, you may consider some or all of the following factors, but only if you consider them to be pertinent:

- the amount of business transacted by the Cycle-Craft during the past three years;

- the investment made and obligations occurred by Cycle-Craft to perform its obligations under the agreement;

- the permanency of Cycle-Craft's investment;

- whether it hurts or helps the public welfare for Cycle-Craft's franchise to be terminated;

- whether Cycle-Craft has adequate sales and service facilities, equipment, vehicle parts and qualified personnel to reasonably provide for the needs of its customers;

- whether Cycle-Craft has been and is rendering adequate service to the public; and

- the existence of and materiality of any breaches, defaults or violations of the      2000 Harley-Davidson Dealer Contract by Cycle-Craft.

If you do decide that any or all of these factors are not "pertinent" to the circumstances of this case, you are instructed not to consider them.  You may consider evidence of other factors not listed in these instructions, if you consider them pertinent to the circumstances of this case.[17]

---

[17]    M.G. L. ch. 93B, § 5(j)

**Defendants' Proposed Instruction No. 17**
**(Chapter 93B -- Bad Faith, Arbitrary, Unconscionable)**

Under Chapter 93B, Cycle-Craft has the burden of proof to show, by a preponderance of the evidence, that Harley-Davidson's decision to terminate was made in bad faith, or was arbitrary, or was made in an unconscionable manner.  M.G. L. ch. 93B, § 5(m).

Bad faith is defined as breach of a known duty through some motive of intention or ill will and partakes of the nature of fraud.[18]  Arbitrary is defined as selected at random and without reason.[19]  Unconscionable is defined as unscrupulous,[20] shockingly unfair or unjust.[21]

In this context, a manufacturer, like Harley-Davidson, acting honestly is entitled to latitude in making commercial judgments and it is only the egregious decision that should be labeled "arbitrary" or "unfair" or "unconscionable."[22]

Cycle-Craft must present facts that demonstrate, by a preponderance of the evidence, that Harley-Davidson's conduct was without reason or shockingly unfair to meet its burden.[23]  If it does not make this showing, you must find for Harley-Davidson with respect to this claim.

---

[18]  *Federal Deposit Ins. v. Holbrook & Johnston,* 36 Mass.App.Ct. 424, 428, n.5 (1994); *Ramos v. Board of Selectmen of Nantucket,* 16 Mass.App.Ct. 308, 314 (1983).

[19]  *Schott Motorcycle Supply, Inc. v. American Honda Motor Co.*, 976 F.2d 58, 63 (1st Cir. 1992) quoting Webster's New Collegiate Dictionary.  See also Air Line Pilots Ass'n v. O'Neil, 111 S.Ct. 1127, 1130 (1991).

[20]  Black's Law Dictionary, 8th Edition, Bryan A. Garner, 2004.

[21]  Merriam-Webster Online Dictionary.

[22]  *Coady Corp. v. Toyota Motor Distribution, Inc.,* 361 F.3d 50, 56 (1st Cir. 2004).

[23]  *Schott Motorcycle Supply, Inc. v. American Honda Motor Co., Inc.*, 976 F.2d 58, 63-64 (1st Cir. 1992).

**Defendant's Proposed Instruction No. 18**
**(Breach of Contract)**

I will now instruct you on Cycle-Craft's breach of contract claim.

A contract is an agreement that is legally binding on the parties who enter into it. This is true where a party fails to read a contract before signing it. A contract is breached when a party fails to perform or live up to the obligations that were promised by that party in the contract.

In order to prevail on its breach of contract claim, Cycle-Craft must prove the following elements by a preponderance of the evidence: (1) that there is a contract between Cycle-Craft and Harley-Davidson; (2) that Harley-Davidson materially breached the contract; and (3) that Cycle-Craft suffered damages as a result of Harley-Davidson's breach.[24]

Cycle-Craft and Harley-Davidson agree that that they have entered into a binding contract, namely, the 2000 Harley-Davidson Dealer Contract. Thus, you are being asked to determine whether Harley-Davidson "breached" the 2000 Dealer Contract and whether Cycle-Craft suffered damages caused by the breach.

---

[24] *See Case Credit Corp. v. Stephens & Michaels Associates, Inc.,* 2005 WL 1154262 at *2 (E.D. Wis. April 28, 2005) *citing Steele v. Pacesetter Motor Cars, Inc.,* 267 Wis.2d 873, 880, 672 N.W.2d 141 (Wis.Ct.App. 2003); *Howe v. Fiduciary Trust,* 2001 WL 497104 at*3 (Mass. Super. April 19, 2001) citing *Singarella v. City of Boston,* 342 Mass. 385, 387 (1961).

**Defendants' Proposed Jury Instruction No. 19**
**(Defenses to Breach)**

A refusal or failure to perform may not be a breach of contract where there is a legal reason not to perform.[25]  Legal reasons are called "defenses."  Harley-Davidson asserts a defense to Cycle-Craft's breach of contract claim based on Cycle-Craft's material breach of the 2000 Harley-Davidson Dealer Contract.  Harley-Davidson has the burden of proof on such defense.  If you find that Cycle-Craft materially breached the 2000 Dealer Contract, such finding excuses Harley-Davidson from further performance under the contract.[26]

---

[25]  *Realty Developing Co. v. Wakefield Ready-Mixed Concrete Co.,* 327 Mass. 535, 537 (1951).

[26]  *Entzminger v. Ford Motor Co.,* 47 Wis.2d 751, 755, 177 N.W.2d 899 (1970); *Management Comp. Serv. v. Hawkins,* 206 Wis.2d 158, 183, 557 N.W.2d 67 (1996); *Metropolitan Sewerage Comm'n v. R.W. Constr.,* 72 Wis.2d 365, 387, 241 N.W.2d 371 (1976); *Ward v. American Mut. Liab. Ins. Co.,* 15 Mass.App. 98, 443 N.E.2d 1342, 1343 (1983).

**Defendants' Proposed Jury Instruction No. 20**
**(Implied Covenant of Good Faith and Fair Dealing)**

There is an implied obligation of good faith and fair dealing between the parties to any contract.  Good faith is defined as "honesty in fact in the conduct or transaction concerned."[27]

The implied covenant of good faith and fair dealing means that neither party may do anything in bad faith that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract.[28]  If a party acts in a way that violates the implied covenant of good faith and fair dealing, then that party has breached the contract and can be liable for damages resulting from that breach.

---

[27]  M.G.L. ch. 106, § 1-201.

[28]  *See Anthony's Pier Four, Inc. v. HBC Assoc.* , 411 Mass. 451, 471-72 (1991); *Estate of Chayka,* 47 Wis.2d 102, 108-09 (1970); *Custom Products Corp. v. Intermet Corp.,* 170 F.Supp. 2d 853, 860-61 (E.D. Wis. 2001).

**Defendants' Proposed Jury Instruction No. 21**
**(General Damages Instruction)**

I will now instruct you on the issue of damages.  You should not interpret the fact that I am instructing you about damages as any indication of whether Cycle-Craft is entitled to any damages in this case.  That is for you to decide based upon the evidence you have heard and my instructions.

In this case, Cycle-Craft claims that it was wrongfully required to pay $24,660.95 in "chargebacks" assessed by Harley-Davidson as part of its April 20, 2004 Notice of Termination. Harley-Davidson contends the sums were properly assessed against Cycle-Craft.  Your assessment of damages should be limited to the determination of any such improper chargebacks. You should not assess any damages based upon any prospective or future termination of the 2000 Harley-Davidson Dealer Contract.

If you find for Cycle-Craft as to its claim for breach of contract only, you must determine its damages, if any.  Cycle-Craft has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.[29]

---

[29]  Federal Jury Practice and Instructions, 5th Ed. (2000), § 129.01; Ninth Circuit Pattern Jury Instruction No. 7.1 (1997).

**Defendants' Proposed Jury Instruction No. 22**
**(Contract Damages – Computation)**

Damages must be proved with a reasonable degree of certainty. Thus, damages cannot be speculative. Any damages that the Cycle-Craft claims to have suffered, including any compensatory damages, must be computed by rational methods upon a firm factual basis. Therefore, any damages sought must be proven and not left to speculation.

In order to recover damages, a party must establish that its damages are ascertainable by reference to some definite standard, either of market value, established experience, or direct inference from known circumstances. However, a mathematical certainty in measuring damages is not a prerequisite for recovery.[30]

---

[30] *See Wallace Motor Sales v. Am. Motors Sales Corp.,* 780 F.2d 1049, 1062 (1st Cir. 1985); *Rombola v. Casindas,* 351 Mass. 382, 220 N.E.2d 919 (1966).