UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>Plaintiff,<br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>Defendants. | CIVIL ACTION<br>NO. 04 11402 NMG |

**DEFENDANTS' POSITION STATEMENT CONCERNING DEPOSITION
DESIGNATIONS OF MICHAEL STEVENS**

Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson"), intend to submit deposition designations of Michael Stevens, a third-party witness who lives in Florida and therefore cannot be subpoenaed to appear in person. Mr. Stevens was a sales person for DC Imports in July 2003 who had communications with the plaintiff, Cycle-Craft Co., Inc. ("Cycle-Craft") concerning DC Imports' purchase of 19 motorcycles from Cycle-Craft. Plaintiff has also made cross designations that it intends to submit at trial. Pursuant to the Court's instructions, Harley-Davidson hereby submits its position on the deposition designations that have been contested by the parties. Attached hereto at <u>Exhibit A</u> are the deposition designations proposed by the parties. Testimony highlighted in yellow has been objected to by Cycle-Craft. Testimony highlighted in blue has been objected to by Harley-Davidson.

A.  **Cycle-Craft's Objections to the Deposition Designations of Michael Stevens are Unfounded.**

1. Cycle-Craft objects to Page 6, Lines 19-23. This testimony simply confirms that Mr. Stevens understands that his testimony is being taken under oath and he is obligated to provide truthful testimony. Especially since his testimony will be presented by videotape deposition (instead of in person), this question and answer is relevant and should be presented to the jury.

2. Cycle-Craft objects to Page 13, Line 20 to Page Line 14, Line 10. This testimony concerns Mr. Stevens recollection of what DC Imports was going to do with the motorcycles it purchased from Cycle-Craft. Mr. Stevens testified that he lacked knowledge as to whether DC Imports actually consummated the sale of motorcycles to Harley-Davidson of Fort Lauderdale. However, testimony that DC Imports was "in the process of trying to sell" the motorcycles obtained from Cycle-Craft to Harley-Davidson of Fort Lauderdale is highly relevant and admissible.

3. Cycle-Craft objects to Page 24, Line 25 to Page 25, Line 12. In this designation, Mr. Stevens testifies concerning his conversation with Ron Buchbaum, Cycle-Craft's General Manager. It contains Mr. Stevens' important testimony that he told Mr. Buchbaum that DC Imports was the entity purchasing the motorcycles from Cycle-Craft. It is highly relevant and the form of the question is not unfair or inappropriate under the circumstances. It should be admitted.

4. Cycle-Craft objects to Page 33, Lines 5-9. Once again, in this designation, Mr Stevens testifies concerning his conversation with Ron Buchbaum. The testimony is highly relevant and important and the form of the question is not unfair or inappropriate under the circumstances. It should be admitted.

In sum, because the above-mentioned deposition designations are highly relevant, they should be presented to the jury. *See McLenaghan v. Billow,* 161 F.Supp. 835, 837 (D. Del. 1958, aff'd 260 F.3d 360 (3d Cir. 1958), *quoting* 4 Moore's Practice, pp. 2202-03 ("[objections] must be substantial and really affect the value of the deposition as evidence before they can be held to preclude the use of the deposition in whole or in part at the trial").

B. **Harley-Davidson Has Asserted Valid Objections to Certain Cross-Designations Designated by the Plaintiff.**

1. Harley-Davidson objects to Page 60, Line 12 to Page 66. This designation contains testimony concerning (i) how Mr. Stevens came to be employed by DC Imports, (ii) how he was paid by DC Imports, and (iii) the financial condition of DC Imports. None of this testimony is relevant to the issues being tried in this case. Further, these designations contain inadmissible hearsay testimony such as what Diane Cooke and Debra Lunsford told Mr. Stevens about DC Imports and his commission payments. This testimony should be excluded.

Respectfully submitted by,

**Harley-Davidson Motor Company, Inc., and Buell Distribution Company, LLC**

By their attorneys,

\_\_\_\_\_/s/ William F. Benson_____
William N. Berkowitz, BBO# 544148
William F. Benson, BBO# 646808
David M. Magee, BBO# 652399
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110
Ph: (617) 951-8000
Fx: (617) 951-8736

Dated: July 31, 2006

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on July 31, 2006.

                                            /s/ William F. Benson
                                            William F. Benson