UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYCLE-CRAFT CO., INC.<br>d/b/a BOSTON HARLEY-DAVIDSON/BUELL,<br><br>Plaintiff,<br><br>v.<br><br>HARLEY-DAVIDSON MOTOR COMPANY, INC.<br>and BUELL DISTRIBUTION COMPANY, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION
NO. 04 11402 NMG

## DEFENDANTS' POSITION STATEMENT CONCERNING DEPOSITION
## DESIGNATIONS OF DEBORAH LUNSFORD

Defendants, Harley-Davidson Motor Company, Inc. and Buell Distribution Company, LLC (collectively, "Harley-Davidson"), intend to submit deposition designations of Deborah Lunsford, a third-party witness who lives in Florida and therefore cannot be subpoenaed to appear in person. Ms. Lunsford was the Vice President of DC Imports in July 2003 who had communications with the plaintiff, Cycle-Craft Co., Inc. ("Cycle-Craft") concerning DC Imports' purchase of 19 motorcycles from Cycle-Craft. Plaintiff has also made cross designations that it intends to submit at trial. Pursuant to the Court's instructions, Harley-Davidson hereby submits its position on the deposition designations that have been contested by the parties. Attached hereto at Exhibit A are the deposition designations proposed by the parties. Testimony highlighted in yellow has been objected to by Cycle-Craft. Testimony highlighted in blue has been objected to by Harley-Davidson.

-2-

**A.    Cycle-Craft's Objections to the Deposition Designations of Deborah Lunsford are Unfounded.**

1.    Cycle-Craft objects to Page 5, Lines 14-18.    This testimony simply confirms that Ms. Lunsford understands that her testimony is being taken under oath and she is obligated to provide truthful testimony.    Especially since her testimony will be presented by videotape deposition (instead of in person), this question and answer is relevant and should be presented to the jury.

2.    Cycle-Craft objects to Page 10, Lines 8-11.    In this designation, Ms. Lunsford explains that she had to close DC Imports because of the transaction with Cycle-Craft.    Ms. Lunsford testified concerning her personal knowledge and it is certainly relevant to this matter.

3.    Cycle-Craft objects to Page 32, Lines 4-24.    Ms. Lunsford testifies concerning her understanding as to whether Cycle-Craft was aware that DC Imports was going to wholesale the 19 motorcycles it was purchasing from Cycle-Craft.    There is no objection to the form of the questions.    She testifies that she and other representatives of DC Imports advised Cycle-Craft that DC Imports was going to wholesale the motorcycles obtained from Cycle-Craft. The testimony is highly relevant and is not hearsay since it is being offered not for the truth of the statements but to show that Cycle-Craft was put on notice as to why DC Imports was buying the motorcycles.

4.    Cycle-Craft objects to Page 38, Lines 2-14, Page 39, Lines 2-4,  9-16, and 23-25.  Here, Ms. Lunsford testified concerning her conversation with Ron Buchbaum, Cycle-Craft's General Manager.    The testimony is plainly relevant to Cycle-Craft's efforts to falsify the documentation on the sale of motorcycles to DC Imports.  There is nothing improper about the form of the questions and the testimony should be allowed.

-3-

5.    Cycle-Craft objects to Page 51, Lines 12-19.  In this designation, Ms. Lunsford testifies concerning her personal knowledge about where the funds came from to purchase the 19 motorcycles from Cycle-Craft.  There is nothing improper about the form of the question and the testimony should be allowed.

6.    Cycle-Craft objects to Page 55, Lines 7-9.  Ms. Lunsford testifies concerning her understanding about why she needed to obtain 19 individual checks to purchase the motorcycles from Cycle-Craft.  There is no objection to the form of the question.  Such testimony is relevant and should be admitted.

7.    Cycle-Craft objects to Page 57, Line 9 to Page 62, Line 9.  In this designation, Ms. Lunsford testifies concerning her personal knowledge about the names of the 19 individuals that were provided to Cycle-Craft.  The testimony is necessary to show that the names used for the paperwork on the sale were employees of DC Imports and their relatives and friends.  There are no objections to the form of the questions.  Such testimony is relevant and should be allowed.

8.    Cycle-Craft objects to Page 94, Lines 6-13 and Page 96, Lines 3-24.  In this designation, Ms. Lunsford testifies that it was Mr. Buchbaum's idea to come up with the names of 19 individuals to circumvent the Harley-Davidson policy prohibiting dealer-to-dealer sales.  This testimony is highly relevant and is based on Ms. Lunsford's personal knowledge.  The form of the questions is not unfair or inappropriate under the circumstances.  It should be allowed.

9.    Cycle-Craft objects to Page 112, Line 9 to Page 116, Line 8 and Page 117, Line 6 to Page 118, Line 25.  In these designations, Ms. Lunsford is asked to testify concerning documents that were submitted by Cycle-Craft to this Court.  Ms. Lunsford essentially testifies that the representations made to this Court by Cycle-Craft were not true.  Throughout this testimony, Ms. Lunsford testifies concerning her personal

-4-

knowledge about the transaction between DC Imports and Cycle-Craft. The jury and the Court should be allowed to know that Cycle-Craft attempted to mischaracterize the transaction with DC Imports, and is certainly relevant to whether Harley-Davidson has good cause to terminate. Such testimony should be admitted into evidence.

10.    Cycle-Craft objects to Page 119, Line 14 to Page 120, Line 23. Ms. Lunsford testifies that (a) the only communications concerning the sale of the 19 motorcycles were between representatives of Cycle-Craft and representatives of DC Imports (b) her testimony was honest and truthful and (c) Mr. Buchbaum came up with the idea to come up with the names of 19 individuals to make the transaction appear to be a retail sale. This testimony is highly relevant and is based on Ms. Lunsford's personal knowledge. The form of the questions is not unfair or inappropriate under the circumstances. It should be allowed.

11.    Cycle-Craft objects to Page 183, Line 25 to Page 185, Line 1. This testimony is proper rebuttal testimony to the questions posed by Cycle-Craft. Ms. Lunsford confirms that it was Mr. Buchbaum's idea for her and DC Imports to come up with 19 names in order to purchase motorcycles from Cycle-Craft. The questioning is not improper and the testimony is highly relevant. It should be admitted into evidence.

In sum, because the above-mentioned deposition designations are highly relevant, they should be presented to the jury. *See McLenaghan v. Billow,* 161 F.Supp. 835, 837 (D. Del. 1958, aff'd 260 F.3d 360 (3d Cir. 1958), *quoting* 4 Moore's Practice, pp. 2202-03 ("[objections] must be substantial and really affect the value of the deposition as evidence before they can be held to preclude the use of the deposition in whole or in part at the trial").

-5-

**B.     Harley-Davidson Has Asserted Valid Objections to Certain Cross-Designations of the Plaintiff.**

1.     Harley-Davidson objects to (i) Page 47, Line 25 to Page 48, Line 2; (ii) Page 48, Lines 19-21; and (iii) Page 147, Lines 4-22.   In these designations, Ms. Lunsford invokes her Fifth Amendment right not to answer certain questions based on advice of counsel.  Such testimony is irrelevant and prejudicial.  It should be excluded.


                          Respectfully submitted by,

                          **Harley-Davidson Motor Company, Inc.,
                          and Buell Distribution Company, LLC**

                          By their attorneys,


                          _____/s/ William F. Benson_____
                          William N. Berkowitz, BBO# 544148
                          William F. Benson, BBO# 646808
                          David M. Magee, BBO# 652399
                          BINGHAM McCUTCHEN LLP
                          150 Federal Street
                          Boston, MA 02110
                          Ph:  (617) 951-8000
                          Fx:  (617) 951-8736

Dated:  July 31, 2006

## CERTIFICATE OF SERVICE

        I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on July 31, 2006.


                          _____/s/ William F. Benson_____
                          William F. Benson